IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| STRUDEL HOLDINGS LLC, | § § | Case No. 23-90757 (CML) |
| Debtor. | § § | |
| Tax I.D. No. 45-4115426 | § § | |
| In re: | § § § | Chapter 11 |
| AVR AH LLC, | § § | Case No. 23-90758 (CML) |
| Debtor. | § § | |
| Tax I.D. No. 46-3360148 | § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than July 31, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") respectfully state the following in support of this emergency motion (the "**Motion**"):

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order (the "**Order**") substantially in the form attached hereto: (a) directing procedural consolidation and joint administration of the Debtors' chapter 11 cases, and (b) granting related relief. The Debtors request that the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") maintain one file and

one docket for all of the jointly-administered cases under the case of Strudel Holdings LLC and that the cases be administered under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| STRUDEL HOLDINGS LLC and AVR AH LLC, | § § § | Case No. 23-90757 (CML) |
| Debtors.[1] | § § § § | (Jointly Administered) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AVR AH LLC (0148) and Strudel Holdings LLC (5426). The location of the Debtors' corporate headquarters and the Debtors' service address is: PO Box 4068, Aspen, CO 81612.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

3. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. 101 *et seq.* (the "**Bankruptcy Code**"), The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of the Debtor AVR AH LLC to reflect the joint administration of these chapter 11 cases and put creditors and parties in interest on notice that the cases have been consolidated and that the docket for Strudel Holdings LLC should be consulted with respect to all matters:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: (i) AVR AH LLC, Case No. 23-90758; and (ii) STRUDEL HOLDINGS LLC, Case No. 23-90757. **All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 23-90757.**

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution. The Debtors confirm their consent to the entry of a final order by the Court.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are Sections 105(a) and 342(c) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended and modified, the "**Bankruptcy Code**"), Rules 1005, 1015, and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Case Procedures**").

## BACKGROUND

7. On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code and commenced these chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors are affiliates under the Bankruptcy Code as they share a common ownership. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no official statutory committees have been appointed or designated by the Office of the United States Trustee.

8. Together, the Debtors filed these Chapter 11 Cases to liquidate the Aspen Valley Ranch owned by AVR AH Holdings, LLC through a controlled sale process with a stalking horse bidder designed to maximize value for all stakeholders. The Debtors simultaneously seek to

resolve their ongoing disputes with certain alleged secured creditors as part of these Chapter 11 Cases.

## BASIS FOR RELIEF

9. Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." *See* Fed. R. Bankr. P. 1015(b). Bankruptcy Local Rule 1015-1 provides for the joint administration of related chapter 11 cases.

10. Section 101(2)(B) of the Bankruptcy Code provides that an "affiliate" is a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with the power to vote by . .. an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." 11 U.S.C. § 101(2)(B). Charif Souki holds directly or indirectly 20 percent or more of the outstanding equity interests in each of the Debtors. Accordingly, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

11. Joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in the Chapter 11 Cases will affect all Debtor entities. The entry of an order directing joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee and all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency.

12. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. In addition, all creditors will benefit from the reduction in costs that will result from joint administration.

13. The use of the simplified caption proposed herein, without reference to their respective tax identification numbers and other detail specified by Section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. The names of each Debtor and their tax identification number will be set forth in the footnote to the caption. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest and will be provided by the Debtors upon request, and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as made applicable to the Chapter 11 Cases. Therefore, the policies behind the requirements of Section 342(c) of the Bankruptcy Code and Bankruptcy Rules 1005, 1015, and 2002(n) have been satisfied.

## EMERGENCY CONSIDERATION

14. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i) and the Complex Case Procedures. An immediate and orderly transition into chapter 11 is critical to the viability of their operations and the success of the Chapter 11 Cases. Any delay in granting the relief requested could cause unnecessary confusion and undue administrative burden and the relief requested in this Motion will not prejudice any party in

interest. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## RESERVATION OF RIGHTS

15. Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of any Debtor's or any other party in interest's rights to dispute any claim on any grounds; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under Section 365 of the Bankruptcy Code; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion, or any order granting the relief requested by the Motion; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of any Debtor's estate; (f) a waiver of any Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) waiver of any claims or causes of action which may exist against any entity.

## NOTICE

16. The Debtors will provide notice to parties-in-interest, including: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the O'Connor Defendants; (d) counsel to the O'Connor Defendants; and (e) party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice is needed.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed Order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: July 27, 2023
Houston, Texas

                              Respectfully submitted,

*/s/ Joshua W. Wolfshohl*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Aaron J. Power (TX Bar No. 24058058)
Michael B. Dearman (TX Bar No. 24116270)
1000 Main St., 36th Floor
Houston, TX 77002
Tel: (713) 226-6000
Fax: (713) 226-6248
jwolfshohl@porterhedges.com
apower@porterhedges.com
mdearman@porterhedges.com

*Proposed Counsel for the Debtors and Debtors in Possession*

7

14103088v1

**CERTIFICATE OF ACCURACY**

I certify that the facts and circumstances described in the above pleading give rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

**CERTIFICATE OF SERVICE**

I certify that on July 27, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

14103088v1