

August 15, 2023

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

*Via ECF*

The Honorable Christopher M. Lopez
United States Bankruptcy Court
Southern District of Texas
515 Rusk Street, Courtroom 401
Houston, TX  77002

**David Litterine-Kaufman**

**E** dlitterinekaufman@orrick.com
**D** +1 212 506 3540
**F** +1 212 506 5151

> *Re:    In re: Strudel Holdings LLC, Case No. 23-90757 (CML); In re: AVR AH LLC,*
> *Case No. 90758 (CML) (together, the "Chapter 11 Proceedings");*
> *AVR AH LLC; Strudel Holdings LLC; Charif Souki; and Karim Souki, Christopher Souki,*
> *and Lina Rizzuto, as Trustees of the Souki Family 2016 Trust v. Ninteen77 Capital*
> *Solutions A LP; Bermudez Mutuari, LTD; Wilmington Trust National Association; and*
> *UBS O'Connor LLC, Adv. Pro. No. 23-09003) (the "Adversary Proceeding")*

Dear Judge Lopez:

We represent Nineteen77 Capital Solutions A LP, Bermudez Mutuari, Ltd. (the "Lenders"), and UBS O'Connor LLC (together with Wilmington Trust National Association, the "Secured Parties") in the above-referenced chapter 11 and adversary proceedings.  We write in advance of the status conference scheduled for this afternoon, to submit a proposed schedule for (i) the Adversary Proceeding and (ii) the Debtors' Motion Seeking Entry of an Order Precluding Certain Alleged Secured Parties from Submitting Credit Bids Pursuant to Sections 105(a) and 363(k) of the Bankruptcy Code (Case Nos. 23-90757 & 23-90758, at Dkt. 6) (the "Credit Bid Motion").[1]

Debtors initiated the Chapter 11 Proceedings on July 27, 2023.  That same day, Debtors also filed their complaint in the Adversary Proceeding (Adv. Pro. No. 23-9003, at Dkt. 1), as well as the Credit Bid Motion.  As explained in Debtors' Credit Bid Motion, "[t]he Adversary Proceeding seeks . . . disallowance of any claims held by the [Secured Parties] against the Debtors" and "[a]ccordingly, the Debtors have filed [the Credit Bid Motion] to preclude the [Secured Parties] from submitting a credit bid for the Ranch premised on alleged secured claims the Debtors believe should be disallowed."  Credit Bid Mot. at 2, ¶ 2; *see also id.* at 11, ¶ 26 (citing Debtors' "initiat[ion] of the Adversary Proceeding" as "cause . . . to preclude the [Secured Parties] from credit bidding").  On August 8, 2023, during a hearing on Debtors' proposed bidding procedures, the Court scheduled the hearing on the Credit Bid Motion for September 21, 2023.

---

[1]    Counsel for the Secured Parties and counsel for the Debtors and non-Debtor Plaintiffs met and conferred on August 10 and 14 but were unable to reach agreement on a schedule.



The Honorable Christopher M. Lopez
August 15, 2023
Page 2

The Secured Parties intend to submit motions to dismiss the Chapter 11 Proceeding and the Adversary Proceeding that the Secured Parties expect will dispose of these proceedings in the near term, or significantly limit any issues to be tried in the Adversary Proceeding or considered on the Credit Bid Motion.

To the extent the Court does not dismiss the Chapter 11 Proceeding or the Adversary Proceeding (either of which would resolve the Credit Bid Motion), the Secured Parties' proposed schedule, attached hereto as Exhibit A, contemplates a single discovery schedule for both the Credit Bid Motion and the Adversary Proceeding, resulting in a trial in the Adversary Proceeding shortly before the September 21 hearing date for the Credit Bid Motion. The reason is that the Credit Bid Motion is premised on the claims asserted in the Adversary Proceeding, and therefore both require discovery on the same issues. The Court should hear the evidence on the issues once and issue a ruling once.

The alternative is two separate discovery processes, with discovery conducted twice on the same issues, and two separate evidentiary hearings, with the Court reviewing similar evidence to decide the same issues under two different legal standards. A unitary discovery schedule will enhance efficiency and reduce litigation expenses for all Parties, avoid undue burden on fact witnesses—who otherwise might be required to sit for multiple depositions—and duplicative expert discovery, prevent attempts to "do over" discovery if a Party is unsatisfied the first time around, and avoid wasting the Court's time with two largely redundant evidentiary hearings.

That a different legal standard applies to the Credit Bid Motion than to the Adversary Proceeding does not change this conclusion. Courts, including in many of the opinions cited by Debtors in the Credit Bid Motion, routinely conduct fact-intensive evidentiary hearings when deciding whether cause to limit credit bidding exists under section 363(k). *See, e.g.*, *Flowers v. Sherman, Tr. for Estate of Brain Synergy Inst. LLC*, No. 3:18-CV-01139-S, 2018 WL 11470501, at *1 (N.D. Tex. May 10, 2018) (Bankruptcy court ruled on whether cause exists to limit credit bidding "[f]ollowing an evidentiary hearing"); *In re Akard St. Fuels, L.P.*, No. 3:01-CV-1927-D, 2001 WL 1568332, at *1, *3 (N.D. Tex. Dec. 4, 2001) ("The bankruptcy court conducted a hearing on the motion" to allow credit bidding, and entered "findings of fact in support of the determination under 11 U.S.C. § 363(k)."); *In re: Aeropostale, Inc.*, 555 B.R. 369, 375 (Bankr. S.D.N.Y. 2016) (denying motion to limit credit bidding after "[t]he Court held a trial with fourteen live witnesses" and "deposition designations of an additional six individuals" over a span of eight days); *In re Free Lance-Star Publ'g Co.*, 512 B.R. 798, 800 (Bankr. E.D. Va. 2014) ("[T]he Court conducted an evidentiary hearing . . . (i) to determine DSP's right to credit bid its claim . . . and (ii) to determine the validity, extent and priority of the liens asserted by DSP in connection with" its motion for summary judgment in the related adversary proceeding). The Court will have to do the same here.



The Honorable Christopher M. Lopez
August 15, 2023
Page 3

      The Secured Parties look forward to discussing their proposed schedule with the Court during today's scheduling conference.

Sincerely,

David Litterine-Kaufman