# EXHIBIT 7

RECEPTION#: 646225, R: $173.00, D: $0.00, 03/30/2018 at 02:30:17 PM, Pgs 1 of 33, Janice K. Vos Caudill, Pitkin County, CO

When Recorded Return To:

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York 10019
Attn: B.J. Rosen, Esq.

## DEED OF TRUST AND FIXTURE FILING
(With Assignment of Leases and Rents and Security Agreement)

THIS DEED OF TRUST SECURES CERTAIN OBLIGATIONS WITH A VARIABLE RATE OF INTEREST PURSUANT TO AND IN ACCORDANCE WITH THE LOAN AGREEMENT (DEFINED BELOW).

THIS DEED OF TRUST SERVES AS A FIXTURE FILING AND A FINANCING STATEMENT UNDER C.R.S. 4-9-502.

GRANTOR'S ORGANIZATIONAL IDENTIFICATION NUMBER: 20131458651

THIS DEED OF TRUST AND FIXTURE FILING (With Assignment of Leases and Rents and Security Agreement) (as it may be amended and modified from time to time, the "**Deed of Trust**") is made effective as of March 30, 2018, by AVR AH LLC, a Colorado limited liability company (the "**Grantor**"), whose mailing address is P.O. Box 4068, Aspen, Colorado 81612, to THE PUBLIC TRUSTEE OF THE COUNTY OF PITKIN, COLORADO ("**Trustee**"), to and for the benefit of WILMINGTON TRUST, NATIONAL ASSOCIATION, in its capacity as Administrative Agent for the Lenders party to the Loan Agreement from time to time (the "**Lenders**"), having a mailing address of Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890 ("**Beneficiary**").

FOR GOOD AND VALUABLE CONSIDERATION, including the indebtedness herein recited and the trust herein created, the receipt and sufficiency of which is hereby acknowledged, Grantor hereby irrevocably grants, transfers, conveys and assigns to Trustee, IN TRUST, WITH POWER OF SALE, for the benefit and security of Beneficiary, under and subject to the terms and conditions hereinafter set forth, all of Grantor's right, title and interest in and to Grantor's fee interest in that certain real property located in the County of Pitkin, State of Colorado, more particularly described in <u>Exhibit A</u> attached hereto and incorporated herein by this reference (the "**Premises**");

TOGETHER WITH any and all buildings, structures, facilities and other improvements of every nature whatsoever now or hereafter situated on the Premises including, without limitation, fixtures, attachments, appliances, furniture, equipment, goods, building or other materials and machinery, together with any other personal property attached to such buildings and other improvements, in each case now owned or hereafter acquired by Grantor (the "**Improvements**"), and now or hereafter attached to, installed in or used in connection with the

4134-7986-2547.2

1



When Recorded Return To:

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York 10019
Attn: B.J. Rosen, Esq.

---

## DEED OF TRUST AND FIXTURE FILING
(With Assignment of Leases and Rents and Security Agreement)

THIS DEED OF TRUST SECURES CERTAIN OBLIGATIONS WITH A VARIABLE RATE OF INTEREST PURSUANT TO AND IN ACCORDANCE WITH THE LOAN AGREEMENT (DEFINED BELOW).

THIS DEED OF TRUST SERVES AS A FIXTURE FILING AND A FINANCING STATEMENT UNDER C.R.S. 4-9-502.

GRANTOR'S ORGANIZATIONAL IDENTIFICATION NUMBER: 20131458651

THIS DEED OF TRUST AND FIXTURE FILING (With Assignment of Leases and Rents and Security Agreement) (as it may be amended and modified from time to time, the "**Deed of Trust**") is made effective as of March 30, 2018, by AVR AH LLC, a Colorado limited liability company (the "**Grantor**"), whose mailing address is P.O. Box 4068, Aspen, Colorado 81612, to THE PUBLIC TRUSTEE OF THE COUNTY OF PITKIN, COLORADO ("**Trustee**"), to and for the benefit of WILMINGTON TRUST, NATIONAL ASSOCIATION, in its capacity as Administrative Agent for the Lenders party to the Loan Agreement from time to time (the "**Lenders**"), having a mailing address of Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890 ("**Beneficiary**").

FOR GOOD AND VALUABLE CONSIDERATION, including the indebtedness herein recited and the trust herein created, the receipt and sufficiency of which is hereby acknowledged, Grantor hereby irrevocably grants, transfers, conveys and assigns to Trustee, IN TRUST, WITH POWER OF SALE, for the benefit and security of Beneficiary, under and subject to the terms and conditions hereinafter set forth, all of Grantor's right, title and interest in and to Grantor's fee interest in that certain real property located in the County of Pitkin, State of Colorado, more particularly described in Exhibit A attached hereto and incorporated herein by this reference (the "**Premises**");

TOGETHER WITH any and all buildings, structures, facilities and other improvements of every nature whatsoever now or hereafter situated on the Premises including, without limitation, fixtures, attachments, appliances, furniture, equipment, goods, building or other materials and machinery, together with any other personal property attached to such buildings and other improvements, in each case now owned or hereafter acquired by Grantor (the "**Improvements**"), and now or hereafter attached to, installed in or used in connection with the

1

Premises and Improvements, all of which shall be deemed and construed to be a part of the real property;

TOGETHER WITH the beneficial interest under and any declaration of covenants, conditions and restrictions affecting the Premises or Improvements;

TOGETHER WITH all management agreements by and between Grantor and any third party, if any, and any construction agreements by and between Grantor and any third party;

TOGETHER WITH all rents, issues, profits, damages, royalties, income and other benefits now or hereafter derived from the Premises and the Improvements, subject to the terms and provisions of Article II of this Deed of Trust with respect to all leases and subleases of the Premises or Improvements now or hereafter existing or entered into, or portions thereof, granted by Grantor, and further subject to the right, power and authority hereinafter given to Grantor to collect and apply such rents;

TOGETHER WITH all interests, estates or other claims, both in law and in equity, which Grantor now has or may hereafter acquire in the Premises or the Improvements;

TOGETHER WITH all easements, rights-of-way and other rights now owned or hereafter acquired by Grantor benefiting or otherwise used in connection with the Premises or the Improvements or as a means of access thereto (including, without limitation, all rights pursuant to any trackage agreement and all rights to the nonexclusive use of common drive entries, and all tenements, hereditaments and appurtenances thereof and thereto) and all sewer and water taps, all water and water rights and shares of stock evidencing the same;

TOGETHER WITH all leasehold estate, right, title and interest of Grantor in and to all leases, subleases, lettings, licenses and concessions covering the Premises or the Improvements or any portion thereof now or hereafter existing or entered into, taken by assignment, taken subject to, or assumed, or to which Grantor has otherwise become bound and all right, title and interest of Grantor thereunder including, without limitation, all rights of Grantor against guarantors thereof, all cash or security deposits, advance rentals, and deposits or payments of similar nature subject to the terms and provisions of Article II of this Deed of Trust, together with all amendments, extensions, and renewals of the foregoing;

TOGETHER WITH all right, title and interest now owned or hereafter acquired by Grantor in and to any greater estate in the Premises or the Improvements;

TOGETHER WITH all right, title, and interest of Grantor in (i) the property and interests in property described on Exhibit B attached hereto and incorporated herein by reference, (ii) all other personal property now or hereafter owned by Grantor that is now or hereafter located on or used in connection with the Premises or the Improvements, (iii) all other rights and interests of Grantor now or hereafter held in personal property that is now or hereafter located on or used in connection with the Premises or the Improvements, (iv) all personal property and rights and interests in personal property of similar type or kind hereafter acquired by Grantor, and (v) all proceeds thereof (such personal property and proceeds are referred to herein collectively as the "Personal Property");

2

TOGETHER WITH all right, title and interest of Grantor, now owned or hereafter acquired, in and to any land lying within the right-of-way of any street, open or proposed, adjoining the Premises, and any and all sidewalks, alleys and strips and gores of land adjacent to or used in connection with the Premises;

TOGETHER WITH all the estate, interest, right, title, other claim or demand, both in law and in equity (including, without limitation, claims or demands with respect to the proceeds of insurance in effect with respect thereto) that Grantor now has or may hereafter acquire in the Premises, the Improvements, the Personal Property, or any other part of the Trust Estate (as defined below), and any and all awards made for the taking by eminent domain, or by any proceeding of purchase in lieu thereof, of the whole or any part of the Trust Estate (including, without limitation, any awards resulting from a change of grade of streets and awards for severance damages);

TOGETHER WITH all proceeds of the foregoing.

The entire estate, property, right, title and interest hereby conveyed to Trustee may hereafter be collectively referred to as the "**Trust Estate**."

FOR THE PURPOSE OF SECURING (in such order of priority as Beneficiary may elect) Grantor's obligations as a guarantor in connection with the following (the "**Obligations**"):

(a)     payment of indebtedness in the total principal amount of up to $70,000,000.00 (the "**Loan**"), with interest thereon, pursuant to and/or in accordance with that certain Loan Agreement of even date herewith among Charif Souki, in his individual capacity (the "**Borrower**"), Charif Souki, as Trustee of the Souki Family 2016 Trust effective March 11, 2016, as amended, Strudel Holdings LLC, a Texas limited liability company, Ajax, an exempted company incorporated in the Cayman Islands with limited liability and Grantor, collectively, as guarantors, Beneficiary, as administrative agent, and the Lenders party thereto (as it may be amended, modified, extended, and renewed from time to time, the "**Loan Agreement**");

(b)     payment of all sums advanced by Beneficiary or Lenders to benefit or protect the Trust Estate, with interest thereon equal to the default interest rate set forth in the Loan Agreement (which rate of interest is hereinafter referred to as the "**Agreed Rate**");

(c)     payment of all other sums, with interest thereon, that may hereafter be loaned to Borrower, or its successors or assigns, by Beneficiary or Lenders, or their respective successors or assigns when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust;

(d)     performance of every obligation of Grantor contained in any of the Loan Documents (as defined below);

(e)     performance of every obligation of Grantor contained in any agreement, document, or instrument now or hereafter executed by Grantor reciting that the obligations thereunder are secured by this Deed of Trust; and

(f)     for the benefit of Beneficiary and Lenders, compliance with and performance of each and every provision of any declaration of covenants, conditions and restrictions, any maintenance, easement and party wall agreement, or any other agreement, document, or instrument by which the Trust Estate is bound or may be affected.

For purposes of C.R.S. § 38-39-106, the aggregate unpaid principal amount of the Obligations outstanding at any particular time (after having given effect to all advances and all repayments made prior to such time) which is secured by this Deed of Trust shall not aggregate in excess of $140,000,000.00 (the "**Total Maximum Principal Amount**"). The Total Maximum Principal Amount does not in any way imply that Beneficiary is obligated to make any future advances to Grantor at any time unless specifically so provided in the Loan Documents.

