# EXHIBIT 8

EXECUTION VERSION

AMENDMENT NO. 6

AMENDMENT NO. 6, effective as of April 30, 2020 (this "**Amendment**"), among CHARIF SOUKI, with an address at 1201 Louisiana St., Suite 3100, Houston Texas 77002, in his individual capacity (the "**Borrower**"), KARIM SOUKI, LINA SOUKI RIZZUTO AND CHRISTOPHER SOUKI, as Co-Trustees of the SOUKI FAMILY 2016 TRUST effective March 11, 2016, as amended (the "**Trust**"), STRUDEL HOLDINGS LLC, a Texas limited liability company ("**Strudel**"), AVR AH LLC, a Colorado limited liability company ("**AVR**"), TANGO 2, an exempted company incorporated in the Cayman Islands with limited liability ("**Tango 2**" and, together with the Trust, Strudel and AVR, the "**Guarantors**"), BERMUDEZ MUTUARI LTD. ("**Bermudez**"), as the lender (the "**Lender**") and WILMINGTON TRUST, NATIONAL ASSOCIATION, as administrative agent (in such capacity, including any successor thereto, the "**Administrative Agent**") for the Lender.

WHEREAS the Borrower, the Guarantors, the Lender and the Administrative Agent are parties to a Loan Agreement, dated as of April 27, 2017 (as amended by Amendment, Consent and Waiver No. 1 dated as of January 30, 2018, by Amendment No. 2 dated as of March 22, 2018, by Amendment No. 3 dated as of January 30, 2019, by Amendment No. 4 dated as of June 26, 2019, by Amendment No. 5 dated as of March 30, 2020 and as otherwise amended, restated, supplemented or modified and in effect immediately prior to the date hereof, the "**Loan Agreement**"); and

WHEREAS the Borrower and the Lenders wish now to amend the Loan Agreement in certain respects as set forth herein; and

NOW, THEREFORE, in consideration of the mutual agreements herein contained and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the parties hereto agree as follows:

Section 1. Definitions. Except as otherwise defined in this Amendment, terms defined in the Loan Agreement are used herein as defined therein.

Section 2. Amendment. Subject to the satisfaction of the conditions precedent set forth in Section 4 of this Amendment, the definition of "Maturity Date" in Section 1.1 of the Loan Agreement is hereby amended by replacing "April 30, 2020" with "May 6, 2020". Upon the satisfaction of such conditions precedent, the amendment contained in this Section 2 shall be deemed effective as of April 30, 2020.

Section 3. Reaffirmation; Acknowledgements and Agreements.

(a) Notwithstanding the effectiveness of this Amendment, each Security Document, the Guaranty, the Loan Agreement, each other Loan Document, and all guarantees, pledges, grants, security interests and other agreements thereunder shall continue to be in full force and effect and each Loan Party hereby reaffirms each Security Document, the Guaranty, the Loan Agreement and each other Loan Document, and all guarantees, pledges, grants, security interests and other agreements thereunder. This Amendment shall not be a novation. This Amendment shall not release, limit nor impair in any way (i) the Guaranty or (ii) any security interests or liens (or the priority thereof) held by the Administrative Agent for the benefit of any

Lender against any assets of any Loan Party arising under any Security Document or any other Loan Document.

(b) Each Loan Party acknowledges that on the date hereof all outstanding Obligations are valid in accordance with their terms and each Loan Party waives any defense, offset, counterclaim or recoupment with respect thereto. The Administrative Agent and the Lenders hereby expressly reserve all of their rights, remedies, and claims under the Loan Documents. Nothing in this Amendment shall constitute a waiver or relinquishment of (i) any Default or Event of Default under any of the Loan Documents, (ii) any of the agreements, terms or conditions contained in any of the Loan Documents except as expressly amended hereby, (iii) any rights or remedies of the Administrative Agent or any Lender with respect to the Loan Documents except as expressly amended hereby, or (iv) the rights of the Administrative Agent or any Lender to collect the full amounts owing to them under the Loan Documents.

