

September 6, 2023

Via ECF

The Honorable Christopher M. Lopez
United States Bankruptcy Court
Southern District of Texas
515 Rusk Street, Courtroom 401
Houston, TX  77002

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

**Laura Metzger**

E lmetzger@orrick.com
D +1 212 506 5149
F +1 212 506 5151

      Re:    *In re: Strudel Holdings LLC and AVR AH LLC, Case No. 23-90757 (CML) (Jointly Administered)*

Dear Judge Lopez:

      On behalf of Nineteen77 Capital Solutions A LP, Bermudez Mutuari, Ltd., and UBS O'Connor LLC (together with Wilmington Trust National Association, the "Secured Parties"), we write concerning the hearing date for the Secured Parties' Motion to Dismiss the Chapter 11 Cases Pursuant to Section 1112(b) of the Bankruptcy Code (Dkt. 75) (the "Chapter 11 Motion"), which is required by statute to be heard no later than September 25, and decided no later than 15 days following the hearing.  The Secured Parties respectfully request that the Court schedule the hearing for a time convenient for the Court within the 30-day statutory period.[1]

      Section 1112(b)(3) of the Bankruptcy Code provides that "[t]he court shall commence the hearing on a motion under this subsection [1112(b)] not later than 30 days after filing of the motion . . . unless . . . compelling circumstances prevent the court from meeting the time limits established by this paragraph" and "decide the motion not later than 15 days after commencement of such hearing."  The Secured Parties filed their Motion under Section 1112(b) on August 24, making September 25 the statutory deadline to commence the hearing on the Chapter 11 Motion. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

      Although the Secured Parties would not bring this statutory deadline to the Court's attention under other circumstances, these actions are paradigmatic bad-faith filings that should be

---

[1]     The Secured Parties respectfully request guidance from the Court on this important issue before contacting the clerk in order to calendar a specific day.  While the Secured Parties hope that the Debtors' Motion Seeking Entry of an Order Precluding Certain Alleged Secured Parties From Submitting Credit Bids Pursuant to Sections 105(a) and 363(k) of the Bankruptcy Code (Dkt. 6) (the "Credit Bid Motion") may soon be mooted, the parties are currently scheduled to be before the Court on September 21, and as previously relayed to the Court are prepared to go forward on the Chapter 11 Motion at that time, but are of course amenable to any other date within the 30-day statutory period.



The Honorable Christopher M. Lopez
September 6, 2023
Page 2

dismissed before additional Court and party resources are wasted. The Debtors are not attempting to reorganize, but rather to relitigate issues they already lost in another forum.

As explained in the Secured Parties' Chapter 11 Motion, the Debtors are non-operating entities that each hold only one asset—the collateral pledged to the Secured Parties. The Debtors also each have only one material non-insider debt—their guaranty of loan obligations of their sole member, Charif Souki, who has defaulted under loan agreements with the Secured Parties (and Strudel has no other creditors). Indeed, if the Debtors' claims underlying the Credit Bid Motion and the Adversary Proceeding had merit (which they do not), the Debtors' would not be insolvent at all, making this entire case an exercise in mooting itself. The Debtors, controlled by Mr. Souki, filed for bankruptcy only after a New York court repeatedly denied their and Mr. Souki's attempts to enjoin foreclosure based on the same allegations they press here. That the automatic stay has given the Debtors exactly the relief they sought but could not obtain in New York makes clear what these filings are: an end run around the New York court and an abuse of the bankruptcy process to block the Secured Parties' foreclosure efforts. The Court should dismiss this Chapter 11 proceeding and lift the automatic stay, sending the parties back to the New York court to resolve the Secured Parties' pending motion to dismiss and imminent foreclosure on the ranch owned by Debtor AVR AH LLC in Colorado.

The Secured Parties thank the Court for its attention to this matter. To the extent the Court's schedule does not permit a hearing within the 30-day statutory period, the Secured Parties ask only that the Court schedule a hearing as soon as practicable.

Respectfully,

_/s/ Laura Metzger_____

Laura Metzger