IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| STRUDEL HOLDINGS LLC AND AVR AH LLC, | Case No. 23-90757 (CML) |
| Debtors.[1] | (Jointly Administered) |

**MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING SECURED PARTIES TO FILE EXHIBITS UNDER SEAL AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

Nineteen77 Capital Solutions A LP and Bermudez Mutuari, Ltd. (together, the "Lenders"), Wilmington Trust National Association, in its capacity as Administrative Agent (the "Administrative Agent" and together with the Lenders, the "Secured Parties"), by and through their undersigned counsel, respectfully submit this Motion for Entry of an Order (I) Authorizing Secured Parties to File Exhibits Under Seal and (II) Granting Related Relief (the "Seal Motion"). In support of the Seal Motion, the Secured Parties respectively represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AVR AH LLC (0148) and Strudel Holdings LLC (5426). The Debtors' service address is: PO Box 4068, Aspen, CO 81612.

## JURISDICTION

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 9013-1 and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## RELIEF REQUESTED

4.      By this Motion, the Secured Parties requests entry of an order, substantially in the form attached hereto as Exhibit A, the Secured Parties seek entry of an order, substantially in the form attached hereto (the "Order"), (i) authorizing the Secured Parties to file the Exhibits under seal and (ii) granting related relief.

## BACKGROUND

5.      On July 27, 2023, AVR AH LLC and Strudel Holdings LLC (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Alongside those petitions, Debtors filed a Motion Seeking Entry of an Order Precluding Certain Alleged Secured Parties from Submitting Credit Bids Pursuant to Sections 105(a) and 363(k) of the Bankruptcy Code (the "Credit Bid Motion") [Dkt. No. 6].

6.      The Secured Parties objected to the Credit Bid Motion., and this Court is scheduled to hear this issue on September 21, 2023 ("the Credit Bid Hearing").

2

7.      At the Credit Bid Hearing, the Secured Parties intend to submit certain exhibits which contain Confidential Information (the "Exhibits").  The Secured Parties seek to the following Exhibits referenced in Secured Parties Amended Exhibit and Witness List [Dkt. 135] under seal: Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 54, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69.

## BASIS FOR RELIEF

8.      Section 107(b)(1) of the Bankruptcy Code provides that a bankruptcy court may "protect an entity with respect to . . . confidential research, development, or commercial information."

9.      Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  The rule provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

10.      In this case, AVR AH LLC and Strudel Holdings LLC (collectively "the Debtors") and the Secured Parties have deemed the Exhibits confidential in this document production.

11.      The Secured Parties intend to use the Exhibits, which have been marked confidential, at the Hearing before this Court scheduled on September 21, 2021.  The Secured Parties believe it is critical that the Court be apprised of this information so it can make the most informed decision possible at the Hearing.

12.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.

13.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994).  If the material sought to be protected falls within one of section 107(b)'s enumerated categories, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Id*. at 27; *accord* 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court *shall*. . . *protect* an entity with respect to . . . confidential . . . commercial information . . . .") (emphasis added).

14.     Section 107(b)'s protections extend to "confidential . . . commercial information" whose disclosure "would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp*., 353 B.R 66, 75 (Bankr. D. Del. 2006) (*citing Orion Pictures*, 21 F.3d at 27-28); *see In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  "Commercial information" in this context need not rise to the level of a trade secret in order to warrant protection. *See Orion Pictures*, 21 F.3d at 27-28 (finding that section 107(b)(1) creates an exception to the general rule that coconturt records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

15.     Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

16.     Here, the Secured Parties do not seek to withhold from public disclosure all Exhibits for the Credit Bid Hearing.  Instead, the Secured Parties only seek to withhold that information which covers confidential commercial information or that information which is competitively sensitive and could potentially cause "commercial injury" to the Secured Parties or Debtors.  *See In re Alterra Healthcare Corp.*, 353 B.R. at 75.

## **NO PRIOR REQUEST**

17.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Secured Parties respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the Secured Parties to file the proposed Exhibits under seal.

Dated: September 19, 2023

Respectfully Submitted,

ORRICK HERRINGTON &
SUTCLIFFE LLP

*/s/ David Litterine-Kaufman*
Laura Metzger*
Darrell S. Cafasso*
David Litterine-Kaufman*
Nicholas A. Poli*
Mark Franke*
Harry F. Murphy*
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
E-mail:lmetzger@orrick.com
dcafasso@orrick.com
dlitterinekaufman@orrick.com
npoli@orrick.com
mfranke@orrick.com
hmurphy@orrick.com

Ryan Wooten
609 Main Street, 40th Floor
Houston, TX 77002
Telephone: (713) 658-6617
Email: rwooten@orrick.com

James W. Burke*
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Email: jburke@orrick.com

Nick Sabatino*
400 Capital Mall, Suite 3000
Sacramento, CA 95814
Telephone: (916) 447-9200
Email: nsabatino@orrick.com

*Attorneys  for Nineteen77 Capital
Solutions A LP, Bermudez Mutuari,
Ltd., and UBS O'Connor LLC*

6

**Exhibit A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>STRUDEL HOLDINGS LLC AND AVR AH LLC,<br><br>                        Debtors. | Chapter 11<br><br>Case No. 23-90757 (CML)<br><br>(Jointly Administered) |

### ORDER (I) AUTHORIZING THE SECURED PARTIES TO FILE EXHIBITs UNDER SEAL AND (II) GRANTING RELATED RELIEF

AND NOW, this ___ day of _____ 2010, upon consideration of the Motion of Nineteen77 Capital Solutions A LP and Bermudez Mutuari, Ltd. (together, the "Lenders"), Wilmington Trust National Association, in its capacity as Administrative Agent (the "Administrative Agent" and together with the Lenders, the "Secured Parties"), to seek an Entry of an Order (I) Authorizing Secured Parties to File Exhibits Under Seal and (II) Granting Related Relief (the "Seal Motion") and any responses thereto, and good cause appearing for relief requested in the Seal Motion, it is hereby

       ORDERED, that the Seal Motion is GRANTED; and it is further

       ORDERED, that pursuant to 11 U.S.C. § 107, Federal Rule of Bankruptcy Procedure 9018, and Southern District of Texas Bankruptcy Court Local Rules 9013-1 and 9037-1 that the Secured Parties may filed under seal those exhibits identified in the Seal Motion

Dated: _____, 2023

                               _____
                               CHRISTOPHER M. LOPEZ
                               UNITED STATES BANKRUPTCY JUDGE