United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| STRUDEL HOLDINGS LLC and AVR AH LLC, | Case No. 23-90757 (CML) |
| Debtors.[1] | (Jointly Administered) |

### ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 105(A) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS
**[Relates to Docket No. 74]**

The above-referenced debtors and debtors in possession (the "**Debtor**") filed its motion (the "**Motion**")[2] pursuant to sections 105(a), 330 and 331 of the Bankruptcy Code seeking authority to establish procedures for interim compensation and reimbursement of professionals. The Court has jurisdiction over the Motion and the relief requested in the Motion pursuant to 28 U.S.C. § 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order on the Motion. The relief requested by the Motion is in the best interests of the Debtor, the estate, creditors, stakeholders, and other parties in interest and the Debtor gave sufficient and proper notice of the Motion and related hearings. Upon consideration of the Motion and after hearing statements in support of the Motion during proceedings before this Court, the Court finds that good and just cause exists to grant the requested relief.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AVR AH LLC (0148) and Strudel Holdings LLC (5426). The Debtors' service address is: PO Box 4068, Aspen, CO 81612.

[2] Any capitalized term not expressly defined herein shall have the meaning ascribed to such term in the Motion.

14130133

**IT IS HEREBY ORDERED THAT:**

1. Except as may otherwise be provided by order of this Court authorizing the retention of specific professionals, all Professionals in these cases may seek interim compensation in accordance with the following procedures (collectively, the "**Compensation Procedures**"):

   a. On or after the fifth (5th) day of each month following the month for which compensation is sought, each Professional may file a monthly fee statement ("**Monthly Fee Statement**") describing and itemizing the fees and expenses (in accordance with the guidelines promulgated by the U.S. Trustee) incurred during the preceding month, together with a summary setting forth the total amount of fees, each Professional's (and any paraprofessional's) hourly rate, total time and fees, the amount of reimbursable expenses sought and the amount of any prepetition retainer held by the Professional to the following (collectively, the "**Application Recipients**" and each an "**Application Recipient**"): (i) the Debtors, PO Box 4068, Aspen, CO 81612; (ii) proposed counsel to the Debtors, Porter Hedges LLP, Attn: Joshua W. Wolfshohl (jwolfshohl@porterhedges.com) and Aaron J. Power (apower@porterhedges.com), 1000 Main Street, 36th Floor, Houston, Texas 77002; (iii) counsel to the O'Connor Defendants, Orrick, Herrington & Sutcliffe LLP, Attn: Laura Metzger (lmetzger@orrick.com); and (iv) the Office of the United States Trustee for the Southern District of Texas, Attn: Andrew Jimenez (Andrew.jimenez@usdoj.gov) and Ha Minh Nguyen (ha.nguyen@usdoj.gov). Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

   b. Each Application Recipient or any other party in interest will have until 4:00 p.m. (Prevailing Central Time) on the day that is fourteen (14) days after the filing of a Monthly Fee Statement (the "**Objection Deadline**") to object to the requested fees and expenses in accordance with paragraph (c) below. Upon the expiration of the Objection Deadline, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "**Maximum Monthly Payment**") that are not subject to an objection pursuant to subparagraph (c) below (the "**Actual Monthly Payment**").

   c. If any Application Recipient or any other party in interest objects to a Monthly Fee Statement, the objecting party shall, on or before the Objection Deadline, serve via email a written notice upon the respective Professional and each of the Application Recipients (the "**Notice of Objection to Monthly Fee Statement**") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to

    resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall be authorized to promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within fourteen (14) days (or such longer period as mutually agreed to by the Professional and the objecting party) after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "**Objection**") with the Court within three (3) business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, such Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "**Incremental Amount**"), or (ii) forego payment of the Incremental Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the parties may request that the Court consider the Objection.

d. Each Professional may submit its first Monthly Fee Statement no earlier than September 5, 2023. This initial Monthly Fee Statement will cover the period from the Petition Date through August 31, 2023. Thereafter, the Professionals may submit Monthly Fee Statements in the manner described above.

e. Beginning with the period ending on September 30, 2023, and at three-month intervals thereafter (each, an "**Interim Fee Period**"), each of the Professionals may file with the Court and serve on the Application Recipients an interim fee application (each, an "**Interim Fee Application**") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such Interim Fee Period. Each Interim Fee Application must include (i) the *Complex Case Fee Application Coversheet*,[3] (ii) a copy of the invoices for the interim applicable period (if hourly) or a calculation of the fee due for the interim application period (if non-hourly); (iii) an itemized list of expenses for which reimbursement is requested (if not contained in the copies of the invoices); and (iv) a proposed order in the form located on the Court's website. Application Recipients and other parties in interest will have twenty-one (21) days after filing of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including September 30, 2023.

f. The Court may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed thereto. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be

---

[3] *See* Complex Case Procedures, ¶ 60.

    authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

  g. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

  h. Upon the conclusion of a Professional's representation, such Professional shall file an application seeking final approval of all paid and unpaid fees and expenses (the "**Final Fee Application**").

  i. In each Interim Fee Application and Final Fee Application, all Professionals who (a) have been or are hereafter retained pursuant to section 327 or 1103 of the Bankruptcy Code or (b) are not retained by the Debtors pursuant to an order entered in connection with an ordinary course professionals motion shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court both in connection with any Interim Fee Application and Final Fee Application to be filed by the Professionals in these Chapter 11 Cases.

2. The service of Interim Fee Applications and Final Fee Applications (collectively, the "**Applications**") shall be limited to the Application Recipients and all other parties that have filed a notice of appearance with the Court and requested notice of pleadings in these Chapter 11 Cases shall be entitled to receive only notices of hearings on the Applications (the "**Hearing Notice**"), if any hearing is scheduled on an Interim Fee Application.

3. Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

14130133

4. A Professional shall not seek payment in a Final Fee Application for any amounts that such Professional previously sought in a Monthly Fee Statement or Interim Fee Application if (a) such Professional voluntarily waived or reduced such amounts to resolve formal or informal objections or (b) such amounts were disallowed by order of this Court.

5. The Debtors shall include all payments to retained professionals in these Chapter 11 Cases on their monthly operating report, detailed so as to state the amount paid to each retained professional; *provided* that amounts paid to ordinary course professionals may be stated in the aggregate on any monthly operating report.

6. Notwithstanding anything in this Order, all Professionals in these Chapter 11 Cases shall comply with the relevant U.S. Trustee Fee Guidelines and shall record time in increments of 1/10th of an hour.

7. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:  September 21, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

14130133