**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| STRUDEL HOLDINGS LLC and AVR AH LLC, | § § § | Case No. 23-90757 (CML) |
| | § | (Jointly Administered) |
| Debtors.[1] | § § | |

**ORDER (I) AUTHORIZING RETENTION AND EMPLOYMENT OF STOUT RISIUS ROSS, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION, (II) AUTHORIZING DESIGNATION OF DOUGLAS J. BRICKLEY AS CHIEF RESTRUCTURING OFFICER, AND (III) GRANTING RELATED RELIEF**
[Relates to Docket No. 72]

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an order pursuant to Bankruptcy Code sections 105(a), 327(a), 328, and 330, 363(b), and 1107 Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, (i) authorizing the Debtors to retain and employ Stout Risius Ross, LLC ("**Stout**") as the Debtors' financial advisor, as of the Petition Date, (ii) designating Douglas J. Brickley ("**Brickley**") as Chief Restructuring Officer, and (iii) granting related relief; and the Court being satisfied, based on the representations made in the Application and the Brickley Declaration, that Stout and Brickley are "disinterested" as such term is defined in Bankruptcy Code Section 101(14), as modified by Bankruptcy Code Section 1107(b), and as required under Bankruptcy Code Section 327(a), and that Stout and Brickley represent no interest adverse to the Debtors' estates with respect to the matters upon

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AVR AH LLC (0148) and Strudel Holdings LLC (5426). The Debtors' service address is: PO Box 4068, Aspen, CO 81612.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

which it is to be engaged; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it appearing that the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and it appearing that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Application and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Engagement Agreement, including without limitation the compensation provisions, are reasonable terms and conditions of employment and are hereby approved as set forth herein.

2. Pursuant to Bankruptcy Code sections 105(a) and 363(b), the Debtors are authorized to designate Brickley as Chief Restructuring Officer effective as of the Petition Date on the terms set forth in the Engagement Letter and as set forth herein.

3. Upon designation by the Debtors, Brickley shall be empowered and authorized to carry out all duties and responsibilities set forth in the Engagement Letter and the Brickley Declaration.

4. Pursuant to Bankruptcy Code sections 327(a), and 330, Bankruptcy Rules 2014(a) and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, as debtors in possession, are authorized to employ and retain Stout as their financial advisor effective as of the Petition Date on the terms set forth in the Engagement Letter.

5. Stout, as financial advisor, and Brickley, as Chief Restructuring Officer, shall be compensated in accordance with the applicable procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Bankruptcy Local Rules, and further orders of this Court for all services performed and expenses incurred on or after the Petition Date.

6. Stout and Brickley shall (i) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331 and the applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court; *provided, however*, that Stout shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Stout's fee applications in these Chapter 11 Cases, and (ii) make a reasonable effort to comply with the U.S. Trustee's requests for additional information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by Stout in these Chapter 11 Cases.

7. The indemnification provisions set forth in the Exhibit 1 to the Engagement Letter are hereby approved, subject, during the pendency of these Chapter 11 Cases, to the following:

  a. Subject to the provisions of subparagraphs (b)–(e) below, the Debtors are authorized to indemnify, and shall indemnify, Stout, with respect to the Engagement Letter, for any claims arising out of or related to the and/or the services to be provided in the Application, but not for any claim arising from, related to, or in connection with Stout's post-petition performance of any other services, unless such post-petition services and indemnification therefore are approved by this Court.

  b. The Debtors shall have no obligation to indemnify Stout (i) for any claim or expense that is finally and judicially determined by a final, non-appealable court order to have resulted primarily from Stout's gross negligence, bad faith, fraud, or other intentional misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Stout's

3

        contractual obligations if the Court determines that indemnification would not be permissible, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusion set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), *infra*, to be a claim or expense for which Stout should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order;

    c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Stout believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Engagement Letter, Stout must file an application in this Court, and the Debtors may not pay any such amounts to Stout before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Stout for indemnification and not as a provision limiting the duration of the Debtors' obligation to indemnify Stout.  All parties shall retain the right to object to any demand by Stout for indemnification, contribution or reimbursement; and

    d.  The indemnification provisions described in this Order supersede and replace any provision of the Engagement Agreements related to the indemnification of Stout or any other Indemnified Person to the extent the indemnification provisions described in this Order are inconsistent with those in Exhibit 1 to the Engagement Letter.

8. All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format. Billing records will use the U.S. Trustee's standard project categories. All billings will be recorded in increments of 0.1 of an hour.

9. The Retainer shall be held by Stout as security in a separate trust account throughout the Chapter 11 Cases until Stout's fees and expenses are awarded by the Court and payable to Stout on a final basis.  Notwithstanding anything to the contrary in the Application or the Brickley Declaration attached, Stout shall maintain the Retainer until the conclusion of its retention by the Debtors, at which time Stout will apply the Retainer to its final invoices or otherwise return the funds.

10. Stout shall provide ten (10) days' notice to the Debtors, the U.S. Trustee, and any Committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11. In the event that, during the pendency of these cases, Stout seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Stout's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided, however*, that Stout shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Stout's fee applications in these bankruptcy cases.

12. To the extent the Debtors wish to expand the scope of Stout's or Brickley's services beyond those services set forth in the Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these Chapter 11 Cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 21 days of the Debtors filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

13. Brickley and Stout shall use its reasonable efforts to avoid any duplication of services provided in these Chapter 11 Cases.

14. To the extent the Application, Engagement Letter or the Brickley Declaration is inconsistent with this Order, the terms of this Order shall govern.

15. Brickley and Stout will review their files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Brickley and/or Stout will promptly file a supplemental declaration, as required by Rule 2014 of the Federal Rules of Bankruptcy Procedure.

16. Brickley's fiduciary duties, as chief restructuring officer, shall be to the Debtors' estates and, if Brickley determines that he is being directed to take any action or refrain from taking any action that is inconsistent with such duties, or Brickley determines that consent, approval or direction is being withheld in a manner inconsistent with his fiduciary duties, he shall immediately notify the Court and seek appropriate relief on an expedited basis.

17. The Debtors, Brickley, and Stout are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

18. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

19. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: September 27, 2023

_____
Christopher Lopez
United States Bankruptcy Judge