United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 03, 2023
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| **STRUDEL HOLDINGS LLC and AVR AH LLC,** | § | Case No. 23-90757 (CML) |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**ORDER GRANTING DEBTORS' OMNIBUS MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order (this "**Order**") (I) authorizing the assumption and assignment of the Vehicle Leases listed on **Exhibit 1** to this Order and (II) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that venue is proper in this District pursuant to 11 U.S.C. § 1408; and this Court having found that this is a core proceeding pursuant to pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order on the Motion; and this Court having found that the relief requested by the Motion is in the best interests of the Debtors, their estate, creditors, stakeholders, and other parties in interest and the Debtors gave sufficient and proper notice of the Motion; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein during a hearing

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AVR AH LLC (0148) and Strudel Holdings LLC (5426). The Debtors' service address is: PO Box 4068, Aspen, CO 81612.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

14138715

before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1. The Debtors are authorized to assume the Vehicle Leases set forth on **Exhibit 1** attached to this Order as of the date of this Order the ("**Assumption and Assignment Date**"), subject to the Cure Dispute Procedures (as applicable), and assign the Vehicle Leases to the HOA. As of the Assumption and Assignment Date, the Vehicle Leases are hereby deemed to be assumed and assigned by the Debtors pursuant to section 365(a) of the Bankruptcy Code. Other than with respect to any Cure Dispute (as defined below), the counterparties to the Vehicle Leases shall be forever enjoined and barred from objecting to the ability of the Debtors to assume and assign the Vehicle Leases for any reason, including any reason that could have been raised under section 365 of the Bankruptcy Code.

2. The Debtors are authorized to and shall cure any defaults that exist under the Vehicle Leases in accordance with section 365(b) of the Bankruptcy Code.

3. The cure amount under section 365(b) of the Bankruptcy Code in connection with the assumption of the Vehicle Leases is hereby final as set forth in Exhibit 1, or as otherwise agreed by the parties or ordered by the Court (including for any Vehicle Lease for which there is a pending Cure Dispute as of the date hereof). The Debtors shall pay the cure amounts in connection with the assumption by the Assumption and Assignment Date, or as soon as reasonably practicable thereafter, subject to the Cure Dispute Procedures. Any claims for additional amounts as a cure obligation with respect to the Vehicle Leases is forever barred.

4. Any amendments to a Vehicle Lease made with the prior written consent of the applicable Vehicle Lease counterparty are hereby approved pursuant to section 363(b) of the Bankruptcy Code.

5. If there is any dispute to the Debtors' assumption and assignment of a Vehicle Lease that solely relates to the applicable cure amount (each a "**Cure Dispute**"), and the Debtors and the Vehicle Lease counterparty are unable to consensually resolve the Cure Dispute prior to entry of this Order, the following "**Cure Dispute Procedures**" shall govern:

   a. Any Vehicle Lease listed on Exhibit 1 to this Order that is not the subject of an objection, other than a Cure Dispute, shall be conditionally assumed on the Assumption and Assignment Date pending resolution of any Cure Dispute.

   b. Upon agreement with the applicable counterparty to the Vehicle Lease to be assumed, they may segregate the aggregate amount of the disputed portion of a cure amount on the Assumption and Assignment Date.

   c. Within seven (7) days of the resolution of the Cure Dispute (whether by order of this Court or agreement among the parties), the Debtors shall pay the portion of the cure amount ordered by this Court or agreed to among the parties to the Vehicle Lease to the applicable counterparty.

   d. Notwithstanding anything to the contrary herein, if this Court enters an order determining that the cure amount for a Vehicle Lease is greater than the cure amount set forth in Exhibit 1 to this Order, the Debtors shall have the right, at such time, seek to reject the Vehicle Lease up to 14 business days after entry of such order, in which case such Vehicle Lease will be deemed rejected as of such date.

   e. The Debtors and the Vehicle Lease counterparty shall have thirty (30) days after the Assumption and Assignment Date to resolve the Cure Dispute, after which the Debtors or the Vehicle Lease counterparty may seek relief from the Court to immediately adjudicate the Cure Dispute.

6. The Debtors have provided adequate assurance of future performance in respect of the Vehicle Leases, and no further showing of adequate assurance is necessary.

7. The Debtors are authorized to execute and deliver all instruments and documents and take any additional actions as are necessary or appropriate to implement and effectuate the assumption of the Vehicle Leases approved by this Order.

8. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in the Motion or this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than as set forth in the Motion, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection on any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(a), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The requirements set out in Bankruptcy Code section 365 and Bankruptcy Rule 6006 have been satisfied with respect to the Debtors' assumption and assignment of the Vehicle Leases.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

14. The requirements of Bankruptcy Code section 365 and Federal Rule of Bankruptcy Procedure 6006 have been satisfied with respect to the Debtors' rejection of the Co-Listing Agreement.

15. Nothing in the Motion or this Order shall prohibit the Debtors from filing one or more motions to reject, assume, or assume and assign executory contracts or unexpired leases.

Signed:  October 03, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

# **EXHIBIT 1**

**Vehicle Leases**

14138715

## VEHICLE LEASES

| Counterparty | Debtor Counterparty | Cure Amount | Street Address | City | State | Zip | Lease Description |
|---|---|---|---|---|---|---|---|
| Landmark Lincoln | AVR AH LLC | $0.00 | 5000 South Broadway | Englewood | CO | 80113 | 2020 Lincoln Navigator<br>Lease Term End Date: April 20, 2024 |
| The Huntington National Bank | AVR AH LLC | $0.00 | 1100 Wayzata Blvd., Suite 801 | Minnetonka | MN | 55305 | Toto Groundmaster 3500-D<br>Lease Term End Date: July 7, 2024 |
| Exchange Bank | AVR AH LLC | $0.00 | PO Box 397 | Kearney | NE | 68848 | 2021 Club Cars Commercial Lease<br>Lease Term End Date: April 1, 2025 |

14138715