**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **STRUDEL HOLDINGS LLC and** | § | **Case No. 23-90757 (CML)** |
| **AVR AH LLC,** | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |
| | § | |

**ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS**
**FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND**
**OTHER INTERESTS, (B) APPROVING THE PURCHASE AND SALE AGREEMENT,**
**(C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND**
**(D) GRANTING RELATED RELIEF**
(Relates to Doc. No. 5)

This matter is before the Court on the motion (the "***Sale Motion***") filed by the above-

captioned debtors and debtors-in-possession (collectively, the "***Debtors***") for entry of an order (this

"***Order***") (a) authorizing and approving the sale (the "***Sale***") of the Property[2] free and clear of all

Liens, claims and interests of any kind or nature whatsoever pursuant to that certain Purchase and

Sale Agreement (the "***Agreement***"), in substantially the form attached as <u>Exhibit A</u> to this Order,

by and among AVR AH, LLC ("***Seller***") and Chiron AVR LLC, a Delaware limited liability

company (as assignee of the Loans (as defined in the Agreement) and the Highest and Best Bid

and, together with any of its affiliates that are assignees under the Agreement, the "***Purchaser***");

(b) approving the Agreement; (c) authorizing the assumption and assignment of the Assigned

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  AVR AH LLC (0148) and Strudel Holdings LLC (5426).  The Debtors' service address is:  PO Box 4068, Aspen, CO 81612.

[2]      All capitalized terms not otherwise defined herein shall have the meanings ascribed in the Sale Motion or the Agreement, as applicable.

Contracts; (d) approving the bid received from Fleeger Family First LP (the "**Back-Up Bidder**") as the Back-Up Bidder and authorizing the Debtors to close a sale to the Back-Up Bidder pursuant to an agreement in substantially the form attached as <u>Exhibit B</u> to this Order, without further order from this Court, in the event that the Purchaser fails to close; and (e) granting certain related relief; and the Court having entered the *Order (I) Approving the Bidding Procedures, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* on August 10, 2023 (Doc. No. 53) (the "**Bid Procedures Order**"); and the Debtors having determined, after an extensive marketing process, that the Purchaser has submitted the highest or otherwise best bid for the Property and that the Back-Up Bidder submitted the second highest or otherwise best bid for the Property; and upon adequate and sufficient notice of the hearing before the Court on October 27, 2023 (the "**Sale Hearing**"); and the Court having reviewed and considered (x) the Sale Motion and all relief related thereto, (y) the objections thereto, if any, and (z) the statements of counsel and evidence presented in support of the relief requested by the Debtors at the Sale Hearing; and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and it appearing that the relief requested is in the best interests of the Debtors, their estates and creditors and other parties-in-interest; and upon the record of the Sale Hearing and all other pleadings and proceedings in these chapter 11 cases, including the Sale Motion; and after due deliberation thereon and good and sufficient cause appearing therefor, the Court hereby FINDS AND DETERMINES THAT:[3]

---

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are

**Jurisdiction, Final Order and Statutory Predicates**

A.     This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. § 1408.

B.     The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363 and 365 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

**Notice of the Sale**

C.     Notice of the sale of the Debtors' assets and the Sale Hearing was reasonably calculated to provide all interested parties with timely and proper notice of the Sale and Sale Hearing.

D.     As evidenced by the affidavits of service previously filed with the Court, proper, timely, adequate and sufficient notice of the Sale Hearing, Sale and the transactions contemplated thereby, including without limitation, the assumption and assignment of the Assigned Contracts to the Purchaser, was provided in accordance with the orders previously entered by this Court, sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9008.  The notices described herein were good, sufficient and appropriate under the circumstances, and no other or further notice of the Sale Motion, Sale Hearing, Sale or the assumption and assignment of the Assigned Contracts to the Purchaser is or shall be required.

---

incorporated herein to the extent not inconsistent herewith.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

E.      A reasonable opportunity to object and be heard with respect to the Sale and the Sale Motion and the relief requested therein (including the assumption and assignment of the Assigned Contracts to the Purchaser and any Cure Costs related thereto), has been afforded to all interested persons and entities.

### Purchaser Credit Bid Rights

F.      Pursuant to the *Stipulation and Agreed Order Regarding Motion Seeking Entry of an Order Precluding Certain Alleged Secured Parties From Submitting Credit Bids Pursuant to Sections 105(a) and 363(k) of the Bankruptcy Code* [Docket No. 143] (the "***Stipulation***"), the Debtors and the Lenders (as defined in the Agreement) agreed that the Lender Parties[4] would not exercise any right to credit bid at the Auction provided that the Debtors receive a bona fide third-party bid (that otherwise meets the Qualified Bidder requirements set forth in the Bid Procedures Order) from an entity that is not an insider or affiliate of the Debtors that would result in net cash sales proceeds of not less than $40 million.

G.      The Debtors did not receive a bona fide third-party bid (that met the Qualified Bidder requirements set forth in the Bid Procedures Order) that would result in net cash sales proceeds of not less than $40 million.

