## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **STRUDEL HOLDINGS LLC and** | § | **Case No. 23-90757 (CML)** |
| **AVR AH LLC,** | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |
| | § | |

### DEBTORS' MOTION TO STRIKE PORTIONS OF APPELLANTS' DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL
(Relates to Doc. No. 262)

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), respectfully state the following in support of this motion (the "Motion") seeking to strike certain items designated for inclusion in the record on appeal by Nineteen77 Capital Solutions A LP and Bermudez Mutuari, Ltd., and Wilmington Trust National Association, in its capacity as Administrative Agent (collectively, the "Appellants").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AVR AH LLC (0148) and Strudel Holdings LLC (5426). The Debtors' service address is: PO Box 4068, Aspen, CO 81612.

15045267

## SUMMARY

1.      During the below-defined Hearing on the Appellants' Motion to Dismiss, the Court sustained the Debtors' objections to a number of documents proffered by the Appellants and thus refused to admit the documents into evidence or otherwise consider them in connection with the Motion to Dismiss.  The Court likewise refused to consider documents that were attached to the Appellants' pleadings in support of their Motion to Dismiss.  Nevertheless, the Appellants seek to include these very same materials in the record on appeal.  As explained below, however, precedent in this jurisdiction teaches that these documents, having not been considered by the Court—and in some cases, not even offered into evidence—cannot be included in the record on appeal. Accordingly, the Debtors respectfully request that this Court grant the Motion.

## BACKGROUND

2.      On July 27, 2023, the Debtors filed these jointly administered chapter 11 proceedings (collectively, the "Chapter 11 Cases").

3.      On August 24, 2023, the Appellants' filed their *Motion to Dismiss the Chapter 11 Cases Pursuant to Section 1112(b) of the Bankruptcy Code* [Dkt. No. 75] (the "Motion to Dismiss").

4.      On October 17, 2023, the Appellants filed a *Notice of Rescheduled Hearing for Lender Parties' Motion to Dismiss the Chapter 11 Cases* [Dkt. No. 197], which noticed the Motion to Dismiss for a hybrid hearing on October 27, 2023.

5.      During a hearing on October 19, 2023, the Court put the parties on notice that it expected witnesses to appear in person to testify at the hearing set for October 27, 2023:

> THE COURT: The other thing I will say is if we're going to go forward on the 27th, then any witness who's going  to appear, I want them live. I don't want any -- I want them here in Houston. The weather's behaving, so we can – it'll be early, so I want whoever's going to appear as a witness to come to Houston. I just want to make sure we can avoid tech issues and who's in the room stuff.

2

15045267

MR. DAVISON: Thank you, Your Honor.

THE COURT: And quite frankly, I think the rules have changed. They quite frankly require it unless the party – all the parties agree to it now, so I've got to make Isgur happy about following the rules.

Transcript of October 19, 2023 Hearing [Dkt. No. 211] at 28:16–29:2.

6.      On October 25, 2023, the Appellants filed their *Exhibit and Witness List for October 27, 2023 Hearing Regarding Lender Parties' Motion to Dismiss the Chapter 11 Cases* [Dkt. No. 213].  That same day, the Debtors filed their *Exhibit and Witness List for Hearing on October 27, 2023* [Dkt. No. 216], and the Appellants filed their *Reply in Support of their Motion to Dismiss the Chapter 11 Cases Pursuant to Section 1112(b) of the Bankruptcy Code* [Dkt. No. 218] (the "Appellants' Reply").

7.      During the October 27, 2023 hearing on the Motion to Dismiss (the "Hearing"), counsel for the Appellants sought to admit all exhibits listed on Dkt. No. 213 (collectively, the "Appellants' Exhibits") into evidence.  Transcript of October 27, 2023 Hearing [Dkt. No. 238] at 12:3–6.  However, the Debtors objected to Appellants' Exhibits 2–11, to which the Appellants' counsel responded as follows:

MR. KAUFMAN: Your Honor, so 2 through 11 are just the various contractual agreements that govern the parties' relationship. I think that they are a matter of record in these proceedings already. They're certainly referred to in the adversary complaint among other places. That said, I don't believe that they're critical for this motion, so I don't know that it makes sense to spend a lot of the Court's time arguing about their admissibility here.

*Id.* at 13:1–8.  Ultimately, only Appellants' Exhibits 1 and 12–33 as well as Debtors' Exhibits 1–22 were admitted into evidence.  *Id.* at 12:14–14:10.  Thus, the underlying agreements (Appellants' Exhibits 2–11) never became part of the evidentiary record, which the Court acknowledged precluded their consideration:

MR. WOLFSHOHL: Your Honor, as you know, Mr. Brickley is in the courtroom, but a lot of what you just heard was not evidence, it was argument. I'm going to

3

take things a little out of order just based on some of the most recent comments that
were made. First of all --

THE COURT: You mean I don't have actual debt documents into evidence?

