UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| STRUDEL HOLDINGS LLC and AVR AH LLC, | Case No. 23-90757 (CML) |
|  | (Jointly Administered) |
| Debtors.[1] |  |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:

| Debtor | Case No. |
|---|---|
| Strudel Holdings LLC | Case No. 23-90757 (CML) |
| AVR AH LLC | Case No. 23-90758 (CML) |

**PLEASE TAKE NOTICE THAT:**

On July 27, 2023 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").

On December 7, 2023, the Court entered an order (the "**Bar Date Order**")[2] establishing certain dates by which certain parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("**Proofs of Claim**").

For your convenience, except with respect to beneficial owners of the Debtors' debt and equity securities, enclosed with this notice (this "**Notice**") is a Proof of Claim form. If the Debtors believe that you hold claims against more than one Debtor you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AVR AH LLC (0148) and Strudel Holdings LLC (5426). The Debtors' service address is: PO Box 4068, Aspen, CO 81612.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

1

14666887

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I. THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 Cases (collectively, the "**Bar Dates**"):

a. ***Claims Bar Date.*** Except as expressly set forth in this Notice, all entities (except governmental units and other entities exempt from filing Proof(s) of Claim under the Bar Date Order) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by **December 29, 2023, at 11:59 p.m., prevailing Central Time**. Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b. ***Governmental Bar Date.*** All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by **January 29, 2024 at 11:59 p.m., prevailing Central Time**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c. ***Rejection Damages Bar Date.*** Unless otherwise ordered by the Court, all entities holding claims (other than entities that are exempt from filing Proof(s) of Claim under the Bar Date Order) against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors, pursuant to section 365 of the Bankruptcy Code, or claims otherwise related to such agreements, are required to file Proofs of Claim by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m.,

    prevailing Central Time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors. For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to the rejection of executory contracts or unexpired leases must be filed by the Rejection Damages Bar Date.

  d. ***Amended Schedules Bar Date.*** If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor (other than a creditor that is exempt from filing a Proof of Claim under the Bar Date Order) is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days after the date that on which the Debtors mailed notice of the amendment to the Schedules (or another time period as may be fixed by the Court). If the Debtors amend or supplement their Schedules after the Service Date, the Debtors propose to provide notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

## II. WHO MUST FILE A PROOF OF CLAIM

 Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date, Governmental Bar Date, or any other Bar Date set forth in the Bar Date Order, as applicable:

  a. any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

  b. any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

  c. any entity that believes its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

  d. any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Claims Bar Date

3

           to the extent grounds for such grievances arose on or prior to the Petition Date; and

    e.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need not file Proofs of Claim:

a.  any entity that already has filed a signed Proof of Claim against the applicable Debtor in a form substantially similar to Official Form 410;

b.  any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.  any entity whose claim has previously been allowed by a final order of the Court;

d.  any Debtor having a claim against another Debtor; *provided*, *however*, for the avoidance of doubt, that any non-Debtor affiliate having a claim against a Debtor in these above-captioned cases not listed on the Schedules must file a Proof of Claim;

e.  a current employee of the Debtors, for any claim related to wages, commissions, or benefits; *provided that* a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

f.  any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

g.  any entity holding a claim for which a separate deadline is fixed by this Court;

h.  any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided that* any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

i.  professionals retained in these Chapter 11 Cases by (i) the Debtors and (ii) the DIP Lender (as such term is defined in the *Order (I) Authorizing the Debtors to Obtain Postpetition*

*Financing, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 163] (the "**DIP Order**")); and

j. any holder of a claim for any fees, expenses, or other obligations arising under the DIP Order.

No entity wishing to assert an interest in a Debtor shall be required to file a proof of interest; *provided that* any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim unless otherwise exempted by the Bar Date Order.

IV. **INSTRUCTIONS FOR FILING PROOFS OF CLAIM**

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a. **Contents**. Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Central Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially to the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b. **Section 503(b)(9) Claim**. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. **Electronic Signatures Permitted**. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d. **Identification of the Debtor Entity**. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Strudel Holdings LLC.

e. **Claim Against Multiple Debtor Entities**. Each Proof of Claim must state a claim against *only one* Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Strudel Holdings LLC.

f. **Supporting Documentation**. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such

documentation is voluminous such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided that* any creditor that does not attach supporting documentation shall be required to transmit such documentation to Debtors' counsel upon request no later than three (3) days from the date of such request.

g. ***Timely Service***. Each Proof of Claim must be filed, including supporting documentation so as to be ***actually received*** by Court on or before the applicable Bar Date.

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

## V.  CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a. YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING PROOF OF CLAIM WITH RESPECT THERETO);

b. THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d. YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THE BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.  RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.  THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s). If the Debtors believe that you may hold claims against more than one Debtor

entity, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, **and** if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is **not** described as "disputed," "contingent," or "unliquidated," you need *not* file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

**VIII. ADDITIONAL INFORMATION**

The Schedules and other filings in these Chapter 11 Cases also are available for a fee at the Court's website at **https://www.txs.uscourts.gov/bankruptcy.** A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at **https://www.pacer.gov.** Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas (Houston Division), 515 Rusk Street, Houston, Texas 77002.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

**PORTER HEDGES, LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248

**Counsel for Debtors and Debtors in Possession**

14666887