United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 27, 2023
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| STRUDEL HOLDINGS LLC AND AVR AH LLC, | Case No. 23-90757 (CML) |
| | (Jointly Administered) |
| Debtors. | |

**ORDER GRANTING SECURED PARTIES' EMERGENCY MOTION**
**TO MODIFY THE SALE ORDER TO EXTEND THE CLOSING DATE**
**[Relates to Docket No. 276]**

On November 9, 2023, this Court entered an order approving the sale of a ranch to Chiron AVR LLC ("**Purchaser**") under a Purchase Agreement with AVR AH, LLC ("**Seller**") (Docket No. 245) ("**Sale Order**"). Fleeger Family First LP was designated as the "**Back-up Bidder**." The Sale Order says that if the Purchaser fails to close the sale on or before November 22, 2023, the Seller shall accept the Back-up Bidder's bid.

All seemed fine, but nothing in this case happens without controversy. On November 21, the Purchaser provided the Debtors with a notice of default under the Purchase Agreement based on an alleged failure to pay certain amounts owed to an HOA. The Purchaser and the Debtors continued discussing the alleged default into November 22. Things became more complicated because Fidelity National Title Insurance Company—the title company and escrow holder under the Purchase Agreement—publicly announced that a cyberattack shut down their systems until at least November 28. *See* Form 8-K, Docket No. 276-7. On November 23, the Debtors filed a notice of postponement of sale stating that the parties executed an amendment extending the closing date to November 28 (Docket No. 260).

On November 24, the Back-Up Bidder notified the Debtors that the Purchaser's failure to close by November 22, no matter the reason, triggered the Back-Up Bidder's rights to close on its back-up bid. A few days later, the Debtors filed an emergency motion asking the Court for a status conference (Docket No. 265). The motion stated, among other things, that Fidelity informed the Debtors that the data breach could extend beyond November 28. In response, the Back-Up Bidder filed a statement reaffirming its argument that the Sale Order says that after November 22, it became the party with the right to purchase the ranch (Docket No. 269).

On November 29, the Debtors filed a notice of intent to close with the Back-Up Bidder (Docket No. 272). The next day, the Purchaser filed an emergency motion to modify the Sale Order under Section 105(a) of the Bankruptcy Code and Federal Rule of Civil Procedure 60(b) (Docket No. 276). The Purchaser asks the Court to modify the Sale Order to extend the closing deadline because of the alleged default under the Purchase Agreement and the impossibility of closing on November 22 because of the cyberattack on Fidelity.

The Court conducted an emergency hearing and now issues its ruling.

Section 105(a) of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). So bankruptcy courts, as courts of equity, may modify or vacate an order when appropriate. *See, e.g., Thomas v. United States (In re Thomas)*, 223 F. App'x 310, 314 n.4 (5th Cir. 2007). And Federal Rule of Civil Procedure 60 applies to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9024. Fed. R. Bankr. P. 9024. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; [or] . . . (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b)(6) is a general catch-all phrase and is reserved for "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted). The United States Supreme Court has noted that "it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' . . . while also cautioning that it should only be applied in 'extraordinary circumstances' . . . ." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (citations omitted).

Words matter in bankruptcy court orders, and parties rely on their finality. So, if this matter was only about a failure to close because of an alleged default under the Purchase Agreement, the outcome may be different. A back-up bidder in a sale order has rights and may rely on a sale order.

But here Fidelity suffered an unforeseen cyberattack. And that made it impossible for the Purchaser (or any other purchaser) and the Seller to close on November 22 (or even few days after). It was also not feasible to find a replacement title company before November 22. So it would be inequitable to allow the Back-Up Bidder to step in as the purchaser because of an unforeseen event that was not within the Purchaser or the Seller's control. Of course, the parties could have contacted this Court and requested an amended order. That may have provided for a less contentious dispute about the sale of the ranch. Nonetheless, this is exactly the type of extraordinary circumstance that merits use of Rule 60(b)(6) and Section 105(a) of the Bankruptcy Code. And the Court does so here in the interest of justice. No party's rights are materially prejudiced. This Order prevents injustice to the Seller. And the parties may have to—and will be permitted to—use another title company. The Back-Up Bidder may remain as the Back-Up Bidder.

**IT IS HEREBY ORDERED THAT:**

1. The Purchaser's Emergency Motion at Docket No. 276 is GRANTED as set forth below.

2. The Closing Date, as defined in the Sale Order is extended through January 12, 2024. Any request for another extension must be made by motion filed on the docket on or before January 10, 2024 at 12:00 p.m. (CT).

3. The Debtors shall perform all obligations under the Purchase Agreement, as amended by the first amendment to it, or may enter into the Second Amendment (as defined in the Emergency Motion), and perform all obligations under the Purchase Agreement, as amended.

4. Absent a Court order stating otherwise, if the closing does not occur by January 12, 2024, the Debtors shall retain the Purchaser's Deposit (as defined in the Purchase Agreement and on the terms set forth in paragraph 2(d) of the Purchase Agreement), and shall accept the bid of the Back-up Bidder and proceed to close a sale based on the terms of the Purchase and Sale Agreement with the Back-up Bidder dated October 24, 2023.

5. The Court retains exclusive jurisdiction over all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: December 27, 2023

_____
Christopher Lopez
United States Bankruptcy Judge