United States Bankruptcy Court
Southern District of Texas

**ENTERED**
January 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-90757 |
| STRUDEL HOLDINGS LLC, *et al.*, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

## ORDER DENYING STAY PENDING APPEAL
### (RE: ECF No. 409)

On January 29, 2024, this Court entered an Order Granting Emergency Motion to Modify Sale Order to Extend the Closing Date ("**Modification Order**").[1] The Modification Order extended the closing date in a prior Court order to permit AVR AH, LLC ("**Seller**") to sell a ranch to Chiron AVR LLC and certain affiliates ("**Purchaser**") on or before February 9, 2024. Fleeger Family First LP remained as the "Back-Up Bidder."

Back-Up Bidder appealed from the Modification Order to the United States District Court for the Southern District of Texas.[2] It also filed a Motion for Stay Pending Appeal.[3]

On January 31, 2024, Seller filed a notice of closing of sale to Purchaser.[4] So it appears that the Motion for Stay is now moot. But for the avoidance of doubt, the Court also denies it for the reasons below.

### Discussion

A party requesting the stay of a bankruptcy court's order pending appeal ordinarily "must move first in the bankruptcy court." Fed. R. Bankr. P. 8007(a)(1). "The motion may be made either before or after the appeal is filed." Fed. R. Bankr. P. 8007(a)(2).

The standards for granting a stay pending appeal are well-established: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

---

[1] ECF No. 404.
[2] ECF No. 406.
[3] ECF No. 409.
[4] ECF No. 411.

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Voting for Am., Inc. v. Andrade,* 488 F. App'x 890, 893 (5th Cir. 2012) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)). Courts have discretion on whether to grant a stay. *Id.*

Here, Back-Up Bidder has not shown that it is likely to prevail on the merits of the appeal. The Court found, based on a clear and convincing evidence, that Seller and Purchaser could not close on the ranch because of an unforeseen cyberattack on the title company and escrow agent. The cyberattack was an extraordinary circumstance warranting relief under Rule 60(b)(6). It would be manifest injustice against Purchaser to allow Back-Up Bidder to step in as the purchaser because of an unforeseeable attack on an essential closing party that was not within Purchaser's or Seller's control. Relief under Section 105(a) was also warranted. Purchaser was the winning bidder for the ranch at a Court approved auction. It was impossible to close on November 22 (the deadline set in the sale order) because of an extraordinary circumstance. And no party's rights were materially prejudiced. No party had purchased the ranch before the Court entered the Modification Order. And Back-Up Bidder could remain as Back-Up Bidder if it chose to do so. The Court overlooked no law or material facts.[5] While their application is not boundless, Rule 60(b)(6) and Section 105(a) stand for something. The Modification Order does not open the door to widespread use. It is very limited in the relief provided and the reason it was provided.

And granting the stay will result in substantial harm to Purchaser and Seller. Seller is a debtor in bankruptcy. Delaying the sale to permit Back-Up Bidder to rehash its arguments places a substantial burden on the estate to potentially incur costs related to the ranch pending a sale, which someone has to pay pending an appeal.

WHEREFORE, IT IS HEREBY ORDERED that the Motion for Stay Pending Appeal is DENIED.

Signed: January 31, 2024

Christopher Lopez
United States Bankruptcy Judge

---

[5] Citing to cases like *In re Cont'l Airlines Corp.*, 907 F.2d 1500, 1520 (5th Cir. 1990)—which was about using equitable relief to change the terms of a settlement agreement—doesn't change the answer. The Modification Order states that the relief granted under Section 105(a) was consistent with and also warranted under Rule 60(b)(6).