**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **STRUDEL HOLDINGS LLC and** | § | **Case No. 23-90757 (CML)** |
| **AVR AH LLC,** | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**DEBTORS' EMERGENCY MOTION TO APPROVE**
**SETTLEMENT TERM SHEET AND DISMISSAL OF CHAPTER 11 CASES**

---

**Emergency relief has been requested. The Debtors request that this matter be considered on or before July 26, 2024 at 5:00 p.m.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this emergency motion (this "Motion") to approve Settlement Term Sheet (the "Term Sheet") and, upon funding of the amounts set forth in the Term Sheet and execution of a final settlement agreement, dismissal of these chapter 11 cases.

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AVR AH LLC (0148) and Strudel Holdings LLC (5426). The Debtors' service address is: PO Box 4068, Aspen, CO 81612.

1

proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. § 1408.

**BASIS FOR EMERGENCY RELIEF/SUMMARY OF MOTION**

3.      On July 19, 2024, after extensive negotiations, (i) the Debtors, (ii) Nineteen77 Capital Solutions A LP, Bermudez Mutuari, Ltd., and UBS Asset Management (Americas) LLC (together with Wilmington Trust National Association, the "Secured Parties") and (iii) Charif Souki ("Souki"), the Souki Family 2016 Trust (the "Trust"), Ajax Holdings LLC ("Ajax"), various of Ajax's subsidiaries, and the manager of Ajax (the "Souki Parties") reached a global settlement agreement providing for, among other things, the immediate disbursement of funds from an asset sale involving certain non-debtor Ajax subsidiaries (the "Sale").

4.      The Sale could close as early as Monday, July 29, 2024.  The proposed settlement set forth in the Term Sheet attached as **Exhibit 1** provides for the direct payment by the title company from the proceeds of the Sale as follows: (i) a confidential settlement payment (as set forth in the Term Sheet) to the Secured Parties; and (ii) $600,000 to the Debtors' professionals for outstanding and unfunded administrative expense claims.  Additionally, as part of the agreement, the Secured Parties will fund a settlement of administrative expense claims asserted by the Aspen Valley Ranch Homeowners Associations, Inc. ("AVR HOA") in the amount of $458,054.00, and Ajax will waive its DIP financing administrative expense claims against the Debtors.  Upon the funding of all payments and execution of both the final settlement agreement contemplated under the Term Sheet and the settlement with the AVR HOA—which satisfies and resolves all accrued and unpaid administrative expense claims—the Debtors request the immediate dismissal of the Debtors' chapter 11 cases.

15485060v1

5.      As the Court is aware, the proposed settlement resolves a multi-year dispute involving over $100 million in claims against the estates.  The resolution of the claims involves multiple parties and is contingent on immediate funding and bringing these cases to finality.  Given the forgoing, the timing of the closing and the desire to cutoff ongoing administrative expense claims, the Debtors request emergency consideration of this Motion.

## RELIEF REQUESTED

6.      The Debtors request that the Court approve compromise set forth in the Term Sheet attached as **Exhibit 1**.

7.      Pursuant to the Term Sheet, the parties will subsequently enter into a definitive settlement agreement that includes full mutual releases and execute a final settlement with the HOA.  However, certain terms of  the Term Sheet are intended to be binding on the parties as set forth therein effective immediately upon this Court's Order, and the payments set forth in the Term Sheet shall occur as set forth therein and in accordance with this Court's Order, notwithstanding any delay in entry into the final settlement agreement and the HOA settlement agreement.  Upon the satisfaction of all payments under the Term Sheet, execution of the final settlement agreement/HOA settlement agreement and all other conditions to the Settlement Effective Date (as defined in the Term Sheet) being met, the Debtors will file a certification of dismissal and requests that the Court enter an order dismissing these cases.

## BASIS FOR RELIEF REQUESTED

8.      The Debtors seek approval of the Term Sheet pursuant to FRBP 9019(a), which authorizes settlements if they are "fair and equitable and in the best interest of the estate." *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (citing *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).  Courts consider

15485060v1

the following factors when evaluating whether a compromise is fair and equitable:

    a.   The probabilities of success in the litigation, with due consideration for uncertainty in fact and law;

    b.   The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

    c.   All other factors bearing on the wisdom of the compromise.

*Official Comm. of Unsecured Creditor v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop.)*, 119 F.3d 349, 356 (5th Cir. 1997).  In addition, under the rubric of the third, catch-all provision, the Fifth Circuit has identified two additional factors bear on the decision to approve a proposed settlement:

    a.   Whether the compromise serves "the best interests of the creditors, with proper deference to their reasonable views" *Id.* (internal citations omitted); and

    b.   The extent to which the settlement is truly the product of arms-length bargaining and not of fraud or collusion.  *Id.* (internal citations omitted).

9.      The movant bears the burden of establishing that the balance of the settlement factors warrant approval.  However, that burden is not great.  The movant need only show that the settlement falls within the "range of reasonable litigation alternatives." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Cook v. Waldron*, 2006 WL 1007489, at *4 (S.D. Tex. Apr. 8, 2006).  Moreover, the movant is not required to present a mini-trial or evidentiary hearing to adjudicate the issues being settled.  The Court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

10.     The Term Sheet does not resolve litigation over the amount of the Secured Parties' claim but resolves the Secured Parties' collection efforts related to their claims against the Debtors and the Souki Parties, as well as claims asserted by the AVR HOA, the Debtors' professionals and

4

15485060v1

the Debtors' DIP lender (Ajax).  The Court conducted a week-long trial in December 2023 and issued an opinion determining that the Secured Parties have claims of at least $100 million against the Debtors and certain Souki Parties.  Under the compromise, the Secured Parties have agreed to take less than the full amount of their claim and they will not be paid in full on their secured claim. The crux of this settlement involves the final resolution of the Secured Parties' collection efforts. These collection efforts are likely to prevail, and resistance to the collection efforts will only result in increased administrative expenses.  As a result of global resolution, the Secured Parties' claims will be fully resolved and all administrative creditors are either being paid in full or consenting to lesser treatment.  There will be no distribution to unsecured creditors, the largest of which, is the Secured Parties' deficiency claim.  The HOA has agreed that upon payment of its administrative claim, it will release its general unsecured claim.  The Debtors do not believe that there are any other unresolved general unsecured claims.  The settlement and dismissal of the chapter 11 cases avoids unnecessary delay and administrative expenses and is a fundamental consideration in the parties' agreement to the settlement set forth in the Term Sheet.  Under the circumstances, the settlement contained in the Term Sheet is in the best interests of the estates and all interested parties.

15485060v1

11.      Accordingly, the Debtors request that the Court (a) grant this Motion; (b) enter the

attached Order approving the Term Sheet; and (c) grant the Debtors other just relief.

**Dated: July 25, 2024.**

Respectfully submitted,

*/s/ Joshua W. Wolfshohl*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Aaron J. Power (TX Bar No. 24058058)
Michael B. Dearman (TX Bar No. 24116270)
Jordan T. Stevens (TX Bar No. 24106467)
1000 Main St., 36th Floor
Houston, TX 77002
Tel: (713) 226-6000
Fax: (713) 226-6248
jwolfshohl@porterhedges.com
apower@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com

*Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF ACCURACY

I hereby certify that the facts and circumstances described in the above pleading giving rise to emergency relief are true and correct to the best of my knowledge, information, and belief. This statement is made pursuant to Local Rule 9013-1(i).

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on this the 25th day of July, 2024.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

15485060v1