This Deed of Trust, the Loan Agreement and any other deeds of trust, mortgages, agreements, guaranties or other instruments given to evidence or further secure the payment and performance of any or all of the Obligations, as the foregoing may be amended, modified, extended, or renewed from time to time, may hereinafter be collectively referred to as the "**Loan Documents**". Notwithstanding anything in this Deed of Trust to the contrary, the term "Loan Documents" does not include any environmental indemnity agreement executed by Borrower, Grantor and any other guarantors of the Loan for the benefit of Beneficiary (the "**Environmental Indemnity**") and the term "Obligations" does not include any obligations or liabilities under the Environmental Indemnity and the obligations and liabilities under the Environmental Indemnity are not secured by this Deed of Trust. Any term used or defined in the Uniform Commercial Code of the State of Colorado, as in effect from time to time, or under the Uniform Commercial Code, enforced from time to time, in any other state to the extent the same is the applicable law, (the "**Uniform Commercial Code**"), and not defined in this Deed of Trust, has the meaning given to the term in the Uniform Commercial Code, when used in this Deed of Trust.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE GRANTOR'S GUARANTEE OF (A) PAYMENT OF THE OBLIGATIONS, AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE LOAN AGREEMENT, THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS.**

GRANTOR HEREBY COVENANTS AND AGREES AS FOLLOWS:

## ARTICLE I
## COVENANTS AND AGREEMENTS OF GRANTOR

1.01    <u>Payment and Performance of Secured Obligations</u>. Grantor shall pay when due and/or perform each of the Obligations.

1.02    <u>Maintenance, Repair, Alterations</u>. Grantor shall keep the Trust Estate in good condition and repair. Grantor shall not remove, demolish, or substantially alter any of the Improvements, except with the prior written consent of Beneficiary. Grantor shall complete promptly and in a good and workmanlike manner any Improvement that may be now or hereafter

4

constructed on the Premises and promptly restore in like manner any Improvements that may be damaged or destroyed from any cause whatsoever and pay when due all claims for labor performed and materials furnished therefor. Grantor shall comply with all Requirements (as defined below) and shall not suffer to occur or exist any violation of any Requirement. Grantor shall not commit or permit any waste or deterioration of the Trust Estate, and, to the extent allowed by law, shall keep and maintain abutting grounds, sidewalks, roads, parking and landscape areas in good and neat order and repair. Grantor shall perform its obligations under each Lease. "**Requirement**" and "**Requirements**" mean, respectively, each and all obligations and requirements now or hereafter in effect by which Grantor or the Trust Estate are bound or which are otherwise applicable to the Trust Estate, construction of any Improvements on the Trust Estate, or operation, occupancy or use of the Trust Estate (including, without limitation (a) such obligations and requirements imposed by common law or any law, statute, ordinance, regulation, or rule (federal, state, or local), and (b) such obligations and requirements of, in, or in respect of (i) any consent, authorization, license, permit, or approval relating to the Trust Estate, (ii) any condition, covenant, restriction, easement, or right-of-way reservation applicable to the Trust Estate, (iii) any Lien or Encumbrance, (iv) any other agreement, document, or instrument to which Grantor is a party or by which Grantor or the Trust Estate is bound or affected, and (v) any order, writ, judgment, injunction, decree, determination, or award of any arbitrator, other private adjudicator, court, government, or governmental authority (federal, state, or local) to which Grantor is a party or by which Grantor or the Trust Estate is bound or affected).

  1.03 <u>Insurance Requirements</u>. Grantor shall at all times provide, maintain and keep in force or cause to be provided, maintained and kept in force with respect to the Trust Estate, at no expense to Trustee or Beneficiary, policies of insurance as required pursuant to and in accordance with <u>Section 5.9</u> of the Loan Agreement.

  1.04 [Intentionally omitted].

  1.05 <u>Casualties; Insurance Proceeds</u>.

    (a) Grantor shall give prompt written notice thereof to Beneficiary after the happening of any casualty to or in connection with the Trust Estate or any part thereof, whether or not covered by insurance. All proceeds of insurance shall be payable to Beneficiary, and Grantor hereby authorizes and directs any affected insurance company to make payment of such proceeds directly to Beneficiary. If Grantor receives any proceeds of insurance resulting from such casualty, Grantor shall promptly pay over such proceeds to Beneficiary. All proceeds of insurance will be applied by Beneficiary to payment of the Obligations in such order as Beneficiary shall determine.

    (b) Grantor shall not be excused from repairing or maintaining the Trust Estate as provided in Section 1.02 hereof or restoring all damage or destruction to the Trust Estate, regardless of whether or not there are insurance proceeds available to Grantor or whether any such proceeds are sufficient in amount, and the application or release by Beneficiary of any insurance proceeds shall not cure or waive any default or notice of default under this Deed of Trust or invalidate any act done pursuant to such default or notice of default.

1.06   Assignment of Policies Upon Foreclosure.  In the event of foreclosure of this Deed of Trust as a mortgage, a sale under the power of sale, or any other transfer of title or assignment of the Trust Estate in extinguishment, in whole or in part, of the Obligations, all right, title and interest of Grantor in and to all policies of insurance required by Section 1.03 shall inure to the benefit of and pass to the successor in interest to Grantor or the purchaser or grantee of the Trust Estate, to the extent such policies are assignable pursuant to the terms thereof.

1.07   Indemnification; Subrogation; Waiver of Offset.

(a)   If Beneficiary is made a party to any litigation concerning the Loan Agreement, this Deed of Trust, any of the Loan Documents, the Trust Estate or any part thereof or interest therein, or the occupancy of the Trust Estate by Grantor, then Grantor shall indemnify, defend and hold Beneficiary and the Lenders harmless for, from and against all liability by reason of said litigation, including reasonable attorneys' fees and expenses incurred by Beneficiary as a result of any such litigation, whether or not any such litigation is prosecuted to judgment.  Beneficiary may employ an attorney or attorneys to protect its rights hereunder, and in the event of such employment following any breach by Grantor, Grantor shall pay Beneficiary reasonable attorneys' fees and expenses incurred by Beneficiary, whether or not an action is actually commenced against Grantor by reason of its breach.

(b)   Grantor waives any and all right to claim or recover against Beneficiary, its successors and assigns, their directors, officers, employees, agents and representatives, for loss of or damage to Grantor, the Trust Estate, Grantor's property or the property of others under Grantor's control from any cause insured against or required to be insured against by this Deed of Trust.

(c)   All sums payable by Grantor pursuant to this Deed of Trust shall be paid without notice (except for such notice as may be expressly required hereunder or under the other Loan Documents), demand, counterclaim, setoff, deduction or defense and without abatement, suspension, deferment, diminution or reduction, and the obligations and liabilities of Grantor hereunder shall in no way be released, discharged or otherwise affected (except as expressly provided herein) by reason of:  (i) any damage to or destruction of or any condemnation or similar taking of the Trust Estate or any part thereof; (ii) any restriction or prevention of or interference by any Person (as defined below) with any use of the Trust Estate or any part thereof; (iii) any title defect or encumbrance or any eviction from the Premises or the Improvements or any part thereof by title paramount or otherwise; (iv) any bankruptcy, insolvency, reorganization, composition, adjustment, dissolution, liquidation or other like proceeding relating to Beneficiary, or any action taken with respect to this Deed of Trust by any trustee or receiver of Beneficiary, or by any court, in any such proceeding; (v) any claim that Grantor has or might have against Beneficiary; (vi) any default or failure on the part of Beneficiary to perform or comply with any of the terms of the Loan Documents or of any other agreement with Grantor; or (vii) any other occurrence whatsoever, whether similar or dissimilar to the foregoing; whether or not Grantor shall have notice or knowledge of any of the foregoing.  Except as expressly provided herein, Grantor waives all rights now

4134-7986-2547.2

or hereafter conferred by statute or otherwise to any abatement, suspension, deferment, diminution or reduction of any sum secured hereby and payable by Grantor. "**Person**" means any natural person, any unincorporated association, any corporation, any partnership, any limited liability company, any joint venture, any trust, any other legal entity, or any governmental authority (federal, state, local or foreign).

1.08    Impositions.

(a)    Grantor shall pay, or cause to be paid, prior to delinquency, all real property taxes and assessments, general and special, and all other taxes and assessments of any kind or nature whatsoever, (including, without limitation, nongovernmental levies or assessments such as maintenance charges, levies, or charges resulting from covenants, conditions and restrictions affecting the Trust Estate) that are assessed or imposed upon the Trust Estate or become due and payable and that create, may create, or appear to create a lien upon the Trust Estate (the above are sometimes referred to herein individually as an "**Imposition**" and collectively as "**Impositions**"), provided, however, that if by law any Imposition is payable, or may at the option of the taxpayer be paid, in installments, Grantor may pay the same or cause it to be paid, together with any accrued interest on the unpaid balance of such Imposition, in installments as the same becomes due and before any fine, penalty, interest, or cost may be added thereto for the nonpayment of any such installment and interest.

(b)    If at any time after the date hereof there shall be assessed or imposed a fee, tax, or assessment on Beneficiary and measured by or based in whole or in part upon this Deed of Trust or the outstanding amount of the Obligations, then all such taxes, assessments or fees shall be deemed to be included within the term "Impositions" as defined in Section 1.08(a) and Grantor shall pay and discharge the same as herein provided with respect to the payment of Impositions. If Grantor fails to pay such Impositions prior to delinquency, Beneficiary may, at its option, declare all or part of the Obligations, immediately due and payable. If Grantor is prohibited by law from paying such Impositions, Beneficiary may, at its option, declare all or part of the Obligations due and payable on a date which is not less than six (6) months from the date such prohibition is imposed on Grantor.

(c)    Subject to the provisions of Section 1.08(d) and upon request by Beneficiary, Grantor shall deliver to Beneficiary within thirty (30) days after the date upon which any Imposition is due and payable by Grantor official receipts of the appropriate taxing authority, or other proof satisfactory to Beneficiary, evidencing the payment thereof.

(d)    Grantor shall have the right before any delinquency occurs to contest or object to the amount or validity of any Imposition by appropriate proceedings, but this shall not be deemed or construed in any way as relieving, modifying, or extending Grantor's covenant to pay any such Imposition at the time and in the manner provided in this Section 1.08, unless Grantor has given prior written notice to Beneficiary of Grantor's intent to so contest or object to an Imposition, and unless, in Beneficiary's absolute and sole discretion, (i) Grantor shall demonstrate to Beneficiary's satisfaction

that the proceedings to be initiated by Grantor shall conclusively operate to prevent the sale of the Trust Estate or any part thereof or interest therein to satisfy such Imposition prior to final determination of such proceedings, (ii) Grantor shall furnish a good and sufficient bond or surety as requested by and satisfactory to Beneficiary, or (iii) Grantor shall demonstrate to Beneficiary's satisfaction that Grantor has provided a good and sufficient undertaking as may be required or permitted by law to accomplish a stay of any such sale.