(c) **Each Loan Party hereby agrees and acknowledges that the Secured Parties require and will require strict performance by the Loan Parties of all of their respective obligations, agreements and covenants contained in the Loan Agreement and the other Loan Documents (including any action or circumstance which is prohibited or limited during the existence of a Default or Event of Default), and no inaction or action by any Secured Party regarding any Default or Event of Default is intended to be or shall be a waiver thereof. Each Loan Party hereby also agrees and acknowledges that no course of dealing and no delay in exercising any right, power, or remedy conferred to any Secured Party in the Loan Agreement or in any other Loan Documents or now or hereafter existing at law, in equity, by statute, or otherwise shall operate as a waiver of or otherwise prejudice any such right, power, or remedy.**

(d) **Furthermore, each party hereto hereby agrees that, in no event and under no circumstance shall any past or future discussions with the Administrative Agent or any other Secured Party, serve to (i) cause a modification of the Loan Documents, (ii) establish a custom or course of dealing with respect to any of the Loan Documents, (iii) operate as a waiver of any existing or future Default or Event of Default under the Loan Documents, as amended hereby, (iv) entitle any Loan Party to any other or further notice or demand whatsoever beyond those required by the Loan Documents, as amended hereby, or (v) in any way modify, change, impair, affect, diminish or release any Loan Party's obligations or liability under the Loan Documents, as amended hereby, or any other liability any Loan Party may have to the Administrative Agent or any other Secured Party**

Section 4. <u>Conditions Precedent</u>. The amendment set forth in Section 2 shall become effective upon receipt by the Administrative Agent of counterparts of this Amendment executed by the Borrower, the Guarantors and the Lenders.

Section 5. <u>**Release**</u>**. FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH ARE HEREBY ACKNOWLEDGED, EACH LOAN PARTY HEREBY, FOR ITSELF AND ITS SUCCESSORS AND ASSIGNS, FULLY AND WITHOUT RESERVE, WAIVES, RELEASES, ACQUITS, AND FOREVER DISCHARGES EACH OF THE ADMINISTRATIVE AGENT AND EACH**

**LENDER AND ITS RESPECTIVE SUCCESSORS AND ASSIGNS, OFFICERS, DIRECTORS, EMPLOYEES, REPRESENTATIVES, AGENTS, ADVISORS, REPRESENTATIVES AND AFFILIATES (COLLECTIVELY THE "RELEASED PARTIES" AND INDIVIDUALLY A "RELEASED PARTY") FROM ANY AND ALL ACTIONS, CLAIMS, DEMANDS, CAUSES OF ACTION, JUDGMENTS, EXECUTIONS, SUITS, DEBTS, LIABILITIES, COSTS, DAMAGES, EXPENSES OR OTHER OBLIGATIONS OF ANY KIND AND NATURE WHATSOEVER, DIRECT AND/OR INDIRECT, AT LAW OR IN EQUITY, WHETHER NOW EXISTING OR HEREAFTER ASSERTED, WHETHER ABSOLUTE OR CONTINGENT, WHETHER DUE OR TO BECOME DUE, WHETHER DISPUTED OR UNDISPUTED, WHETHER KNOWN OR UNKNOWN (INCLUDING, WITHOUT LIMITATION, ANY CROSS-CLAIMS, OFFSETS, REDUCTIONS, REBATEMENT, CLAIMS OF USURY OR CLAIMS WITH RESPECT TO THE NEGLIGENCE OF ANY RELEASED PARTY) (COLLECTIVELY, THE "RELEASED CLAIMS"), FOR OR BECAUSE OF ANY MATTERS OR THINGS OCCURRING, EXISTING OR ACTIONS DONE, OMITTED TO BE DONE, OR SUFFERED TO BE DONE BY ANY OF THE RELEASED PARTIES, IN EACH CASE, ON OR PRIOR TO THE DATE HEREOF AND ARE IN ANY WAY DIRECTLY OR INDIRECTLY ARISING OUT OF OR IN ANY WAY CONNECTED TO ANY OF THIS AMENDMENT, THE LOAN AGREEMENT, ANY OTHER LOAN DOCUMENT OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY (COLLECTIVELY, THE "RELEASED MATTERS"). EACH LOAN PARTY, BY EXECUTION HEREOF, HEREBY ACKNOWLEDGES AND AGREES THAT THE AGREEMENTS IN THIS SECTION 5 ARE INTENDED TO COVER AND BE IN FULL SATISFACTION FOR ALL OR ANY ALLEGED INJURIES OR DAMAGES ARISING IN CONNECTION WITH THE RELEASED MATTERS HEREIN COMPROMISED AND SETTLED. EACH LOAN PARTY HEREBY FURTHER AGREES THAT IT WILL NOT SUE ANY RELEASED PARTY ON THE BASIS OF ANY RELEASED CLAIM RELEASED, REMISED AND DISCHARGED BY THE LOAN PARTIES PURSUANT TO THIS SECTION 5. IN AGREEING TO THIS SECTION 5, EACH LOAN PARTY CONSULTED WITH, AND HAS BEEN REPRESENTED BY, LEGAL COUNSEL AND EXPRESSLY DISCLAIM ANY RELIANCE ON ANY REPRESENTATIONS, ACTS OR OMISSIONS BY ANY OF THE RELEASED PARTIES AND HEREBY AGREES AND ACKNOWLEDGES THAT THE VALIDITY AND EFFECTIVENESS OF THE RELEASES SET FORTH HEREIN DO NOT DEPEND IN ANY WAY ON ANY SUCH REPRESENTATIONS, ACTS AND/OR OMISSIONS OR THE ACCURACY, COMPLETENESS OR VALIDITY HEREOF. THE PROVISIONS OF THIS SECTION 5 SHALL SURVIVE THE TERMINATION OF THIS AMENDMENT, THE LOAN AGREEMENT AND THE OTHER LOAN DOCUMENTS AND PAYMENT IN FULL OF THE OBLIGATIONS.**