H.      The Lender Parties submitted a bid (such bid, the "***Credit Bid***") under section 363(k) of the Bankruptcy Code consistent with the terms of the Stipulation to purchase the Property, and the Credit Bid was a valid, proper, bona fide, and arm's length offer.  The aggregate purchase price to be paid by the Purchaser for the Property by its Credit Bid is $30.5 million (the "***Purchase Price***").

---

[4] "Lender Parties" refers collectively to Wilmington Trust National Association, as administrative agent, Nineteen77 Capital Solution A LP, and Bermudez Mutuari, Ltd.

I.      The Purchaser is the assignee of certain Loans made by the Lenders (as defined in the Agreement) in an amount equal to the Purchase Price (the "***Credit***").

**Good Faith Purchaser**

J.      This Order was negotiated and proposed by the Seller and the Purchaser without collusion, in good faith and from arms'-length bargaining positions.  The Agreement was negotiated, proposed and entered into by the Seller and the Purchaser without collusion, in good faith and from arms'-length bargaining positions.

K.      The Purchaser is not an "insider" or "affiliate" of the Debtors as those terms are defined in the Bankruptcy Code.  Upon the record at the Sale Hearing, the Court finds that the Purchaser has not acted in a collusive manner with any person, and the Purchase Price was not controlled by any agreement among the bidders and that there was no evidence presented at the hearing that would cause or permit the Agreement to be avoided under section 363(n) of the Bankruptcy Code; provided, however, that the findings in this paragraph shall be subject to paragraph 46.

L.      The Purchaser participated in the Auction in good faith and is a good faith buyer for purposes of section 363(m) of the Bankruptcy Code. The Purchaser (i) subjected its bids to the competitive bidding procedures set forth in the Bid Procedures Order and at the Auction; and (ii) disclosed all payments to be made by the Purchaser in connection with the Sale. Upon the record at the Sale Hearing, the Court finds that the Purchaser and the Lender Parties proceeded in good faith in connection with all material aspects of the Sale.  Accordingly, the Purchaser is entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code; provided, however, that any finding of good faith in this Order shall be subject to paragraph 46.

**Winning Bid and Back-Up Bid**

M.      The Purchaser submitted the highest and best offer for the Property.  In accordance with the Bid Procedures Order, as amended by the Second Notice of Amended Bid Deadlines (Doc. No. 145), potential bidders were afforded a reasonable opportunity to submit bids by September 29, 2023.  In accordance with the terms of the Bid Procedures Order, the Debtors received two Qualified Bids and the Lender Parties Credit Bid.  Accordingly, the Debtors conducted the Auction on October 4, 2023.

N.      At the conclusion of the Auction, the Debtors designated the Credit Bid from the Purchaser as Highest and Best Bid pursuant to the Bid Procedures Order.  No other entity or group of entities offered to purchase the Property on higher and better terms to the Debtors' estates than the Purchaser at the auction.

O.      On October 16, 2023, the Back-Up Bidder submitted a bid to the Debtors increasing its purchase price to $30 million.  On October 18, 2023, the Purchaser submitted a bid to the Debtors increasing its purchase price to $30.5 million.  The Debtors' determined that the Purchaser's revised bid is the Highest and Best Bid.  The Debtors' determination that the Agreement constitutes the highest and best offer for the Property is a good, valid and sound exercise of the Debtors' business judgment.

P.      The Debtors designated the bid from the Back-Up Bidder as the Back-Up Bid pursuant to the Bid Procedures Order.  Except for the Purchaser, no other entity or group of entities offered to purchase the Property on higher and better terms to the Debtors' estates than the Back-Up Bidder at the auction.  The Debtors' designation of the Back-Up Bidder is a good, valid and sound exercise of the Debtors' business judgment.

**No Fraudulent Transfer**

Q.     The consideration provided by the Purchaser pursuant to the Agreement (i) is the highest or otherwise best offer for the Property, (ii) will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative, and (iii) constitutes fair consideration and reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Voidable Transactions Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code and any other similar statute or common law rule) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. The Debtors' determination that the Agreement constitutes the highest or otherwise best offer for the Property constitutes a valid and sound exercise of the Debtors' business judgment.  Approval of the Sale Motion and the Agreement, and the consummation of the transactions contemplated thereby and by this Order, is in the best interests of the Debtors, their estates, creditors and other parties-in-interest.

R.     The Purchaser is not a mere continuation of any of the Debtors or their estates and there is no continuity of enterprise between the Purchaser and any of the Debtors.  The Purchaser is not holding itself out to the public as a continuation of any of the Debtors.  The Purchaser is not a successor to any of the Debtors or their estates and the Sale does not amount to a consolidation, merger or de facto merger of Purchaser and any of the Debtors.