MR. WOLFSHOHL: Well, you don't have -- the debt documents is the pledge
issue. Those are not in evidence.

THE COURT: Right. So I can't even consider the ultra vires issue, really because
I have no evidence there.

*Id.* at 41:12–22.  The Court likewise refused to consider material attached to the Appellants' Reply

but not admitted, or even offered, into evidence:

MR. KAUFMAN: Yeah. And then lastly, as to the point made by counsel for Ajax
there were deposition transcripts attached to our filings. I had understood our
colloquy at the beginning to mean that those transcripts would be part of the
evidentiary record here. I apologize if I misunderstood. I'm happy to kind of have
those read into the record or have them [indiscernible].

THE COURT: I think 1 and 12 through 33 are admitted. That's what I admitted.

MR. KAUFMAN: Those are on the exhibits. This is also -- there is a certain
deposition testimony that we quoted in our reply and the –

THE COURT: That's not -- I haven't admitted that, if that's what you're asking.

MR. KAUFMAN: Okay. I would ask that it be admitted.

MR. DAVIDSON: Objection, Your Honor. They rested.

THE COURT: Yeah. Facts closed, I can't consider it. . . .

*Id.* at 68:8–69:2.

8.      On November 24, 2023, the Appellants' filed their *Statement of Issues to Be

Presented on Appeal and Designation of Items to Be Included in the Record on Appeal* [Dkt. No.

262] (the "Appellants' Designation").  In complying with the Court's notice at ECF No. 258, the

Appellants acknowledged that only Debtors Exhibits 1–22 and Appellants' Exhibits 1 and 12–33

were admitted into evidence.  *See* Appellants Designation at n.2 & Exs. A & B.  Nevertheless, the

Appellants' Designation expressly includes multiple documents that, although attached to

15045267

pleadings, were not offered into evidence, not admitted into evidence, and/or not considered by the Court in resolving the Motion to Dismiss.

9.      The Declarations of James W. Burke, as well as the exhibits thereto, attached to the Motion to Dismiss [Dkt. No. 75-1] and the Appellants' Reply [Dkt. No. 218-1] (collectively, the "Burke Declarations") include the following:

| Burke Declaration Exhibit No. | Bankr. D.I. | Description |
|---|---|---|
| Ex. 2 | 75-3 | 2017 Loan Agreement |
| Ex. 3 | 75-4 | 2018 Loan Agreement |
| Ex. 4 | 75-5 | 2017 Pledge Agreement |
| Ex. 5 | 75-6 | 2018 Pledge Agreement |
| Ex. 6 | 75-7 | 2017 Deed of Trust |
| Ex. 7 | 75-8 | 2018 Deed of Trust |
| Ex. 8 | 75-9 | Amendment No. 6 to the 2017 Loan Agreement |
| Ex. 9 | 75-10 | Amendment No. 4 to the 2018 Loan Agreement |
| Ex. 10 | 75-11 | 2017 Bridge Agreement |
| Ex. 11 | 75-12 | 2018 Bridge Agreement |
| Ex. 23 | 218-2 | Excerpts from the Transcript of the October 12, 2023 Deposition of Charif Souki |
| Ex. 24 | 218-3 | Excerpts from the Transcript of the September 6, 2023 Deposition of Douglas Brickley |

10.     As explained below, the Appellants improperly designated the Burke Declarations as well as the underlying documents attached to the first Burke Declaration as Exhibits 2–11 and the excerpts of deposition transcripts attached to the second Burke Declaration as Exhibits 23 and 24 (collectively, the "Improper Designations").  Accordingly, the Debtors respectfully request that the Court grant this Motion.

## **LEGAL AUTHORITY**

11.     Bankruptcy Rule 8009 controls the designation of the record and issues on appeal. Among other things, Rule 8009 authorizes bankruptcy courts to strike items from the record on appeal that have been improperly designated by a party. *See* FED. R. BANKR. P. 8009(e); *see also*

*In re Digerati Techs., Inc.*, 531 B.R. 654, 659 (Bankr. S.D. Tex. 2015) (noting that the rule "leaves no doubt that any dispute over designation of items must be adjudicated by the bankruptcy court, and not the district court to which the appeal has been assigned").