(e)     Upon the occurrence and during the continuation of an Event of Default and upon request by Beneficiary, Grantor shall pay to Beneficiary an initial cash deposit in an amount adequate to pay all Impositions for the ensuing tax fiscal year and shall thereafter continue to deposit with Beneficiary, in monthly installments, an amount equal to one-twelfth (1/12) of the sum of the annual Impositions reasonably estimated by Beneficiary, for the purpose of paying the installment of Impositions next due (funds deposited for this purpose are referred to as "**Impositions Impounds**"). In such event, Grantor further agrees to cause all bills, statements, or other documents relating to Impositions to be sent or mailed directly to Beneficiary. Upon receipt of such bills, statements, or other documents, and providing there are sufficient Impositions Impounds, Beneficiary shall timely pay such amounts as may be due thereunder out of the Impositions Impounds. If at any time and for any reason the Impositions Impounds are or will be insufficient to pay such amounts as may then or subsequently be due, Beneficiary may notify Grantor and upon such notice Grantor shall deposit immediately an amount equal to such deficiency with Beneficiary. Notwithstanding the foregoing, nothing contained herein shall cause Beneficiary to be deemed a trustee of Impositions Impounds or to be obligated to pay any amounts in excess of the amount of funds deposited with Beneficiary pursuant to this Section 1.08(e). Beneficiary may commingle Impositions Impounds with its own funds and shall not be obligated to pay any interest on any Impositions Impounds. Beneficiary may reserve for future payment of Impositions such portion of Impositions Impounds as Beneficiary may in its absolute and sole discretion deem proper. If Grantor fails to deposit with Beneficiary sums sufficient to fully pay such Impositions at least thirty (30) days before delinquency thereof, Beneficiary may, at Beneficiary's election, but without any obligation so to do, advance any amounts required to make up the deficiency, which advances, if any, shall be secured hereby and shall be repayable to Beneficiary upon demand together with interest thereon at the Agreed Rate from the date of such advance, or at the option of Beneficiary the latter may, without making any advance whatever, apply any Impositions Impounds held by it upon any of the Obligations in such order as Beneficiary may determine, notwithstanding that such Obligations may not yet be due.

(f)     Grantor shall not initiate or suffer to occur or exist the joint assessment of any real and personal property included in the Trust Estate or any other procedure whereby the lien of real property taxes and the lien of personal property taxes shall be assessed, levied, or charged to the Trust Estate as a single lien.

1.09    <u>Utilities</u>. Grantor shall pay when due all charges that are incurred by Grantor for the benefit of the Trust Estate or that may become a charge or lien against the Trust Estate for gas, electricity, water, sewer, or other services furnished to the Trust Estate.

1.10   <u>Actions Affecting Trust Estate</u>.  Grantor shall appear in and contest any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and shall pay all costs and expenses (including, without limitation, costs of evidence of title, litigation, and attorneys' fees) in any such action or proceeding in which Beneficiary or Trustee may appear.

1.11   <u>Actions By Beneficiary</u>.  If Grantor fails to make any payment or to do any act as and in the manner provided in any of the Loan Documents, Beneficiary, in its absolute and sole discretion, without obligation so to do, without releasing Borrower, Grantor, Strudel or any other guarantor under the Loan Agreement from any obligation, and with only such notice to or demand upon Grantor as may be reasonable under the then existing circumstances, but in no event exceeding ten (10) days prior written notice, may make or do the same in such manner and to such extent as either may deem necessary or appropriate.  In connection therewith (without limiting their general powers, whether conferred herein, in another Loan Document or by law), Beneficiary has and is hereby given the right, but not the obligation, (a) to enter upon and take possession of the Trust Estate; (b) to make additions, alterations, repairs and improvements to the Trust Estate that they or either of them may consider necessary or appropriate to keep the Trust Estate in good condition and repair; (c) to appear and participate in any action or proceeding affecting or which may affect the security hereof or the rights or powers of Beneficiary; (d) to pay, purchase, contest or compromise any Lien or Encumbrance (as defined below) or alleged Lien or Encumbrance whether superior or junior to this Deed of Trust; and (e) in exercising such powers, to pay necessary expenses (including, without limitation, expenses of employment of counsel or other necessary or desirable consultants).  Grantor shall, immediately upon demand therefor by Beneficiary, pay to Beneficiary an amount equal to all respective costs and expenses incurred by them in connection with the exercise by Beneficiary of the foregoing rights (including, without limitation, costs of evidence of title, court costs, appraisals, surveys and receiver's, trustee's and attorneys' fees) together with interest thereon from the date of such expenditures at the Agreed Rate.

1.12   <u>Transfer of Trust Estate by Grantor</u>.  Except for Asset Sales permitted pursuant to Section 6.3 of the Loan Agreement, Grantor shall not, without the prior written consent of Beneficiary (acting at the direction of the Lenders), sell, transfer, convey or assign all or any portion of, or any interest in, the Trust Estate.

1.13   <u>Eminent Domain</u>.

(a)      In the event that any proceeding or action be commenced for the taking of the Trust Estate, or any part thereof or interest therein, for public or quasi-public use under the power of eminent domain, condemnation (including, without limitation, inverse condemnation) or otherwise (hereinafter collectively referred to as a "**Taking**"), or if the same be taken or damaged by reason of any public improvement or Taking, or should Grantor receive any notice or other information regarding such Taking or damage, Grantor shall give prompt written notice thereof to Beneficiary.  All compensation, awards, damages, rights of action and proceeds awarded to Grantor by reason of any such Taking or damage or received by Grantor as the result of a transfer in lieu of a Taking (the "**Condemnation Proceeds**") are hereby assigned to Beneficiary to the extent of the Obligations then outstanding, and Grantor agrees to execute such further assignments of

9

the Condemnation Proceeds as Beneficiary or Trustee may require. If Grantor receives any Condemnation Proceeds Grantor shall promptly pay over such proceeds to Beneficiary. Beneficiary is hereby authorized and empowered by Grantor, at Beneficiary's option and in Beneficiary's sole discretion, as attorney-in-fact for Grantor, to settle, adjust, or compromise any claim for loss or damage in connection with any Taking or proposed Taking and, without regard to the adequacy of its security, to commence, appear in and prosecute in its own name and/or on behalf of Grantor any such action or proceeding arising out of or relating to a Taking or proposed Taking.

(b)      Grantor shall not be excused from repairing or maintaining the Trust Estate as provided in Section 1.02 or restoring all damage or destruction to the Trust Estate, regardless of whether or not there are Condemnation Proceeds available to Grantor or whether any such Condemnation Proceeds are sufficient in amount. The application or release of the Condemnation Proceeds shall not cure or waive any default or notice of default hereunder or under any other Loan Document or invalidate any act done pursuant to such default or notice of default.

1.14   Additional Security.   No other security now existing, or hereafter taken, to secure the obligations secured hereby shall be impaired or affected by the execution of this Deed of Trust. All security for the Obligations from time to time shall be taken, considered and held as cumulative. Any taking of additional security, execution of partial releases of the security, or any extension of the time of payment of, or modification of other terms of any of the Obligations shall not diminish the force, effect or lien of this Deed of Trust and shall not affect or impair the liability of any maker, guarantor, surety or endorser for the payment or performance of any of the Obligations. In the event Beneficiary at any time holds additional security for any of the Obligations, it may enforce the sale thereof or otherwise realize upon the same, at its option, either before, concurrently with, or after a sale or realization is made hereunder.

1.15   Inspections.   Beneficiary, and its agents, representatives officers, and employees, are authorized to enter at any reasonable time upon or in any part of the Trust Estate for the purpose of inspecting the same and for the purpose of performing any of the acts Beneficiary is authorized to perform hereunder or under the terms of any of the Loan Documents.

1.16   Ownership and Liens and Encumbrances.   Grantor is, and as to any portion of the Trust Estate acquired hereafter will upon such acquisitions be, and shall remain the owner of the Trust Estate free and clear of any Liens and Encumbrances, except (a) the Deed of Trust dated August 30, 2013 granted to the Public Trustee of Pitkin County, Colorado for the benefit of Alpine Bank and recorded September 3, 2013 at Reception No. 603053 in Pitkin County, Colorado, as modified by that certain Modification of Deed of Trust recorded on February 10, 2016 at Reception No. 626954, (b) the Deed of Trust dated February 4, 2016 granted to the Public Trustee of Pitkin County, Colorado for the benefit of Alpine Bank and recorded February 10, 2016 at Reception No. 626960 in Pitkin County, Colorado, (c) the Deed of Trust dated February 4, 2016 granted to the Public Trustee of Pitkin County, Colorado for the benefit of Alpine Bank and recorded February 11, 2016 at Reception No. 626966 in Pitkin County, Colorado, as modified by that certain Modification of Deed of Trust recorded on February 17, 2016 at Reception No. 627093, (d) the Deed of Trust dated March 31, 2016 granted to the Public Trustee of Pitkin County, Colorado for the benefit of Alpine Bank and recorded April 11, 2016 at

10

Reception No. 628483 in Pitkin County, Colorado, (e) the Deed of Trust dated March 31, 2016 granted to the Public Trustee of Pitkin County, Colorado for the benefit of Alpine Bank and recorded April 11, 2016 at Reception No. 628484 in Pitkin County, Colorado, (f) the Deed of Trust dated March 31, 2016 granted to the Public Trustee of Pitkin County, Colorado for the benefit of Alpine Bank and recorded April 11, 2016 at Reception No. 628486 in Pitkin County, Colorado and (g) the Deed of Trust and Fixture Filing dated April 27, 2017 granted to the Public Trustee of Pitkin County, Colorado for the benefit of Wilmington Trust, National Association and recorded April 28, 2017 at Reception No. 637935 in Pitkin County, Colorado (collectively, the "**Permitted Liens**").  Grantor shall not grant, shall not suffer to exist, and shall pay and promptly discharge, at Grantor's cost and expense, all Liens and Encumbrances and any claims thereof upon the Trust Estate, or any part thereof or interest therein.  Grantor shall notify Beneficiary immediately in writing of any Lien or Encumbrance or claim thereof.  Grantor shall have the right to contest in good faith the validity of any involuntary Lien or Encumbrance, provided Grantor shall first deposit with Beneficiary a bond or other security satisfactory to the Lenders in such amount as the Lenders shall reasonably require, but not more than one hundred fifty percent (150%) of the amount of the claim, and provided further that if Grantor loses such contest, Grantor shall thereafter diligently proceed to cause such Lien or Encumbrance to be removed and discharged. If Grantor shall fail to remove and discharge any Lien or Encumbrance or claim thereof, then, in addition to any other right or remedy of Beneficiary, Beneficiary may, after only such notice to Grantor as may be reasonable under the then existing circumstances, but shall not be obligated to, discharge the same, either by paying the amount claimed to be due, or by procuring the discharge of such Lien or Encumbrance by depositing in a court a bond or the amount claimed or otherwise giving security for such claim, or by procuring such discharge in such manner as is or may be prescribed by law.  Grantor shall, immediately upon demand therefor by Beneficiary, pay to Beneficiary an amount equal to all costs and expenses incurred by Beneficiary in connection with the exercise by Beneficiary of the foregoing right to discharge any Lien or Encumbrance or claim thereof, together with interest thereon from the date of each such expenditure at the Agreed Rate.  Such costs and expenses shall be secured by this Deed of Trust.  "**Lien or Encumbrance**" and "**Liens and Encumbrances**" mean, respectively, each and all of the following in respect of the Trust Estate:  leases, other rights to occupy or use, mortgages, deeds of trust, pledges, security agreements, assignments, assignments as security, conditional sales, title retention arrangements or agreements, conditions, covenants, and restrictions, and other charges, liens, encumbrances, or adverse interests, whether voluntarily or involuntarily created and regardless of whether prior or subordinate to any estate, right, title, or interest granted to Trustee or Beneficiary in this Deed of Trust, excluding from the foregoing the Permitted Liens.