Section 6.  Miscellaneous.

(a) Each Loan Party, jointly and severally, agrees to reimburse the Administrative Agent, the Lenders and their respective Affiliates for all reasonable out-of-pocket fees and expenses (including reasonable attorneys' fees and expenses) incurred by the Administrative Agent, the Lenders or such Affiliates in connection with the preparation,

negotiation, execution, administration and delivery of this Amendment and the documents delivered in connection herewith.

(b) References in the Loan Agreement (including references to the Loan Agreement as amended hereby) to "this Agreement" (and indirect references such as "hereunder", "hereby", "herein" and "hereof") shall be deemed to be references to the Loan Agreement, as amended by this Amendment.

(c) This Amendment shall constitute a Loan Document for purposes of the Loan Agreement and the other Loan Documents, and except as specifically modified by this Amendment, the Loan Agreement and the other Loan Documents shall remain unchanged and shall remain in full force and effect and are hereby ratified and confirmed.

(d) The execution, delivery and performance of this Amendment shall not constitute a forbearance, waiver, consent or amendment of any other provision of, or operate as a forbearance or waiver of any right, power or remedy of the Administrative Agent or any Lender under the Loan Agreement or any of the other Loan Documents, all of which are ratified and reaffirmed in all respects and shall continue in full force and effect.

(e) This Amendment shall be governed by, and construed in accordance with, the law of the State of New York.

(f) This Amendment may be executed in counterparts (and by different parties hereto in different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract. Delivery of an executed counterpart of a signature page of this Amendment in electronic (i.e., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Amendment.

(g) This Amendment, the Loan Agreement and the other Loan Documents represent the final agreement between the parties hereto and thereto and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties.

(h) By their execution hereof, the Lenders hereby direct the Administrative Agent to execute and deliver this Amendment.

[Signature Pages Follow]

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to the Loan Agreement to be duly executed and delivered as of the day and year first above written.

By: _____
CHARIF SOUKI

GUARANTORS:

**AVR AH LLC**

By: _____
Name: Charif Souki
Title: Owner

**STRUDEL HOLDINGS LLC**

By: _____
Name: Charif Souki
Title: Owner

**TANGO 2**

By: _____
Name: Charif Souki
Title: Owner

**KARIM SOUKI**, not in his individual capacity, but solely as Co-Trustee of the **SOUKI FAMILY 2016 TRUST**

By: _____
Name: Karim Souki
Title: Trustee

**LINA SOUKI RIZZUTO**, not in her individual capacity, but solely as Co-Trustee of the **SOUKI FAMILY 2016 TRUST**

By: _____
Name: Lina Souki Rizzuto
Title: Trustee

**CHRISTOPHER SOUKI**, not in his individual capacity, but solely as Co-Trustee of the **SOUKI FAMILY 2016 TRUST**

By: _____
Name: Chris Souki
Title: Trustee

[Signature Page to Amendment No. 6 (2017 Loan Agreement)]

**WILMINGTON TRUST, NATIONAL ASSOCIATION**,
as Administrative Agent

By: _____
Name:  Nicole Kroll
Title:    Assistant Vice President

[Signature Page to Amendment No. 6 (2017 Loan Agreement)]

LENDERS:

**NINETEEN77 CAPITAL SOLUTIONS A LP**, as Lender

By: UBS O'Connor LLC,
    as investment adviser

By: _____
Name: Baxter Wasson
Title: Managing Director

By: _____
Name: Rodrigo Trelles
Title: Managing Director


**BERMUDEZ MUTUARI LTD.**, as Lender

By: UBS O'Connor LLC,
    as investment adviser

By: _____
Name: Baxter Wasson
Title: Managing Director

By: _____
Name: Rodrigo Trelles
Title: Managing Director

[Signature Page to Amendment No. 6 (2017 Loan Agreement)]