**Validity of Transfer**

S.     The Debtors have (i) full corporate power and authority to execute and deliver the Agreement and all other documents contemplated thereby, (ii) all corporate authority necessary to consummate the transactions contemplated by the Agreement and (iii) taken all corporate and partnership action necessary to authorize and approve the Agreement and the consummation of the transactions contemplated thereby.  The Sale has been duly and validly authorized by all necessary

corporate action.  No consents or approvals, other than those expressly provided for in the Agreement, are required for the Debtors to consummate the Sale, Agreement or transactions contemplated thereby.  The sole member of the Seller has approved the Sale and the Agreement.

T.     The Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.  Neither the Debtors nor the Purchaser are fraudulently entering into the transaction contemplated by the Agreement.

U.     The Debtors have good and marketable title to the Property and are lawful owners of the Property.  Pursuant to section 363(f) of the Bankruptcy Code, the transfer of the Property to the Purchaser will be, as of the Closing Date (as defined below), a legal, valid and effective transfer of the Property, which transfer vests or will vest the Purchaser with all right, title, and interest of the Seller to the Property free and clear of (i) all liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims, encumbrances, and interests (including any right of first offer or refusal regarding or option to purchase any real property) relating to, accruing or arising any time prior to the Closing Date (collectively, the "*Liens*") and (ii) all debts arising under, relating to or in connection with any act of the Debtors or claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, rights with respect to Claims (defined below) and Liens (x) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, the Debtors'

or the Purchaser's interests in the Property, or any similar rights, or (y) in respect of taxes, restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (ii), "*Claims*"), relating to, accruing or arising any time prior to the Closing Date, except as expressly provided in this Order or the Agreement.

### Section 363(f) Is Satisfied

V.      The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtors may sell the Property free and clear of any Liens, Claims, and/or interests in the Property.

W.      The Debtors may sell the Property free and clear of all Liens, Claims and other interests of any kind or nature whatsoever against the Debtors, their estates or any of the Property (except as otherwise provided in this Order or the Agreement) because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Those holders of Liens or Claims against the Debtors, their estates or any of the Property who did not object or who withdrew their objections to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

### Compelling Circumstances for an Immediate Sale

X.      Good and sufficient reasons for approval of the Agreement and the Sale have been articulated. The relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest. The Debtors have demonstrated (i) good, sufficient and sound business purposes and justifications for approving the Agreement and (ii) compelling circumstances for the Sale outside of the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code.

Y.      Given all of the circumstances of these chapter 11 cases, the proposed Sale constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

Z.      The Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford.  The Sale neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates a liquidating plan of reorganization for the Debtors.

AA.     The consummation of the Sale and the assumption and assignment of the Assigned Contracts is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and 365 thereof.

### Adequate Assurance of Future Performance

BB.     The Purchaser has demonstrated adequate assurance of future performance with respect to the Assigned Contracts pursuant to section 365(b)(1)(C) of the Bankruptcy Code.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### General Provisions

1.      The relief requested in the Sale Motion, including the Sale, is granted and approved to the extent and as set forth in this Order.

2.      Any objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled by announcement to the Court during the Sale Hearing, the provisions of this Order, or by stipulation filed with the Court, including any and all reservations of rights included in such objections or otherwise (except the reservations of right and objections expressly preserved in this Order), are hereby denied and overruled with prejudice.  Those parties who did not object or withdrew their objections to the Sale Motion are deemed to have consented

pursuant to section 363(f)(2) of the Bankruptcy Code to the Sale of the Property in accordance with the terms of this Order.

<strong>Approval of the Agreement</strong>

3.      The Agreement as modified by this Order and all of the terms and conditions thereof are hereby approved.

4.      Subject to paragraph 46, the sale of the Property and the consideration provided by the Purchaser under the Agreement as determined by the Auction shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

5.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the Sale pursuant to and in accordance with the terms and conditions of the Agreement, (ii) close the Sale as contemplated in the Agreement and this Order, and (iii) execute and deliver, perform under, consummate, implement and fully close the Agreement, including the assumption and assignment of the Assigned Contracts to the Purchaser, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the Sale.  The Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement or any other Sale-related document.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Order.

6.      This Order shall be binding in all respects upon (a) the Debtors, (b) their estates, (c) all creditors of, and holders of equity interests in, the Debtors, (d) all holders of Liens, Claims or other interests (whether known or unknown) in, against or on all or any portion of the Property,

(e) the Purchaser and all successors and assigns of the Purchaser, (f) the Property and (g) any trustees, if any, subsequently appointed in the Debtors' chapter 11 cases or upon a conversion of these cases to cases under chapter 7 under the Bankruptcy Code.  This Order and the Agreement shall inure to the benefit of the Debtors, their estates and creditors, the Purchaser and the respective successors and assigns of each of the foregoing.  The findings with respect to the Purchaser shall be deemed findings with respect to the Lender Parties and the findings with respect to the Lender Parties shall be deemed findings with respect to the Purchaser.