12.     After conducting a very detailed survey of Fifth Circuit precedent as well as approaches taken in other jurisdictions, the District Court for the Southern District of Texas articulated the following standard for determining whether an item was improperly designated: "an item is properly included in the record on appeal if 'the bankruptcy court actually considered' the item in reaching a decision." *Balke v. Carmichael*, 2019 WL 13191287, at *6–13 (S.D. Tex. July 30, 2019).  Indeed, the Fifth Circuit has held that Rule 8009 "does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy." *Wooley v. Haynes & Boone, LLP* (*In re SI Restructuring, Inc.*), 480 F. App'x 327, 328 (5th Cir. 2012); *accord Balke*, 2019 WL 13191287, at *13 ("Excluding items that the bankruptcy court did not admit or consider when issuing the order appealed from, unless the proponent can show good cause or prejudice, is consistent with the appellate court standard of review.").

13.     The District Court further cautioned that "[t]he limitations on a court's ability to take judicial notice apply to record designations." *Balke*, 2019 WL 13191287, at *13.  According to the Fifth Circuit, a court of appeals need not take judicial notice of "the contents of evidence not properly introduced in the bankruptcy proceeding." *In re SI Restructuring, Inc.*, 480 F. App'x at 329.  After all, "[t]aking judicial notice of the fact that a document was filed is not the same as admitting that document into the record." *Balke*, 2019 WL 13191287, at *18.  Nor can an appellate court use judicial notice to usurp the trial court's factfinding role.  *See id.*  Accordingly, parties

cannot avoid the impact of their failure to admit documents into evidence by requesting courts to take judicial notice of those same materials. *See id.*

## **RELIEF REQUESTED**

14.     The Improper Designations should be stricken from the Appellants' Designation as they were neither admitted into evidence nor considered by the Court.  More specifically, the Court expressly stated that the underlying documents at Appellants' Exhibits 2–11 were not in the evidentiary record and were not appropriate for the Court's consideration. *See, e.g.*, Transcript of October 27, 2023 Hearing [Dkt. No. 238] at 41:12–22.  Similarly, the Court observed that in addition to not being in evidence, the Appellants never offered the deposition excerpts into evidence and that the Court could not consider them.   *See, e.g.*, *id.* at 68:8–69:2.  Further, the Appellants never offered the Burke Declarations into evidence.

15.     The Appellants cannot introduce new evidence through their Designation of the Record that the Court did not admit or consider at the hearings.  Consistent with the authority discussed above, this Court should strike the Burke Declarations as well as the exhibits thereto that were not admitted into evidence or considered by the Court in ruling on the Motion to Dismiss (i.e., Dkt. Nos. 75-1, 75-3, 75-4, 75-5, 75-6, 75-7, 75-8, 75-9, 75-10, 75-11, 75-12, 218-2, 218-1, 218-2, 218-3).

## **PRAYER**

16.     Accordingly, the Debtors request this Court enter an order striking the Improper Designations from the Designation of the Record and for all such other and further relief to which Debtors may be entitled.

15045267

Dated: December 7, 2023
      Houston, Texas

**PORTER HEDGES LLP**

By:    */s/ Joshua W. Wolfshohl*
      Joshua W. Wolfshohl (TX 24038592)
      Aaron J. Power (TX 24058058)
      Michael B. Dearman (TX 24116270)
      1000 Main Street, 36th Floor
      Houston, Texas 77002
      Telephone: (713) 226-6000
      Fax: (713) 226-6248

      **COUNSEL FOR DEBTORS**
      **AND DEBTORS IN POSSESSION**

15045267

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail to all parties listed on the attached Service List and by electronic transmission to all registered ECF users appearing in the case on December 7, 2023.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

9

SERVICE LIST

U.S. Trustee
Attn: Ha Minh Nguyen
Office of the US Trustee
515 Rusk Ave, Ste. 3516
Houston, TX 77002
Email: ha.nguyen@usdoj.gov

U.S. Trustee
Attn: Andrew Jimenez
615 E. Houston Street, Suite 533
San Antonio, TX 78205
Email: andrew.jimenez@usdoj.gov

Internal Revenue Service
Insolvency Section
1919 Smith MAIL STOP HOU 5022
Houston, TX 77002

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-7346

Office of the Attorney General Texas
PO Box 12548
Austin, TX 78711-2548

Office of the Attorney General Colorado
Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203

Ajax Holdings LLC
Attn: Will Herndon- Manager
514 E. Hyman Ave.
Aspen CO 81611
Email: will.herndon@ajax-holdings.com

Aspen Valley Ranch HOA Inc.
Attn: Simon Chen VP
P.O. Box 421
Woody Creek CO 81656
Email: simon@avrresidences.com

Pitkin County Treasurer
530 E. Main St
Aspen CO 81611
Email: treasruer@pitkincounty.com

CPS Distributors, Inc
Heritage Landscape Supply Grp.
P.O. Box 841382
Dallas TX 75284
Email: credit@heritageLSG.com