    1.17   <u>Beneficiary's Powers</u>.  Without affecting the liability of any Person liable for the payment of the Obligations herein mentioned, and without affecting the lien or charge of this Deed of Trust upon any portion of the Trust Estate not then or theretofore released as security for the Obligations, Beneficiary may, from time to time and without notice (a) release any person so liable, (b) extend the Obligations, (c) grant other indulgences, (d) release, or cause to be released, at any time at Beneficiary's option any parcel, portion or all of the Trust Estate, (e) take or release any other or additional security or any guaranty for any Obligation herein mentioned, or (f) make compositions or other arrangements with debtors in relation thereto.

1.18   Financial Statements.   Grantor shall deliver to Beneficiary such financial statements, balance sheets, profit and loss statements, operating statements, income and expense statements and other financial information in such detail and at the times required by the Loan Agreement.   All such statements shall be prepared in accordance with the requirements of the Loan Agreement.   Beneficiary shall have the right to audit, inspect and copy all of Grantor's books and records, relating thereto.

1.19   Trade Names.   At the request of Beneficiary from time to time, Grantor shall execute a certificate in form satisfactory to the Lenders listing the trade names or fictitious business names under which Grantor intends to operate the Trust Estate or any business located thereon and representing and warranting that Grantor does business under no other trade names or fictitious business names with respect to the Trust Estate.   Grantor shall immediately notify Beneficiary in writing of any change in said trade names or fictitious business names, and will, upon request of Beneficiary, execute any additional financing statements and other certificates necessary to reflect the change in trade names or fictitious business names.

1.20   Leasehold.   If a leasehold estate constitutes a portion of the Trust Estate, Grantor agrees not to amend, modify, extend, renew or terminate such leasehold estate, any interest therein, or the lease granting such leasehold estate without the prior written consent of Beneficiary (acting at the direction of the Lenders), which consent may be withheld by Beneficiary and the Lenders in their absolute and sole discretion.   Consent to one amendment, modification, extension or renewal shall not be deemed to be a waiver of the right to require consent to other, future or successive amendments, modifications, extensions or renewals. Grantor agrees to perform all obligations and agreements under said leasehold and shall not take any action or omit to take any action which would affect or permit the termination of said leasehold.   Grantor agrees to promptly notify Beneficiary in writing with respect to any default or alleged default by any party thereto and to deliver to Beneficiary copies of all notices, demands, complaints or other communications received or given by Grantor with respect to any such default or alleged default.   Beneficiary shall have the option to cure any such default and to perform any or all of Grantor's obligations thereunder.   All sums expended by Beneficiary in curing any such default shall be secured hereby and shall be immediately due and payable without demand or notice and shall bear interest from date of expenditure at the Agreed Rate.

1.21   Application of Insurance Proceeds and Condemnation Proceeds.   Notwithstanding the other provisions of this Deed of Trust to the contrary, Beneficiary agrees that Grantor shall have the right to apply insurance proceeds and Condemnation Proceeds to the repair, replacement, or restoration of the Trust Estate if each of the following conditions precedent is satisfied:

(a)   Grantor delivers notice to Beneficiary of its intention to repair, replace, or restore the Trust Estate within thirty (30) days after settlement of any claim under any insurance policies or any claim as to any Taking, the proceeds of which are used to pay for the repair, replacement, or restoration of the Trust Estate.

(b)   Beneficiary (acting at the direction of the Lenders in their reasonable discretion) determines (i) that the Trust Estate can be repaired, replaced, or restored to substantially the same condition prior to the Taking or casualty, and (ii) that the repair,

12

4134-7986-2547.2

replacement, or restoration of the Trust Estate can be completed no later than one (1) year prior to the earliest maturity date of any Note (as extended from time to time).

(c)     No Event of Default, or event which with notice or lapse of time would become an Event of Default, has occurred and is continuing.

(d)     All Condemnation Proceeds and insurance proceeds, as applicable, are deposited with Beneficiary.

(e)     Grantor has deposited with Beneficiary an amount, if a positive amount (as determined by Beneficiary) equal to (i) the sum of (A) the cost of the repair, replacement, or restoration of the Trust Estate, and (B) all operating expenses of the Trust Estate until such time as the Trust Estate can generate sufficient income to pay such operating expenses; less (ii) the sum of (A) the Condemnation Proceeds or insurance proceeds deposited with Beneficiary, and (B) if the obligations secured hereby include a loan by Beneficiary to Grantor to finance the construction of any improvements to be repaired, replaced, or restored, any undisbursed portion of such loan available under the Loan Agreement for construction of such Improvements.

(f)     Grantor has delivered to Beneficiary (i) final plans and specifications for the repair, replacement, or restoration of the Trust Estate, (ii) a budget of all costs, expenses, and fees for the repair, replacement, or restoration of the Trust Estate, (iii) a construction schedule for the repair, replacement, or restoration of the Trust Estate, and (iv) a construction contract for the repair, replacement, or restoration of the Trust Estate, and the Lenders have approved such plans and specifications, budget, construction schedule, and construction contract and the contractor under the construction contract in their reasonable discretion.

(g)     All applicable Governmental Authorities have approved the final plans and specifications for the repair, replacement, or restoration of the Trust Estate. Grantor has obtained all other approvals and permits required for such repair, replacement, or restoration.

(h)     The approved contractor commences the repair, replacement, or restoration of the Trust Estate.

If all of the above conditions are satisfied, Beneficiary will disburse the Condemnation Proceeds, insurance proceeds, and any other amount deposited with Beneficiary pursuant to the foregoing and in accordance with Beneficiary's customary procedures for disbursement of construction loans; provided that if requested by Beneficiary, Grantor shall execute such documents regarding such disbursements and requirements as Beneficiary may request. If any of the above conditions are not satisfied within the time limits described above or, if after satisfaction of the above conditions, Grantor does not prosecute and complete the repair, replacement, or restoration of the Trust Estate with due diligence and in accordance with the construction schedule and within the budget approved by the Lenders, Beneficiary may at any time apply the then remaining Condemnation Proceeds, insurance proceeds, and any other amount deposited with Beneficiary to the payment of the obligations secured hereby, whether or

not then due, and Beneficiary shall have no obligation to disburse such proceeds or deposited funds for the payment of the costs, expenses, and fees incurred in the repair, replacement, or restoration of the Trust Estate. If there are any Condemnation Proceeds, insurance proceeds, or other amounts deposited with Beneficiary pursuant hereto remaining after payment of such obligations in full, such funds shall be paid to the person legally entitled thereto. To the extent that the Loan Agreement provides for advances for the construction of improvements on the Trust Estate, Grantor shall not have any further obligation to make advances with respect to such improvements unless and until the repair, replacement and restoration of the Improvements and application of Condemnation Proceeds and Insurance Proceeds is complete.

1.22    Impounds.

(a)    From and after the occurrence and continuation of an Event of Default, as further security for the payment of the Obligations and the payment of real estate taxes, regular or special assessments and insurance premiums, Grantor shall be required to deposit, with each payment pursuant to and in accordance with the Loan Agreement, an amount which shall, when multiplied by the number of loan payments due under the Loan Agreement each year, be sufficient, in the reasonable estimation of the Lenders (as determined each year) to pay all such charges not less than thirty (30) days prior to the date on which such items become due and payable. Beneficiary shall be furnished evidence to allow the Lenders to estimate such amounts, including paid receipts, assessment notices and tax receipts. All funds so deposited (i) shall be held free of any liens or claims on the part of creditors of the Grantor; and (ii) shall not be, or deemed to be, a trust fund; and such funds shall, until applied to the payment of the aforesaid items, as hereinafter provided, be held by Beneficiary without interest (except to the extent required under applicable law) and may be commingled with other funds of Beneficiary. All funds so deposited shall be applied to the payment of the aforesaid items only upon the satisfaction of the following conditions:  (A)  no Event of Default or event, which, with notice or the passage of time or both, could become an Event of Default, shall have occurred and be continuing; (B) Beneficiary shall have sufficient funds to pay the full amounts of such items (which funds may include amounts paid solely for such purpose by Grantor in addition to the escrowed funds); and (C) Grantor shall have furnished Beneficiary with prior written notification that such items are due and with the bills and invoices therefor in sufficient time to pay the same before any penalty or interest attaches, and shall have deposited any additional funds as Beneficiary may reasonably determine as necessary to pay such items.

(b)    If for any reason the funds on deposit with Beneficiary under this Section 1.22 shall not be sufficient to pay all charges specified herein within the time specified in this Section 1.22, then Grantor shall, within ten (10) days after demand by Beneficiary, deposit sufficient sums so that Beneficiary may pay all such charges in full, together with any penalty and interest thereon (except for any penalty or interest which results from Beneficiary's negligent failure to timely pay such charges). If the funds on deposit with Beneficiary shall from time to time exceed the amounts needed to pay all charges specified herein, then such excess shall be held by Beneficiary for further payments of such charges as specified in this Section 1.22.

14

(c)     Beneficiary expressly disclaims any obligation to pay the aforesaid items unless and until Grantor complies with all of the provisions set forth in subsections 1.22(a) and (b).   Payments of all charges specified herein will, at the discretion of Beneficiary, be made as the same become due and payable even though subsequent owners of the Trust Estate may benefit therefrom.   Beneficiary may, in refunding any part of the funds deposited hereunder as a result of the Obligations being paid in full, or for any other reason at the discretion of Beneficiary, pay the amount being refunded to whoever is represented to be the owner of the Trust Estate or any portion thereof at the time such refund is made.   Grantor hereby pledges any and all monies now or hereafter deposited pursuant to subsection 1.22(b) as additional security for the Obligations and Related Agreements.   If any Event of Default shall have occurred, or if all or any portion of the Obligations shall be accelerated as herein provided, all funds so deposited may, at Beneficiary's option, be applied as determined solely by Beneficiary or to cure said Event of Default or as provided in this Section 1.22.   In no event shall Grantor claim any credit against the principal and interest due hereunder for any payment or deposit for any of the aforesaid items.