**Approval of the Back-Up Bidder**

7.     In the event Purchaser fails to close the sale on or before November 22, 2023, the Debtors shall, in accordance with the terms of the Agreement and in this Order, to terminate the Agreement, retain the Deposit (as defined in the Agreement and on the terms set forth in paragraph 2(d) of the Agreement), and shall accept the bid of the Back-up Bidder and proceed to close a sale based on the terms of the Purchase and Sale Agreement with the Back-up Bidder dated October 24, 2023.  The Debtors shall file a notice with the Court, no later than November 23, 2023, that they intend to close a sale to the Back-Up-Bidder.  The Debtors shall close a sale to the Back-Up Bidder without further order from this Court, the Back-Up Bidder shall automatically be entitled to all rights and protections of the Purchaser under the terms of this Order and all findings of fact contained herein shall apply to the Back-Up Bidder to the same extent as set forth regarding the Purchaser in the event that the Purchaser fails to Close on or before November 23, 2023.  However, the Back-Up Bidder shall be released from any obligations under this Order or the Bid Procedures order as of November 30, 2023, and the Debtor shall return the Back-Up Bidder's deposit by December 2, 2023, provided, however, that the Back-Up Bidder may, in its sole discretion, extend the November 30, 2023 date one or more times, by written notice to the Debtors, prior to the

expiration of the then-current termination date, in which event the December 2, 2023 date shall be likewise extended for a period of four (4) calendar days from the then-current extended date established by the Back-Up Bidder.

<strong>Transfer of the Assets</strong>

8.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Property to the Purchaser on the Closing Date upon satisfaction and fulfillment or waiver of the conditions to Closing contained in the Agreement, and such transfer shall (a) constitute a legal, valid, binding and effective transfer of the Property, (b) vest the Purchaser with title to the Property and (c) upon the Debtors' receipt of the Purchase Price by credit to reduce the Loans, be free and clear of all Liens, Claims and other interests of any kind or nature whatsoever (other than as provided in this Order or the Agreement), including but not limited to, successor or successor-in-interest liability and Claims, with such Liens, including mechanics, materialmen and subcontractor Liens and rights to receive payment of trust funds, Claims and other interests to attach to the proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Property.  Notwithstanding anything to the contrary in this Order or the Agreement, the "**Closing Date**" shall occur no later than November 22, 2023.

9.      At the Closing the Lender Parties shall provide, at their election, either (a) a surety bond in the amount of the Purchase Price or (b) an amount in cash equal to the Purchase Price (less the Deposit) to be held in an interest-bearing account by the Title Company, in the case of either (a) or (b), to secure the extent of any obligations of Purchaser and/or the Lender Parties, as applicable, to Debtor to pay all or a portion of the Purchase Price in cash, in the event that a court of competent jurisdiction determines by Final Order (as defined in the Agreement) in the

Adversary Proceeding[5] commenced by the Debtors and the Other Plaintiffs[6] or in any other proceeding in a court of competent jurisdiction adjudicating the Lender Parties' claims with respect to the Obligations (as defined in the Loan Agreements), that the amount due by Debtor and the Other Plaintiffs to the Lender Parties and/or Purchaser (as applicable) on account of the Lender Parties' claims with respect to the Obligations (as defined in the Loan Agreements) is less than the Purchase Price.  For the avoidance of doubt, the security provided by the Purchaser and the Lender Parties to the Debtors and the Other Plaintiffs pursuant to this paragraph and the Agreement shall only be available to the Debtors and the Other Plaintiffs to the extent a court of competent jurisdiction disallows the Lender Parties' claims and liens or finds by Final Order that the Lender Parties and/or the Purchaser do not have a valid first priority lien and claim in an amount equal to the Purchase Price, and only to the extent of the difference between (x) the Purchase Price and (y) the amount of the Lender Parties and/or Purchaser's allowed  first priority lien and claim against the Property as determined by the Final Order.

10.     In the event that the Closing Date has not occurred in accordance with the Agreement (for reasons other than Debtors' breach of the Agreement), the Debtors shall provide a written notice to the Purchaser of a termination of the Agreement on November 23, 2023, and shall concurrently provide notice to the Back-Up Bidder to close the Back-Up Bidder Agreement by November 30, 2023, should the Back-Up Bidder Agreement still be valid in accordance with paragraph 7, above.

---

[5] "Adversary Proceeding" means in *AVR AH LLC et al. v. Nineteen77 Capital Solutions A LP, et al.*, Adv. Pro. No. 23-9003 (the "Adversary Proceeding").

11.     Upon the Closing (as defined in the Agreement), the Purchaser shall take title to and possession of the Property subject only to the Assumed Liabilities, if any, and any interests expressly provided for in this Order.