Aspen Valley Downs HOA
Attn: Laura Barbieur, Reese Henry CPA,
P.O. Box 145
Woody Creek CO 81656
Email lbarbieur@reesehenry.com

Glenwood Veterinary Clinic
Attn: Alejandro-Admin
2514 Grand Av.
Glenwood Spgs, CO 81601
Attn: gvc@glenwoodvet.com

Holy Cross
3799 Highway 82
P.O. Box 2150
Glenwood Spgs CO 81602-2150

Mountain West Insurance
Attn: Jess Westley, Agent
201 Centennial St. 4th Floor
Glenwood Spgs CO 81601
Email: jessw@mtnwst.com

Crystal River Spas
1197 Main St.
Carbondale CO 81623
Email: sales@crystalriverspas.com

L.T. Clear Solutions LLC
Attn: Keila Olave
P.O. Box 1985
Carbondale CO 81623
Email: ltclearsolutions@gmail.com

Black Hills Energy - Rapid City SD
Corporate
P.O. Box 6001
Rapid City SD 57709
Email: help@support.blackhillsenergy.com

14105661

SERVICE LIST

Apex Security
Attn: Billing Dept.
410 SW Columbia St., Ste. 120
Bend OR 97702
Email: contact@vyanet.com

Comcast Xfinity
9602 S. 300 W. Ste. B
Sandy UT 84070-3302

Coldwell Banker Mason Morse
Attn: Wendy Bontempo
0290 Highway 133
Carbondale CO 81623
Email: wendyb@masonmorse.com

Aspen Waterwise Ltd
Attn: Kellen Whitworth
50 N. 4th St.
Carbondale CO 81623
Email: sarah@aspenwaterwise.com

Nineteen77 Capital Solutions A LP
One North Wacker Drive, Floor 32
Chicago, IL 60606

Maples Fiduciary Services (Delaware Inc.)
4001 Kennet Pike, Suite 302
Wilmington, DE 19807
RETURNED  MAIL

Bermudez Mutari, Ltd.
UBS Tower
One North Wacker Drive, Floor 32
Chicago, IL 60606

UBS O'Conner LLC
Attn: Corporate Creations Network Inc
5444 Westheimer #1000
Houston, TX 77056

Wilmington Trust National Association
50 South Sixth Street, Suite 1290
Minneapolis, MN 55402

Wilmington Trust National Association
Attn: Agent Corporation Service Company
211 E. 7thSt., Suite 620
Austin, TX 78701

UBS O'Conner LLC
Attn: Darrell S. Cafasso
Harry F. Murphy
Laura Metzger
Mark Franke
Monica Perrigino
Ryan Wooten
David Litterine-Kaufman
Nicholas Poli
Orrick, Herrington & Sutcliffe, LLP
51 West 52nd Street
New York, New York 10019-6142
RETURNED MAIL
Email: dcafasso@orrick.com
hmurphy@orrick.com
lmetzger@orrick.com
mfranke@orrick.com
mperrigino@orrick.com
rwooten@orrick.com
dlitterinekaufman@orrick.com
npoli@orrick.com

Wilmington Trust National Association
Alexander S. Lorenzo
Morgan M. Meyer
90 Park Avenue, 15th Floor
New York, New York 10016
Email: alexander.lorenzo@alston.com
morgan.meyer@alston.com

Wilmington Trust National Association
c/o Snell & Wilmer, LLP
Michael E. Lindsey
James Snow
1200 Seventeenth St, Ste. 1900
Denver, CO 80202
Email: mlindsay@swlaw.com
jsnow@swlaw.com

14105661

SERVICE LIST

Sam Bragg
ALSTON & BIRD LLP
2200 Ross Avenue
Dallas, Texas 75201
Email: Sam.Bragg@alston.com

William Hao
ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, New York 10016
Email: William.Hao@alston.com

Chris Riley
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Email: Chris.Riley@alston.com

R. Paul Yetter
Timothy S. McConn
Jamie A. Aycock
Amy C. Farish
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Email: pyetter@yettercoleman.com
        tmcconn@yettercoleman.com
        jamieaycock@yettercoleman.com
        afarish@yettercoleman.com

Donald L. Turbyfill
Email: dturbyfill@dntlaw.com

Lance Henry
Patrick D. Vellone
Jeffrey A. Weinman
Allen Vellone Wolf Helfrich & Factor P.C.
1600 Stout Street, Suite 1900
Denver, Colorado 80202
Email: lhenry@allen-vellone.com
        pvellone@allen-vellone.com
        jweinman@allen-vellone.com

John J. Sparacino
S. Margie Venus
McKool Smith, PC
600 Travis Street, Suite 7000
Houston, Texas 77002
Email: jsparacino@mckoolsmith.com
        Email: mvenus@mckoolsmith.com

14105661