## ARTICLE II
## ASSIGNMENT OF RENTS AND LEASES

2.01    Assignment of Rents and Leases.   Effective upon the recordation of this Deed of Trust, Grantor hereby irrevocably, absolutely, presently and unconditionally assigns, transfers, and sets over to Beneficiary, all rents, security deposits, royalties, issues, profits, earnings, revenue, income, products and proceeds of the Trust Estate, whether now due, past due or to become due, including, without limitation, all prepaid rents, security deposits, and all rights to payment from the above-listed items (some or all collectively, as the context may require, "**Rents**"), and all rights in and to any lease, contract or agreement, whether written or oral, devising any portion of the Trust Estate, whether in existence at or upon the recordation of this Deed of Trust or entered into after the recordation of this Deed of Trust, including, without limitation, any amendments or modifications to such leases, (as such leases may be amended from time to time, a "**Lease**"), and confers upon the Beneficiary the right to collect such Rents and enforce the provisions of any Leases with or without taking the Trust Estate.   This is an absolute assignment, not an assignment for security only.

2.02    Grant of License.   Beneficiary hereby confers upon Grantor a license (the "**License**") to collect and retain the Rents as they become due and payable and to otherwise possess and enjoy all of the landlord's rights and obligations under all of the Leases, so long as no Event of Default, as defined in Section 4.01, shall exist and be continuing.   If an Event of Default has occurred and is continuing, Grantor's license to collect and retain the Rents and to otherwise possess and enjoy all of the landlord's rights and obligations under all of the Leases shall immediately and automatically terminate, without notice to Grantor, and Grantor shall immediately turn over and pay to Beneficiary all Rents and other monies collected or paid to Grantor, without regard to the adequacy of Beneficiary's security under this Deed of Trust.

2.03    Collection and Application of Rents and Enforcement of Leases.   Subject to the License granted to Grantor under Section 2.02, Beneficiary has the right, power and authority to collect any and all Rents and enforce the provisions of any Lease.   Grantor hereby irrevocably

appoints Beneficiary its attorney-in-fact, with full power of substitution, to perform any and all of the following acts, if and at the times when Beneficiary in its sole discretion may so choose:

    (a)    Demand, receive and enforce payment of any and all Rents; or

    (b)    Give receipts, releases and satisfactions for any and all Rents; or

    (c)    Sue either in the name of Grantor or in the name of Beneficiary for any and all Rents; or

    (d)    Enforce the provisions of any and all Leases.

The appointment granted in this Section 2.03 shall be deemed to be a power coupled with an interest. Beneficiary's right to the Rents, or to enforce the provisions of any Lease, does not depend on whether or not Beneficiary takes possession of the Trust Estate as permitted under Article IV below. In Beneficiary's sole discretion, Beneficiary may choose to collect Rents or enforce any and all Leases either with or without taking possession of the Trust Estate. Beneficiary shall apply all Rents collected by it in the manner provided under Section 2.06. If an Event of Default occurs and continues while Beneficiary is in possession of all or part of the Trust Estate and is collecting and applying Rents as permitted under this Deed of Trust, Beneficiary and any receiver shall nevertheless be entitled to exercise and invoke every right and remedy afforded any of them under this Deed of Trust and at law or in equity, including the right to exercise the power of sale granted under in this Deed of Trust.

    2.04    <u>Beneficiary Not Responsible</u>. Under no circumstances shall Beneficiary have any duty to produce Rents from the Trust Estate. Regardless of whether or not Beneficiary, in person or by agent, takes actual possession of the Premises and Improvements, Beneficiary is not and shall not be deemed to be:

    (a)    A "mortgagee in possession" for any purpose; or

    (b)    Responsible for performing any of the obligations of the Grantor as lessor under any lease; or

    (c)    Responsible for any waste committed by lessees or any other parties, any dangerous or defective condition of the Trust Estate, or any negligence in the management, upkeep, repair or control of the Trust Estate; or

    (d)    Liable in any manner for the Trust Estate or the use, occupancy, enjoyment or operation of all or any part of it.

    2.05    <u>Leasing</u>. Grantor shall not accept any deposit or prepayment of Rents for any rental period exceeding one (1) month without Beneficiary's express prior written consent (acting at the direction of the Lenders). Grantor shall not lease the Trust Estate or any part of it except strictly in accordance with the Loan Agreement. Grantor shall apply all Rents in the manner required by the Loan Agreement. Grantor shall deliver copies or originals of any or all Leases to Beneficiary as and when requested from time to time by Beneficiary.

16

2.06    <u>Application of Rents</u>.  Upon such entry, Beneficiary shall, after payment of all property charges and expenses (including, without limitation, reasonable compensation to such managing agent as it may select and employ) and after the accumulation of a reserve to meet requisite amounts, credit the net amount of the Rents received by it to the Obligations, but the manner of the application of such net income and which items shall be credited shall be determined in the sole discretion of Beneficiary.  Beneficiary shall not be accountable for more monies than it actually receives from the Trust Estate; nor shall it be liable for failure to collect Rents.  Beneficiary shall make reasonable efforts to collect Rents, reserving, however, within its own absolute and sole discretion, the right to determine the method of collection and the extent to which enforcement of collection of Rents shall be prosecuted and Beneficiary's judgment shall be deemed conclusive and reasonable.

2.07    <u>Indemnity</u>.  Grantor hereby agrees to indemnify and hold harmless Beneficiary for, from and against any and all losses, liabilities, obligations, claims, demands, damages, penalties, judgments, costs, and expenses, including legal fees and expenses, howsoever and by whomsoever asserted, arising out of or in any way connected with this assignment; and all such losses, liabilities, obligations, claims, demands, damages, penalties, judgments, costs and expenses shall be deemed added to the indebtedness secured hereby and shall be secured by any and all other instruments securing said indebtedness.

2.08    <u>No Obligation to Perform</u>.  Nothing contained herein shall operate or be construed to obligate Beneficiary to perform any obligations of Grantor under any Lease (including, without limitation, any obligation arising out of any covenant of quiet enjoyment therein contained in the event the lessee under any such Lease shall have been joined as a party defendant in any action to foreclose and the estate of such lessee shall have been thereby terminated).  Prior to actual entry into and taking possession of the Premises by Beneficiary, this assignment shall not operate to place upon Beneficiary any responsibility for the operation, control, care, management or repair of the Trust Estate or any portion thereof, and the execution of this assignment by Grantor shall constitute conclusive evidence that all responsibility for the operation, control, care, management and repair of the Trust Estate is and shall be that of Grantor, prior to such actual entry and taking of possession.

ARTICLE III
SECURITY AGREEMENT

3.01    <u>Creation of Security Interest</u>.  Grantor hereby grants to Beneficiary a security interest in and to all the Personal Property.

3.02    <u>Representations, Warranties and Covenants of Grantor</u>.    Grantor hereby represents, warrants and covenants (which representations, warranties and covenants shall survive creation of any indebtedness of Grantor to Beneficiary and any extension of credit thereunder) as follows:

(a)    The Personal Property is not used or bought for personal, family or household purposes.

17

(b)     The tangible portion of the Personal Property will be kept on or at the Premises or Improvements and Grantor will not, without the prior written consent of Beneficiary (acting at the direction of the Lenders), remove the Personal Property or any portion thereof therefrom except such portions or items of Personal Property which are consumed or worn out in ordinary usage, all of which shall be promptly replaced by Grantor with similar items of greater value.

(c)     At the request of Beneficiary, Grantor will join Beneficiary in executing one or more financing statements and fixture filings pursuant to the Uniform Commercial Code, in form satisfactory to Beneficiary (acting at the direction of the Lenders) and will pay the cost of recording and filing the same in all public offices wherever recording or filing is deemed by Beneficiary or the Lenders to be necessary or desirable.

(d)     Grantor's principal place of business is at the address given above in the preamble of this Deed of Trust.  Grantor does not do business under any trade name except as previously disclosed in writing to Beneficiary.  Grantor will immediately notify Beneficiary in writing of any change in its place of business or the adoption or change of any organizational name, trade name or fictitious business name, and will upon request of Beneficiary, execute any additional financing statements or other certificates necessary to reflect the adoption or change in trade name or fictitious business name.  Grantor will also promptly notify Beneficiary in writing (i) of any change of Grantor's organizational identification number or (ii) if Grantor does not now have an organizational identification number and later obtains one, of such organizational identification number.

(e)     Grantor shall immediately notify Beneficiary of any claim against the Personal Property adverse to the interest of Beneficiary therein.

3.03     Use of Personal Property by Grantor.  Until the occurrence of an Event of Default hereunder or under any other Loan Document, Grantor may have possession of the Personal Property and use it in any lawful manner not inconsistent with this Deed of Trust and not inconsistent with any policy of insurance thereon.  Upon default under any of the Loan Documents, or an Event of Default hereunder, Grantor will immediately turn over to Beneficiary possession of the Personal Property in the manner directed by Beneficiary.

3.04     Remedies Upon an Event of Default.

(a)     In addition to the remedies provided in Section 4.02 hereof, upon the occurrence of an Event of Default hereunder, Beneficiary may, at its option, do any one or more of the following:

(i)     Either personally, or by means of a court appointed receiver, take possession of all or any of the Personal Property and exclude therefrom Grantor and all others claiming under Grantor, and thereafter hold, store, use, operate, manage, maintain and control, make repairs, replacements, alterations, additions and improvements to and exercise all rights and powers of Grantor with respect to the Personal Property or any part thereof.  In the event Beneficiary demands, or attempts to take possession of the Personal Property in the exercise of any rights

18

under this Deed of Trust, Grantor agrees to promptly turn over and deliver possession thereof to Beneficiary;

(ii)     Without notice to or demand upon Grantor, make such payments and do such acts as Beneficiary may deem necessary to protect its security interest in the Personal Property (including, without limitation, paying, purchasing, contesting or compromising any Lien or Encumbrance, whether superior or inferior to such security interest) and in exercising any such powers or authority to pay all expenses (including, without limitation, litigation costs and reasonable attorney's fees) incurred in connection therewith;

(iii)     Require Grantor from time to time to assemble the Personal Property, or any portion thereof, at a place designated by Beneficiary and reasonably convenient to both parties, and deliver promptly such Personal Property to Beneficiary, or an agent or representative designated by Beneficiary. Beneficiary, and its agents and representatives, shall have the right to enter upon any or all of Grantor's premises and property to exercise Beneficiary's rights hereunder;

(iv)     Realize upon the Personal Property or any part thereof as herein provided or in any manner permitted by law and exercise any and all of the other rights and remedies conferred upon Beneficiary by this Deed of Trust, any other Loan Document, or by law, either concurrently or in such order as Beneficiary may determine;

(v)     Sell or cause to be sold in such order as Beneficiary may determine, as a whole or in such parcels as Beneficiary may determine, the Personal Property and the remainder of the Trust Estate;

(vi)     Sell, lease, or otherwise dispose of the Personal Property and the remainder of the Trust Estate at public sale, upon terms and in such manner as Beneficiary may determine. Beneficiary may be a purchaser at any sale; and

(vii)     Exercise any remedies of a secured party under the Uniform Commercial Code or any other applicable law.