12.     Upon either (i) entry of a Final Order in the Adversary Proceeding or (ii) the closing shall occur with the Back-Up Bidder, only after termination of the Agreement with the Purchaser (in accordance with the terms of the Agreement), any and all liens, deeds of trust, claims, security interests, encumbrances and interests of any kind and nature (collectively, the "**Lenders' Claims**"), held by the Lender Parties or assignees of the Loans (as defined in the Agreement), are unconditionally released and extinguished with respect to the HOA Assets, which are:

a.     HOA Real Property: All of Seller's and all of Aspen Valley Ranch Homeowners' Association, Inc.'s (the "**HOA**") right, title, and interest in and to the land legally described on Exhibit C attached hereto, together with all easements, licenses, crossing permits, appurtenances and other rights, privileges and benefits appurtenant thereto and any land lying in the bed of any street, road, avenue, open or proposed, public or private, in front of or adjoining the said land or any portion thereof, to the center line thereof (collectively, the "**HOA Land**"), all residential and non-residential improvements thereon (including without limitation any water and sewage facilities and underground conduits located on the HOA Land and owned by Seller) (collectively, the "**HOA Improvements**"), and all oil, gas and other minerals and all oil, gas and other mineral rights.  The HOA Land and, the HOA Improvements are collectively referred to as the "**HOA Real Property**";

b.     HOA Intangible Property:  All of Seller's and all of the HOA's right, title, and interest in and to all design and other professional contracts pertaining to the design or construction of the HOA Improvements or any proposed improvements for the HOA Real Property and

all service and other contracts in effect as of August 20, 2021, relating to the HOA Real Property, hereto assignable permits, site plans, certificates of occupancy, transferrable development rights, development rights, plans and entitlements, and other public approvals if and to the extent related to the HOA Real Property, if any (the "**HOA Intangible Property**"); and

c.   HOA Personal Property. All of Seller's and all of the HOA's right, title, and interest in and to all furniture, furnishings, and appliances located in any residences or structures on the Property, fitness equipment, kitchen appliances and equipment, games of amusement, recreational vehicles, motorcycles, automobiles, tractors, wagons, snowmobiles, trailers, irrigation equipment, haying equipment, farming equipment, tools, supplies, machinery, apparatus  and other equipment used in the use, operation, enjoyment, management, repair and maintenance of the HOA Land and the HOA Improvements, and all other personal property owned by Seller and on the HOA Real Property as of August 20, 2021, as more fully detailed in Exhibit D, hereto (the "**HOA Personal Property**").

d.   Collectively, the HOA Real Property, the HOA Intangible Property and the HOA Personal Property are referred to herein as the "**HOA Assets**").

13.     Neither the Lenders Parties, any assignees of the Loans and/or the Lenders' Claims, nor the Purchaser shall foreclose on the HOA Assets prior to entry of a Final Order in the Adversary Proceeding, and with further order of the Court.  The Debtors shall not commence any avoidance action or adversary proceeding against the HOA or the HOA Assets without the prior written consent of the Lender Parties and entry of an Order by this Court.  Upon entry of a Final Order in the Adversary Proceeding or a Closing of the sale to the Back-Up Bidder, any and all claims, liens, or interest of any kind and nature held by the Lender Parties, assignees of the Loans and/or the

Lenders' Claims, or the Purchaser with respect to the HOA Assets, are unconditionally released and extinguished with respect to the HOA Assets.  The Lender Parties can elect to release the Lenders' Claims on the HOA Assets at any time in their sole and absolute discretion.

14.     For the avoidance of doubt, neither the Property nor the HOA Assets shall include any personal property located in or on Aspen Valley Ranch Homestead 5 including, without limitation, all furniture and art, and any other personal property, including without limitation, furniture and art, located or stored elsewhere and labeled as "H5 Personal Property."

15.     Except with respect to Assumed Liabilities, if any, and any interests expressly provided for in this Order, all persons and entities that are in possession of some or all of the Property on the Closing Date are directed to surrender possession of such Property to the Purchaser or its assignee at the Closing.  The provisions of this Order authorizing the sale of the Property free and clear of Liens, Claims and other interests of any kind or nature whatsoever (other than the Assumed Liabilities and any interests expressly provided for in this Order) shall be self-executing, and neither the Debtors, the Lender Parties, nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Order.

16.     The Debtors are hereby authorized to take any and all actions necessary to consummate the Agreement, including any actions that otherwise would require further approval by members or managers, as the case may be, without the need of obtaining such approvals.

17.     After the Closing has occurred in accordance with the Agreement and this Order, a certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any liens and other encumbrances of record except with respect to Assumed Liabilities or any interests expressly provided for in this Order.

18.     If any person or entity which has filed statements or other documents or agreements evidencing Liens on, or interests in, all or any portion of the Property (other than statements or documents with respect to any Assumed Liabilities or interests expressly provided for in this Order) shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements and any other documents necessary for the purpose of documenting the release of all Liens or interests which the person or entity has or may assert with respect to all or any portion of the Property, the Debtors are hereby authorized and directed, and the Purchaser and Lender Parties are hereby authorized, on behalf of the Debtors and each of the Debtors' creditors, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Property after the Closing has occurred in accordance with the Agreement and this Order.