(b)     Unless the Personal Property is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Beneficiary shall give Grantor at least five (5) days' prior written notice of the time and place of any public sale of the Personal Property or other intended disposition thereof to be made. Such notice may be mailed to Grantor at the address set forth in Section 5.05. If Beneficiary fails to comply with this Section 3.04(b) in any respect, its liability for such failure shall be limited to the liability (if any) imposed on it as a matter of law under the Uniform Commercial Code.

(c)     The proceeds of any sale under Section 3.04(a)(vi) shall be applied in accordance with Section 8 of the Loan Agreement.

(d)     Beneficiary may comply with any applicable state or federal law or regulatory requirements in connection with a disposition of the Personal Property and such compliance will not be considered to affect adversely the commercial reasonableness of any sale of the Personal Property.

(e)     Beneficiary may sell the Personal Property without giving any warranties as to such property, and may specifically disclaim any warranties of title, merchantability, fitness for a particular purpose or the like, and this procedure will not be considered to adversely affect the commercial reasonableness of any sale of the Personal Property.

(f)     Grantor acknowledges that a private sale of the Personal Property may result in less proceeds than a public sale.

(g)     Grantor acknowledges that the Personal Property may be sold at a loss to Grantor and that, in such event, Beneficiary shall have no liability or responsibility to Grantor for such loss.

Beneficiary shall have the right to enforce one or more remedies hereunder, successively or concurrently, and such action shall not operate to estop or prevent Beneficiary from pursuing any further remedy that it may have. Any repossession or retaking or sale of the Personal Property pursuant to the terms hereof shall not operate to release Grantor until full payment of any deficiency has been made in cash.

3.05    Security Agreement. This Deed of Trust constitutes and shall be deemed to be a "security agreement" for all purposes of the Uniform Commercial Code and Beneficiary shall be entitled to all the rights and remedies of a "secured party" under the Uniform Commercial Code.

3.06    Fixture Filing. Upon its recording in the real property records, this Deed of Trust shall be effective as a financing statement filed as a fixture filing. This Deed of Trust shall also be effective as a financing statement covering as extracted collateral (including oil and gas), accounts, instruments, documents, chattel paper and general intangibles under the Uniform Commercial Code and the Uniform Commercial Code as in effect from time to time in any other state where the Trust Estate is situated. In addition, a carbon, photographic or other reproduced copy of this Deed of Trust and/or any financing statement relating hereto shall be sufficient for filing and/or recording as a financing statement. The filing of any other financing statement relating to any personal property, rights or interests described herein shall not be construed to diminish any right or priority hereunder.

3.07    Authorization to File Financing Statements; Power of Attorney. Grantor hereby authorizes Beneficiary and the Lenders at any time and from time to time to file any initial financing statements, amendments thereto, and continuation statements with or without signature of Grantor as authorized by applicable law, as applicable to the Trust Estate. For purposes of such filing, Grantor agrees to furnish any information requested by Beneficiary or the Lenders promptly upon request by Beneficiary or the Lenders. Grantor also ratifies its authorization for Beneficiary and the Lenders to have filed any like initial financing statements, amendments thereto, or continuation statements if filed prior to the date of this Deed of Trust. Grantor hereby

20

irrevocably constitutes and appoints Beneficiary and any officer or agent of Beneficiary, with full power of substitution, as its true and lawful attorneys-in-fact with full irrevocable power and authority in the place and stead of Grantor or in Grantor's own name to execute in Grantor's name any such documents and to otherwise carry out the purposes of this Section 3.07, to the extent that Grantor's authorization above is not sufficient. To the extent permitted by law, Grantor hereby ratifies and affirms all acts said attorneys-in-fact shall lawfully do, have done in the past, or caused to be done in the future by virtue hereof. This power of attorney is a power coupled with an interest and shall be irrevocable.

ARTICLE IV<br>REMEDIES UPON DEFAULT

4.01   <u>Event of Default</u>.  An Event of Default under the Loan Agreement or any other Loan Documents, and any breach, default or failure to comply with any provision of this Deed of Trust constitutes an **"Event of Default"** under this Deed of Trust.

4.02   <u>Acceleration Upon Default; Additional Remedies</u>.  Upon the occurrence of an Event of Default, Beneficiary may, at its option, declare all or any part of the Obligations immediately due and payable without any presentment, demand, protest or notice of any kind. Beneficiary, in addition to the exercise of any or all of the remedies specified elsewhere in this Deed of Trust, may exercise any or all of the remedies specified in this Article IV.

4.03   <u>Entry</u>.  Beneficiary, in person, by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court, <u>ex parte</u>, without notice to Grantor, or otherwise, and without regard to the adequacy of its security or the solvency of Grantor, may enter, take possession of, manage and operate all or any part of the Trust Estate, and may also do any and all other things in connection with those actions that Beneficiary may in its sole discretion consider necessary and appropriate to protect the security of this Deed of Trust, without notice to Grantor. Such other things may include: taking and possessing all of Grantor's or the then owner's Books and Records; entering into, enforcing, modifying, or canceling Leases on such terms and conditions as Beneficiary may consider proper; obtaining and evicting tenants; fixing or modifying Rents; collecting and receiving any payment of Rents and other money owing to Grantor; completing any unfinished construction; and/or contracting for and making repairs and alterations. If Beneficiary so requests, Grantor shall assemble all of the Trust Estate that has been removed from the Premises and make all of it available to Beneficiary at the site of the Premises. Grantor hereby irrevocably constitutes and appoints Beneficiary as Grantor's attorney-in-fact, with full power of substitution, to perform such acts and execute such documents as Beneficiary in its sole discretion may consider to be appropriate in connection with taking these measures, including endorsement of Grantor's name on any instruments. The appointment granted in this Section 4.02(a) shall be deemed to be a power coupled with an interest. Regardless of any provision of this Deed of Trust or any other Loan Document, Beneficiary shall not be considered to have accepted any property other than cash or immediately available funds in satisfaction of any obligation of Grantor to Beneficiary, unless Beneficiary has given express written notice of Beneficiary's election of that remedy in accordance with Section 9-620 of the Uniform Commercial Code. The entering upon and taking possession of the Trust Estate, the collection of such Rents and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done in response to such

4134-7986-2547.2

default or pursuant to such notice of default and, notwithstanding the continuance in possession of all or any portion of the Trust Estate or the collection, receipt and application of Rents, Beneficiary shall be entitled to exercise every right provided for in any of the Loan Documents or by law upon occurrence of any Event of Default, including, without limitation, the right to exercise the power of sale.

4.04    <u>Judicial Foreclosure</u>.  Upon an Event of Default, Beneficiary may commence an action to foreclose the lien of this Deed of Trust as a mortgage, appoint a receiver, or specifically enforce any of the covenants hereof.

4.05    <u>Public Trustee Foreclosure</u>.   Upon an Event of Default, Beneficiary may exercise the power of sale herein contained.

(i)    If Beneficiary elects to exercise the power of sale herein contained, Beneficiary shall notify Trustee and shall deposit with Trustee this Deed of Trust, the Loan Agreement and such receipts and evidence of expenditures made and secured hereby as Trustee may require.

(ii)    Upon receipt of Beneficiary's Notice of Election and Demand for Sale, Trustee shall record same in the real estate records of the Clerk and Recorder's office of the County in which the Premises is located within the time allowed by applicable law.  Thereafter, Trustee shall publish a notice of sale for the time and in the manner provided by applicable law and shall mail copies of such notice of sale in the manner prescribed by applicable law to Grantor and to the other persons prescribed by applicable law.  After the lapse of such time as may be required by applicable law, at the time and place of sale fixed by it in such notice of sale, Trustee, without demand on Grantor, shall sell the Trust Estate which can be sold by the Trustee under applicable law, either as a whole, or in separate lots or parcels or items as Trustee shall deem expedient, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States payable at the time of sale. Trustee shall deliver to such purchaser or purchasers thereof its good and sufficient certificate or certificates describing such property and the time when the purchaser will be entitled to Trustee's deed or deeds conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed or deeds shall be <u>prima facie</u> evidence of the truth of the statements made therein. Any person, including, without limitation, Grantor or Beneficiary, may purchase at such sale and Grantor hereby covenants to warrant and defend the title of such purchaser or purchasers.

(iii)    Subject to the laws of the state within which this Deed of Trust is recorded, Trustee may postpone sale of all or any parcel of the Trust Estate by public announcement at the time and place of any previously scheduled sale.

4.06    <u>Appointment of Receiver</u>.  Beneficiary, as a matter of right and without notice to Grantor or any one claiming an interest in Grantor or under the Loan Documents, and without regard to the then value of the Trust Estate or the interest of Grantor therein, shall have the right to apply to any court having jurisdiction, either <u>ex parte</u>, without notice to Grantor, or otherwise, and without regard to the adequacy of its security or the solvency of the Grantor, to appoint a

22

4134-7986-2547.2

receiver or receivers of the Trust Estate, and Grantor hereby irrevocably consents to such appointment and waives notice of any application therefor. Any such receiver or receivers shall have all the usual powers and duties of receivers in like or similar cases and all the powers and duties of Beneficiary in case of entry as provided herein and shall continue as such and exercise all such powers until the later of the date of confirmation of sale of the Trust Estate or the date of expiration of any redemption period unless such receivership is sooner terminated.

4.07    Credit Bid. In the event of any bankruptcy auction sale with respect to any or all of the Trust Estate, whether such sale is conducted pursuant to United States Code Title 11, Section 363 or United States Code Title 11, Section 1129(b)(2)(A), Beneficiary shall have the absolute right to bid and become the purchaser at any such sales and credit the Obligations against any such successful bid.

4.08    Other Remedies.  Upon an Event of Default, Beneficiary may exercise all other rights and remedies provided herein, in any Loan Document or other document or agreement now or hereafter securing or guarantying all or any portion of the Obligations, or by law or at equity.