19.     On the Closing Date (and after the Closing has occurred in accordance with the Agreement and this Order), this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Seller's interests in the Property.  This Order is and shall be effective as a determination that, on the Closing Date, all Liens, Claims and other interest of any kind or nature whatsoever existing as to the Property prior to the Closing Date, including without limitation any hypothecation, encumbrance, liability, Lien, Claim, Interest, security interest, security agreement, interest, mortgage, pledge, restriction, covenant, charge, license, preference, reclamation claim, cause of action, suit, contract, right of first refusal, offset and recoupment (except as specifically excepted in this Order) alter-ego, transferee or successor liability claims, tax (including federal, state and local tax), Governmental Order of any kind or nature, conditional sale or other title retention agreement or lease having

substantially the same effect as any of the foregoing, assignment or deposit arrangement in the nature of a security device, whether secured, unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, perfected or unperfected, allowed or disallowed, matured or unmatured, disputed or undisputed, material or immaterial, known or unknown (referred collectively, whether having arisen, been incurred or accrued prepetition or postpetition, whether imposed by agreement, understanding, law, equity or otherwise, as "*Encumbrances*") pursuant to Section 363(f) of the Bankruptcy Code, other than Assumed Liabilities or as otherwise provided in this Order or the Agreement, shall have been unconditionally released, discharged and terminated as against the Property, and that the conveyances described herein have been effected.  This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

20.     To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date, to operate under any (i) federal, state, or local governmental or regulatory license, permit, registration, and (ii) governmental authorization or approval of the Debtors with respect to the Property, and all such licenses, permits, registrations and governmental

authorizations and approvals are deemed to have been, and hereby are, deemed to be transferred to the Purchaser as of the Closing Date.

21.     To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Property sold, transferred or conveyed to the Purchaser on account of the filing or pendency of the Debtors' chapter 11 cases or the consummation of the transactions contemplated by the Agreement.  Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement and this Order.

22.     Notwithstanding anything contained in this Order or the Agreement to the contrary, nothing in this Order or the Agreement releases Purchaser from compliance with any applicable license, permit, registration, authorization, or approval of or with respect to a governmental unit as though such sale took place outside of bankruptcy.  Purchaser shall continue to honor and comply with the terms and requirements of any such applicable license, permit, registration, authorization or approval.

**Prohibition of Actions Against the Purchaser**

23.     Except for the Assumed Liabilities, if any, or as otherwise expressly provided for in this Order or the Agreement, the Purchaser shall not have any liability or other obligation of any of the Debtors arising under or related to any of the Property, and the Purchaser is not a "successor" to the Debtors or their estates by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates under any theory of law or equity.  Solely with respect to the Property and without limiting the claims asserted against the Lender Parties in the Adversary Proceeding, neither the Purchaser nor the Lender Parties shall have any liability or obligation to

the Debtors or their estates or any other person to provide any additional value, consideration or credit against the Loans other than the Purchase Price.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Agreement, the Purchaser shall not be liable for any Claims against any of the Debtors or any of their respective predecessors or affiliates, and the Purchaser shall have no successor, transferee or vicarious liabilities of any kind or character.

24.     Effective as of the Closing Date and except for the Assumed Liabilities or as otherwise expressly provided for in this Order or the Agreement, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants and other creditors, holding Liens, Claims or other interests of any kind or nature whatsoever against or in all or any portion of the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to any of the Debtors, the Property, the operation of any of the Debtors' businesses prior to the Closing Date or the transfer of the Property to the Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against the Purchaser, any of its affiliates, any of the foregoing's successors, assigns, assets or properties or the Property, such persons' or entities' Liens, Claims or interests in and to the Property, including, without limitation, the following actions:  (a) commencing or continuing in any manner any action or other proceeding against the Purchaser, any of its affiliates or any of the foregoing's successors, assigns, assets or properties; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Purchaser, any of its affiliates or any of the foregoing's successors, assigns, assets or properties; (c) creating, perfecting or enforcing any

Lien or other Claim against the Purchaser, any of its affiliates or any of the foregoing's successors, assigns, assets or properties; (d) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Purchaser, any of its affiliates or any of the foregoing's successors or assigns; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order, other orders of the Court or the Agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating or failing or refusing to transfer or renew any license, permit or authorization to operate any of the Property or conduct any of the businesses operated with the Property.

25.     On the Closing Date (and after the Closing has occurred in accordance with the Agreement and this Order), or as soon as possible thereafter, each creditor is authorized and directed, and the Purchaser and Lender Parties are hereby authorized, on behalf of each of the Debtors' creditors, to execute such documents and take all other actions as may be necessary to release Liens, Claims and other interests in or on the Property (except Assumed Liabilities or as otherwise provided in this Order), if any, as provided for herein, as such Liens, Claims and interests may have been recorded or may otherwise exist.

26.     The Debtors are authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the Agreement, any related agreements and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Debtors may determine are necessary or appropriate.  The execution of any such document or

the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act. Without limiting the generality of the foregoing, this Order shall constitute all approvals and consents, if any, required by the applicable business corporation, trust and other laws of the applicable governmental units, including for the change of the Debtors' corporate names, with respect to the implementation and consummation of the Agreement, any related agreements and this Order, and the transactions contemplated thereby and hereby.

27. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of any of the Debtors to sell and transfer the Property to the Purchaser in accordance with the terms of the Agreement and this Order. The transfer of the Property under the Agreement for the Purchase Price may not be avoided under any theory of avoidance or fraudulent transfer or under section 363(n) of the Bankruptcy Code.

28. After the Closing has occurred in accordance with the Agreement and this Order, the Purchaser will have given substantial consideration under the Agreement for the benefit of the Debtors, their estates and creditors. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential Claims and Liens as against the Property pursuant to the Order, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Liens against, interests in or Claims against any of the Debtors or any of the Property other than holders of Liens or Claims relating to Assumed Liabilities or as otherwise provided in this Order.

29. After the Closing has occurred in accordance with the Agreement and this Order, the Purchaser, its successors and assigns, shall be designated and appointed the Debtors' true and lawful attorney and attorneys, with full power of substitution, in the Debtors' name and stead, on

behalf of and for the benefit of the Purchaser, its successors and assigns, for any purpose as provided in the Agreement as amended by this Order, including for the following purposes: to demand and receive any and all of the Property and to give receipts and releases for and in respect of the Property, or any part thereof, and from time to time to institute and prosecute in the Debtors' name, for the benefit of the Purchaser, its successors and assigns, any and all proceedings at law, in equity or otherwise, which the Purchaser, its successors and assigns, may deem proper for the collection or reduction to possession of any of the Property, and to do all acts and things with respect to the Property which the Purchaser, its successors and assigns, shall deem desirable. The foregoing powers are coupled with an interest and are and shall be irrevocable by the Debtors.

30. Without limiting the generality of the foregoing, except as otherwise expressly provided in the Agreement or this Order, neither the Purchaser nor any Lender Party, shall be liable for any claims against or in the Property or against the Debtors or any affiliates of the Debtors, and the Purchaser and the Lender Parties shall have no successor, transferee, derivative, or vicarious liabilities of any kind or character, whether known or unknown as of the date of this Order, then existing or hereafter arising, whether fixed or contingent, asserted or unasserted, liquidated or unliquidated, with respect to the Debtors or any affiliate of the Debtors or any obligations of the Debtors or any affiliate of the Debtors relating to the Property arising prior to the Closing Date, including, but not limited to (a) environmental liabilities, debts, claims, or obligations arising from conditions first existing on or prior to the closing of the Sale (including, without limitation, the presence of hazardous, toxic, polluting, or contamination substances or wastes), which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.*; (b) any liabilities, debts, or obligations of or required to be paid by any Debtor for any taxes of any kind for any period; and

(c) any liabilities, debts, commitments, or obligations for any taxes relating to the operation of Property prior to the Closing Date.

**Assumption and Assignment of Assigned Contracts**

31.     Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing of the Sale, the applicable Debtor's assumption and assignment to the Purchaser, and the Purchaser's assumption on the terms set forth in the Agreement as modified by this Order, of the Assigned Contracts is hereby approved, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

32.     The Debtors are hereby authorized and directed in accordance with sections 105(a), 363 and 365 of the Bankruptcy Code to (a) assume and assign to the Purchaser, effective upon the Closing Date, the Assigned Contracts free and clear of all Claims, Liens or other interests of any kind or nature whatsoever and (b) execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign and transfer the Assigned Contracts to the Purchaser.

33.     The Assigned Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assigned Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Assigned Contracts after such assignment to and assumption by the Purchaser.

34.     All defaults or other obligations of any of the Debtors under the Assigned Contracts arising or accruing prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be

cured pursuant to the terms of the Agreement on the Closing Date or as soon thereafter as reasonably practicable.

35.     With respect to objections to any Cure Amounts or to Purchaser's adequate assurance of future performance that remain unresolved as of the Sale Hearing, such objections shall be resolved by a future Court hearing to be set at the request of the Debtors, the Purchaser and/or the respective counterparty, provided that, the Purchaser may remove any Assigned Contract in its sole discretion at any time prior to the Closing, or if the Cure Amount or objections to Purchaser's adequate assurance of future performance has not been determined by the Court prior to the Closing and the objection of any counterparty to such Assigned Contract has pending an unresolved objection to the assumption and assignment of such Assigned Contract at the time of Closing, the Purchaser may at its option proceed to seek the Court's determination of the assumption and assignment of such Assigned Contract or remove such Contract as an Assigned Contract.

36.     Nothing in this Order, the Sale Motion or in any notice or any other document is or shall be deemed an admission by the Debtors that any contract is an executory contract and/or unexpired lease or must be assumed and assigned pursuant to the Agreement or in order to consummate the Sale.

37.     The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such term(s) or condition(s) or of the Debtors' and Purchaser's rights to enforce every term and condition of such Assigned Contract.