4.09    Remedies Not Exclusive.   Beneficiary is entitled to enforce payment and performance of any and all of the Obligations and to exercise all rights and powers under the Loan Documents and under the law now or hereafter in effect, notwithstanding some or all of the Obligations may now or hereafter be otherwise secured or guaranteed.  Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other rights herein contained, shall prejudice or in any manner affect Beneficiary's right to realize upon or enforce any other security or guaranty now or hereafter held by Beneficiary, it being agreed that Beneficiary is entitled to enforce this Deed of Trust and any other security or any guaranty now or hereafter held by Beneficiary in such order and manner as Beneficiary may in its absolute discretion determine.  No remedy herein conferred upon or reserved to Beneficiary is intended to be exclusive of any other remedy herein or by law provided or permitted, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing under the law or at equity.  Every power or remedy given by any of the Loan Documents or by law to Beneficiary or to which Beneficiary may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Beneficiary and, to the extent permitted by law, either of them may pursue inconsistent remedies.

4.10    Application of Proceeds.  To the extent permitted by law, the proceeds of the sale of the Trust Estate or any portion thereof shall be applied in accordance with Section 8 of the Loan Agreement.

To the extent allowed under applicable law, if the Obligations include more than one loan or line of credit, by cross collateralization or otherwise, it is specifically agreed that the proceeds of any sale of the Trust Estate or any portion thereof or any other foreclosure action shall not be applied pro-rata unless such application is directed by Beneficiary, but instead shall be applied to all such Obligations in any order, proportions and manner as Beneficiary in its sole and absolute discretion may choose.

4134-7986-2547.2

ARTICLE V
MISCELLANEOUS

5.01    <u>Change, Discharge, Termination, or Waiver</u>.  No provision of this Deed of Trust may be changed, discharged, terminated, or waived except in a writing signed by the party against whom enforcement of the change, discharge, termination, or waiver is sought.  No failure on the part of Beneficiary to exercise and no delay by Beneficiary in exercising any right or remedy under the Loan Documents or under the law shall operate as a waiver thereof.

5.02    <u>Grantor Waiver of Rights</u>.  Grantor waives, to the extent permitted by law, (a) the benefit of all laws now existing or that may hereafter be enacted providing for any appraisement before sale of any portion of the Trust Estate, and (b) all rights of redemption, valuation, appraisement, stay of execution, notice of election to mature or declare due the Obligations and marshaling in the event of foreclosure of the liens hereby created, and (c) all rights and remedies that Grantor may have or be able to assert by reason of the laws of the State of Colorado pertaining to the rights and remedies of sureties.

5.03    <u>Statements by Grantor</u>.  Grantor shall, within ten (10) days after written notice thereof from Beneficiary, deliver to Beneficiary a written statement stating the unpaid principal of and interest under the Loan Agreement and any other amounts secured by this Deed of Trust and stating whether any offset or defense exists against such principal and interest or such other amounts.

5.04    <u>Release by Trustee</u>.  Upon written request of Beneficiary stating that all Obligations have been satisfied in full, and upon payment by Grantor of Trustee's fees, Trustee will release, the lien of this Deed of Trust form all or any portion of the Trust Estate then encumbered hereby.

5.05    <u>Notices</u>.  All notices, requests and demands to be made hereunder to the parties hereto shall be in writing and shall be delivered by hand, by electronic mail or sent by registered or certified mail, return receipt requested, through the United States Postal Service to the addresses shown below or such other address which the parties may provide to one another in accordance herewith.  Such notices, requests and demands, if sent by mail, shall be deemed given two (2) days after deposit in the United States mail, if sent by electronic mail, upon confirmation of receipt, and if delivered by hand, shall be deemed given when delivered.

|                    |                                          |
|--------------------|------------------------------------------|
| To Beneficiary:    | Rodney Square North                      |
|                    | 1100 North Market Street                 |
|                    | Wilmington, Delaware 19890               |
|                    | Attn: Jennifer Anderson                  |
|                    | Email: jkanderson@wilmingtontrust.com    |
|                    |                                          |
| With copies to:    | Orrick, Herrington & Sutcliff LLP        |
|                    | 51 West 52nd Street                      |
|                    | New York, NY 10019                       |
|                    | Attn: B. J. Rosen                        |
|                    | Email: bjrosen@orrick.com                |

24

and

Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10017
Attn: Alan Glantz
Email: alan.glantz@arnoldporter.com

To Grantor:        AVR AH LLC
514 East Hyman Avenue
Aspen, CO 81611
or
P.O. Box 4068
Aspen, CO 81612
Attn: Brooke A. Peterson

5.06    <u>Captions and References</u>.   The headings at the beginning of each section of this Deed of Trust are solely for convenience and are not part of this Deed of Trust.   Unless otherwise indicated, each reference in this Deed of Trust to a section or an exhibit is a reference to the respective section herein or exhibit hereto.

5.07    <u>Invalidity of Certain Provisions</u>.   If any provision of this Deed of Trust is unenforceable, the enforceability of the other provisions shall not be affected and they shall remain in full force and effect.   If the lien of this Deed of Trust is invalid or unenforceable as to any part of the debt, or if the lien is invalid or unenforceable as to any part of the Trust Estate, the unsecured or partially secured portion of the debt shall be completely paid prior to the payment of the remaining and secured or partially secured portion of the debt, and all payments made on the debt, whether voluntary or under foreclosure or other enforcement action or procedure, shall be considered to have been first paid on and applied to the full payment of that portion of the debt which is not secured or fully secured by the lien of this Deed of Trust.

5.08    <u>Subrogation</u>.   To the extent that proceeds of the Term Loans (as defined in the Loan Agreement) are used to pay any outstanding lien, charge or prior encumbrance against the Trust Estate, such proceeds have been or will be advanced by Beneficiary at Grantor's request and Beneficiary shall be subrogated to any and all rights and liens held by any owner or holder of such outstanding liens, charges and prior encumbrances, irrespective of whether said liens, charges or encumbrances are released.

5.09    <u>Attorneys' Fees</u>.   If any or all of the Obligations are not paid when due or if an Event of Default occurs, Grantor agrees to pay all costs of enforcement and collection and preparation therefore (including, without limitation, reasonable attorney's fees) whether or not any action or proceeding is brought (including, without limitation, all such costs incurred in connection with any bankruptcy, receivership, or other court proceedings (whether at the trial or appellate level)), together with interest therein from the date of demand at the Agreed Rate.

5.10     Governing Law.  THIS DEED OF TRUST SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF COLORADO, WITHOUT GIVING EFFECT TO CONFLICT OF LAWS PRINCIPLES.

5.11     Joint and Several Obligations.  If this Deed of Trust is signed by more than one party as Grantor, all obligations of Grantor herein shall be the joint and several obligations of each party executing this Deed of Trust as Grantor.

5.12     Number and Gender.  In this Deed of Trust the singular shall include the plural and the masculine shall include the feminine and neuter gender and vice versa, if the context so requires.

5.13     Loan Statement Fees.  Grantor shall pay the amount demanded by Beneficiary or its authorized loan servicing agent for any statement regarding the Obligations, provided, however, that such amount may not exceed the maximum amount allowed by law at the time request for the statement is made.

5.14     Counterparts.   This document may be executed and acknowledged in counterparts, all of which executed and acknowledged counterparts shall together constitute a single document.  Signature and acknowledgment pages may be detached from the counterparts and attached to a single copy of this document to form physically one document, which may be recorded.

5.15     No Merger of Lease.  If both the lessor's and lessee's estate under any lease or any portion thereof which constitutes a part of the Trust Estate shall at any time become vested in one owner, this Deed of Trust and the lien created hereby shall not be destroyed or terminated by application of the doctrine of merger unless Beneficiary so elects as evidenced by recording a written declaration executed by Beneficiary so stating, and, unless and until Beneficiary so elects, Beneficiary shall continue to have and enjoy all of the rights and privileges of Beneficiary as to the separate estates.  In addition, upon the foreclosure of the lien created by this Deed of Trust on the Trust Estate pursuant to the provisions hereof, any leases or subleases then existing and affecting all or any portion of the Trust Estate shall not be destroyed or terminated by application of the law of merger or as a matter of law or as a result of such foreclosure unless Beneficiary or any purchaser at such foreclosure sale shall so elect.  No act by or on behalf of Beneficiary or any such purchaser shall constitute a termination of any lease or sublease unless Beneficiary or such purchaser shall give written notice thereof to such tenant or subtenant.

5.16     Status of Title. Grantor represents and warrants to Beneficiary that:

(a)     Grantor has good and marketable direct title to the Trust Estate, except for minor defects in title that do not interfere with Grantor's ability to utilize the Trust Estate for its intended purposes

(b)     as of the date hereof, neither Borrower nor Grantor has received any notice of, nor has any knowledge of, any pending or contemplated condemnation proceeding affecting the Trust Estate or any sale of disposition thereof in lieu of condemnation.

26

4134-7986-2547.2

(c)     as of the date hereof, neither the Borrower nor Grantor is obligated under any right of first refusal, option or contractual right to sell, assign or otherwise dispose of any portion of the Trust Estate or any interest therein;

(d)     Grantor's exact legal name is correctly set forth in the introductory paragraph of this Deed of Trust;

(e)     Grantor is an organization of the type and (if not an unregistered entity) is incorporated in or organized under the laws of the state specified in the introductory paragraph of this Deed of Trust;

(f)     if Grantor is an unregistered entity (including, without limitation, a general partnership), it is organized under the laws of the state specified in the introductory paragraph of this Deed of Trust; and

(g)     Grantor's organizational identification number, if any, assigned by the state of incorporation or organization is correctly set forth on the first page of this Deed of Trust.

5.17    Integration.   The Loan Documents contain the complete understanding and agreement of Grantor and Beneficiary and supersede all prior representations, warranties, agreements, arrangements, understandings, and negotiations.

5.18    Binding Effect.   The Loan Documents will be binding upon, and inure to the benefit of, Grantor, Trustee and Beneficiary and their respective successors and assigns. Grantor may not delegate its obligations under the Loan Documents.

5.19    Time of the Essence.   Time is of the essence with regard to the each provision of the Loan Documents as to which time is a factor.

5.20    Survival.   The representations, warranties, and covenants of the Grantor and the Loan Documents shall survive the execution and delivery of the Loan Documents and the making of the Loan.

5.21    Costs and Expenses.   All costs and expenses reasonably incurred by Beneficiary in connection with entering into possession of the Trust Estate, either by a court-appointed receiver or by any other legally permissible means, assuming control with respect to the development, construction, operation, maintenance, repair and/or restoration of the Trust Estate and/or any Improvements thereon, enforcing all Leases and/or collecting all Rents due thereunder, and taking any and all other acts permitted under the Loan Documents which Beneficiary shall reasonably determine to be necessary for the administration of the Loan, to enforce the provisions and/or to carry out the purposes of the Loan Agreement, this Deed of Trust and/or other Loan Documents (including without limitation any reasonable attorney's fees, appraisal and/or appraisal review charges, environmental consulting, inspection and/or review costs, property inspection fees, consultant expenses and other similar costs) shall be reimbursed by Grantor on demand and, if not then paid, all such sums shall be added to the amount owing under the Loan Agreement and shall be secured by the lien of the Deed of Trust, and shall bear interest at the rate provided for in the Loan Agreement, including any applicable default rate.

For purposes hereof, Beneficiary shall include Beneficiary, the Lenders and any of their respective successors and/or assigns.

     5.22  <u>Further Assurances</u>.  At any time, and from time to time, upon request of Beneficiary, Grantor will make, execute and deliver, or will cause to be made, executed or delivered to Beneficiary or to Beneficiary's designee, and when requested by Beneficiary, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Beneficiary may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Beneficiary or the Lenders, be necessary or desirable in order to effectuate complete, perfect, continue, or preserve (1) Grantor's obligations under the Loan Agreement, this Deed of Trust, and the Loan Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Premises, whether now owned or hereafter acquired by Grantor.  Unless prohibited by law or Beneficiary agrees to the contrary in writing, Grantor shall reimburse Beneficiary for all costs and expenses incurred in connection with the matters referred to in this Section.

[BALANCE OF THIS PAGE INTENTIONALLY LEFT BLANK]
[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

4134-7986-2547.2

IN WITNESS WHEREOF, Grantor has executed this Deed of Trust to be effective as of the day and year first above written.

**GRANTOR**:

**AVR AH LLC**, a Colorado limited liability company

By: _____

Name: DEBORA A. PETERSON

Title: MANAGER

STATE OF COLORADO      )
                       ) ss:
COUNTY OF _PHKIN_       )

    The foregoing instrument was acknowledged before me this _28_ day of _MARCH_, _2018_, by _BROOKE PETERSON_, the _manager_ of AVR AH LLC, a Colorado limited liability company, and acknowledged that he/she executed the instrument on behalf of the said company.

    Witness my hand and official seal.

    My commission expires: _6-9-2022_

JOANN LEDINGHAM
Notary Public
State of Colorado
Notary ID # 20064022471
My Commission Expires 06-09-2022

_____
NOTARY PUBLIC

[Signature Page – Deed of Trust – Chiron]

## EXHIBIT A

## LEGAL DESCRIPTION

PARCEL A:

HOMESTEADS 1 THROUGH 9, AGRICULTURAL FACILITIES PARCEL AND PARCELS I THROUGH VII, RURAL AND REMOTE PARCELS, ACCORDING TO THE SECOND AMENDED SUBDIVISION EXEMPTION PLAT, ASPEN VALLEY RANCH, RECORDED OCTOBER 28, 2011 IN PLAT BOOK 98 AT PAGE 49.

COUNTY OF PITKIN, STATE OF COLORADO.

PARCEL B:

A TRACT OF LAND SITUATED IN LOT 1, SECTION 4, AND LOT 1, SECTION 5, TOWNSHIP 9 SOUTH, RANGE 85 WEST OF THE 6TH P.M., MORE FULLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WEST LINE OF SAID LOT 1, SECTION 5, WHENCE THE NORTHWEST CORNER OF SAID LOT 1, SECTION 5 BEARS NORTH 00 DEGREES 06 MINUTES 08 SECONDS WEST 628.22 FEET; THENCE NORTH 00 DEGREES 06 MINUTES 08 SECONDS WEST 628.22 FEET TO THE NORTHWEST CORNER OF SAID LOT 1, SECTION 5; THENCE NORTH 89 DEGREES 59 MINUTES 59

SECONDS EAST 992.08 FEET ALONG THE NORTH LINE OF SAID LOT 1, SECTION 5 AND LOT 1, SECTION 4; THENCE SOUTH 00 DEGREES 00 MINUTES 00 SECONDS WEST 823.12 FEET TO THE CENTER OF DRY WOODY CREEK; THENCE SOUTH 45 DEGREES 11 MINUTES 00 SECONDS WEST 23.22 FEET ALONG THE CENTER OF DRY WOODY CREEK; THENCE SOUTH 52 DEGREES 12 MINUTES 00 SECONDS WEST 195.35 FEET ALONG THE CENTER OF DRY WOODY CREEK; THENCE SOUTH 79 DEGREES 41 MINUTES 00 SECONDS WEST 263.65 FEET ALONG THE CENTER OF DRY WOODY CREEK; THENCE NORTH 56 DEGREES 00 MINUTES 00 SECONDS WEST 676.38 FEET TO THE POINT OF BEGINNING.

BEING HISTORICALLY DESCRIBED AS FOLLOWS:

A TRACT OF LAND SITUATED IN LOT 1, SECTION 4, AND LOT 1, SECTION 5, TOWNSHIP 9 SOUTH, RANGE 85 WEST OF THE 6TH P.M., MORE FULLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WEST LINE OF SAID LOT 1, SECTION 5 WHENCE THE WITNESS CORNER TO THE SOUTHEAST CORNER OF SAID SECTION 5 BEARS SOUTH 04 DEGREES 33 MINUTES EAST 2572.12 FEET; THENCE NORTH 626.37 FEET TO THE NORTHWEST CORNER OF LOT 1; THENCE EAST 989.82 FEET ALONG THE NORTH LINE OF SAID LOT 1, SECTION 5 AND LOT 1, SECTION 4; THENCE SOUTH 823.52 FEET TO THE CENTER OF DRY WOODY CREEK; THENCE SOUTH 45 DEGREES 11 MINUTES WEST 23.22 FEET ALONG THE CENTER OF DRY WOODY CREEK; THENCE 79 DEGREES 41 MINUTES WEST 263.65 FEET ALONG THE CENTER OF DRY WOODY CREEK; THENCE NORTH 56 DEGREES WEST 674.97 FEET TO THE WEST LINE OF SAID LOT 1, SECTION 5, THE POINT OF BEGINNING, COUNTY OF PITKIN, STATE OF COLORADO.

PARCEL C:

LOTS 6, 7, 8 AND 9, ASPEN VALLEY DOWNS SUBDIVISION P.U.D. ACCORDING TO THE FIRST AMENDED PLAT OF ASPEN VALLEY DOWNS SUBDIVISION P.U.D. RECORDED MARCH 22, 1999 IN PLAT BOOK 49 AT PAGE 2 AT RECEPTION NO. 429063.

COUNTY OF PITKIN
STATE OF COLORADO.

A-1

**EXHIBIT B**

DESCRIPTION OF PERSONAL PROPERTY

(a)     All personal property (including, without limitation, all goods, supplies, equipment, furniture, furnishings, fixtures, machinery, inventory, and construction materials and software embedded in any of the foregoing) in which Grantor now or hereafter acquires an interest or right, which is now or hereafter located on or affixed to the Premises or the Improvements or used or useful in the operation, use, or occupancy thereof or the construction of any Improvements thereon, together with any interest of Grantor in and to personal property which is leased or subject to any superior security interest, and all books, records, leases and other agreements, documents, and instruments of whatever  kind or character, relating to the Premises, Improvements, or such personal property;

(b)     All fees, income, rents, issues, profits, earnings, receipts, royalties, and revenues which, after the date hereof and while any portion of the Obligations remains unpaid or unperformed, may accrue from such personal property or any part thereof or from the Premises, the Improvements or any other part of the Trust Estate, or which may be received or receivable by Grantor from any hiring, using, letting, leasing, subhiring, subletting, subleasing, occupancy, operation, or use thereof;

(c)     All of Grantor's present and future rights to receive payments of money, services, or property, including, without limitation, rights to all deposits from tenants of the Premises or Improvements, rights to receive capital contributions or subscriptions from Grantor's partners or shareholders, amounts payable on account of the sale of partnership interests in Grantor or the capital stock of Grantor, accounts and other accounts receivable, deposit accounts, chattel paper (whether tangible or electronic), notes, drafts, contract rights, instruments, general intangibles, and principal, interest and payments due on account of goods sold or leased, services rendered, loans made or credit extended, together with title to or interest in all agreements, documents, and instruments, evidencing, securing or guarantying the same;

(d)     All other intangible property (and related software) and rights relating to the Premises, the Improvements, the personal property described in Paragraph (a) above or the operation, occupancy, or use thereof, including, without limitation, all governmental and non-governmental permits, licenses, and approvals relating to construction on or operation, occupancy, or use of the Premises or Improvements, all names under or by which the Premises or Improvements may at any time be operated or known, all rights to carry on business under any such names, or any variant thereof, all trade names and trademarks relating in any way to the Premises or the Improvements, and all good will and software in any way relating to the Premises or the Improvements;

(e)     Grantor's rights under all insurance policies covering the Premises, the Improvements, the Personal Property, and the other parts of the Trust Estate and any and all proceeds, loss payments, and premium refunds payable regarding the same;

(f)     All reserves, deferred payments, deposits, refunds, cost savings, and payments of any kind relating to the construction of any Improvements on the Premises;

B-1

(g)     All water stock relating to the Premises;

(h)     All causes of action, claims, compensation, and recoveries for any damage to, destruction of, or condemnation or taking of the Premises, the Improvements, the Personal Property, or any other part of the Trust Estate, or for any conveyance in lieu thereof, whether direct or consequential, or for any damage or injury to the Premises, the Improvements, the Personal Property, or any other part of the Trust Estate, or for any loss or diminution in value of the Premises, the Improvements, the Personal Property, or any other part of the Trust Estate;

(i)     All architectural, structural, mechanical, and engineering plans and specifications prepared for construction of Improvements or extraction of minerals or gravel from the Premises and all studies, data, and drawings related thereto; and also all contracts and agreements of the Grantor relating to the aforesaid plans and specifications or to the aforesaid studies, data, and drawings or to the construction of Improvements on or extraction of minerals or gravel from the Premises;

(j)     All commercial tort claims Grantor now has or hereafter acquires relating to the properties, rights, titles, and interests referred to in this Exhibit B or elsewhere in the Deed of Trust;

(l)     All letter of credit rights (whether or not the letter or credit is evidenced by a writing) Grantor now has or hereafter requires relating to the properties, rights, titles and interest referred to in this Deed of Trust;

(m)    All proceeds from sale or disposition of any of the aforesaid collateral and all supporting obligations ancillary thereto or arising in any way in connection therewith;

(n)     All proceeds from sale or disposition of any of the aforesaid collateral; and

(o)     All Grantor's rights in proceeds of the loan, if any, evidenced by the Loan Agreement.

As used in this Exhibit B the terms "Obligations", "Note", "Trust Estate", "Premises", "Improvements", and "Personal Property" shall have the meanings set forth in the Deed of Trust to which this Exhibit B is attached.

4134-7986-2547.2