38.     All parties to the Assigned Contracts are forever barred and enjoined from raising or asserting against the Purchaser any assignment fee, default, breach, Claim, pecuniary loss or condition to assignment arising under or related to the Assigned Contracts existing as of the

Closing Date or arising by reason of the Closing, except for any cure amounts or as otherwise provided in this Order.

## Other Provisions

39.     This Order and the Agreement shall be binding in all respects upon all creditors and equity-holders of any of the Debtors, all non-debtor parties to the Assigned Contracts, all successors and assigns of the Debtors and any of their respective affiliates and subsidiaries and any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtors' bankruptcy cases or upon a conversion of such cases to cases under chapter 7 of the Bankruptcy Code in accordance with the Bankruptcy Code and other applicable law.  The Agreement shall not be subject to rejection or avoidance under any circumstances.

40.     The Agreement may be modified, amended, or supplemented by the parties thereto in a writing signed by the parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates and is consistent with the terms of this Order.

41.     Except for the Assumed Liabilities, or as otherwise expressly provided for in this Order or the Agreement, the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates, including, but not limited to, any bulk sales or similar law, successor or transferee liability, antitrust law, labor law, de facto merger or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter raised, which may be asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors, or any of their predecessors or affiliates or any obligations of the Debtors or their predecessors or affiliates arising prior to the Closing Date, for any liabilities, debts, commitments or obligations (whether known or unknown, disclosed or undisclosed, absolute, contingent, inchoate, fixed or otherwise) in any way whatsoever relating to

or arising from the Property or the Debtors' operation of their businesses or use of the Property on or prior to the Closing Date.

42.     Nothing in this Order or the Agreement releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, and the Purchaser reserves all rights and defenses other than asserting that it is free of such liability on account of this Order with respect to any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order.

43.     The transactions contemplated by the Agreement are undertaken by the Purchaser and the Lender Parties without collusion, in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and such Sale are duly stayed pending such appeal.  The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

44.     Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) these chapter 11 cases, including any motion to dismiss these chapter 11 cases, (b) any subsequent chapter 7 cases into which these chapter 11 cases may be converted or (c) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Agreement (as modified by this Order).

45.     The failure to specifically include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the

Court that the Agreement be authorized and approved in its entirety; *provided*, *however*, that this Order shall govern if there is any inconsistency between the Agreement and this Order.  Likewise, all of the provisions of this Order are non-severable and mutually dependent.

46.    Notwithstanding anything in this Order or the Agreement, including, without limitation, any findings related to the good faith of the Lender Parties and the Purchaser with respect to the Auction, all of the claims, defenses, and rights of the Debtors, the Other Plaintiffs, the Lender Parties, and the Purchaser with respect to the Adversary Proceeding, any other motions or proceedings in this Court, any other proceedings (including, without limitation, and proceedings in New York State Court or the United States District Court for the Southern District of New York), and the calculation of damages and/or other remedies with respect to any of the foregoing are expressly reserved and preserved, and nothing in this Order shall impact or alter any such rights or claims.

47.    The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which any Debtor is a party or which has been assigned by any Debtor to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Property to the Purchaser, (b) interpret, implement and enforce the provisions of this Order, (c) protect the Purchaser against any Liens, Claims or other interest in or against any of the Debtors or the Property of any kind or nature whatsoever and (d) enter any orders under section 363 or 365 of the Bankruptcy Code with respect to the Assigned Contracts. Nothing contained herein shall be deemed a waiver of any right by the Lender Parties to move to dismiss the Debtors' Chapter 11

Cases or a consent to jurisdiction of this Court with respect to the Adversary Proceeding or any claims asserted by the Lender Parties or the Purchaser with regards to or in connection with any other claim or matter.

48.     Any amounts payable by any of the Debtors under the Agreement, the Bid Procedures Order or any of the documents delivered by any of the Debtors in connection with the Agreement or the Bid Procedures Order shall be paid in the manner provided in the Agreement or the Bid Procedures Order, without further order of this Court, shall be allowed administrative claims in an amount equal to such payments in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code, shall have the other protections provided in the Bid Procedures Order, and shall not be discharged, modified or otherwise affected by any reorganization plan for any of the Debtors, except by an express written agreement of the Purchaser or its successors or assigns.  For purposes of clarification, this Order authorizes payment of claims by the Debtors only as expressly set forth in this Order, under the Agreement, or under the Bid Procedures Order.

49.     No later than three (3) business days following entry of this Order, the Debtors' Chief Restructuring Officer, Douglas J. Brickley, shall cause this Order to be recorded, with (i) the Recorder of Pitkin County, Colorado, and (ii) the Colorado Secretary of State, who shall accept such recordings, as against the HOA Assets, as applicable.

50.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

51.     This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6004(h), 6006(d), 7062, 9014 or otherwise.  The Debtors and the Purchaser are authorized to close the Sale immediately upon entry of this Order in accordance with and subject in all respects to the terms and conditions of the Agreement.

52.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in these chapter 11 cases, the terms of this Order shall govern.

SIGNED this _____ day of _____, 2023.


_____
HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE